1   Joelle A. Berle (SBN 252532)
    *jberle@bakerlaw.com*
2   Alexis B. Cruz (SBN 312842)
    *acruz@bakerlaw.com*
3   **BAKER & HOSTETLER LLP**
    1900 Avenue of the Stars, Suite 2700
4   Los Angeles, California 90067-4301
    Telephone:  310.820.8800
5   Facsimile:  310.820.8859

6   Oren J. Warshavsky (*Pro Hac Vice* to be submitted)
    *owarshavsky@bakerlaw.com*
7   **BAKER & HOSTETLER LLP**
    45 Rockefeller Plaza
8   New York, New York 10111
    Telephone:  212.847.2849
9   Facsimile:  212.589.4201

10  Michael A. Tomasulo (SBN 179389)
    *mike@orbitip.com*
11  David A. Randall (SBN 156722)
    *dave@orbitip.com*
12  **OBRIT IP LLP**
    10900 Wilshire Boulevard, Suite 300
13  Los Angeles, California 90024
    Telephone:  310.887.1333
14  Facsimile:  310.887.1334

15  *Attorneys for Plaintiff*
    ARTIST REVENUE ADVOCATES, LLC
16

17                **UNITED STATES DISTRICT COURT**

18          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19  ARTIST REVENUE ADVOCATES, LLC, | Case No.: |
| 20 | |
| 21                Plaintiff,<br>vs. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF** |
| 22  KANYE OMARI WEST a/k/a "YE;" GETTING OUT OUR DREAMS, INC. | |
| 23  a/k/a G.O.O.D. MUSIC, a California corporation; GETTING OUT OUR | |
| 24  DREAMS II, LLC, a Delaware limited liability company; YEEZY LLC, a | **DEMAND FOR JURY TRIAL** |
| 25  Delaware limited liability company; YEEZY SUPPLY LLC, a Delaware | |
| 26  limited liability company; OX PAHA INC. f/k/a MASCOTTE HOLDINGS, | |
| 27  INC., a California corporation; UMG RECORDINGS, INC., a Delaware | |
| 28 | |

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE
RELIEF

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   corporation; UNIVERSAL MUSIC
    CORP., a Delaware corporation;
2   UNIVERSAL MUSIC GROUP, INC., a
    Delaware corporation; KANO
3   COMPUTING LIMITED, a United
    Kingdom private limited company;
4   ALEXANDER NELSON KLEIN, an
    individual; ASHDUST LLP, a Delaware
5   limited liability partnership;
    STEMPLAYER LTD, a United
6   Kingdom private limited company; and
    DOES 1 through 10,
7
            Defendants.
8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE
RELIEF

Plaintiff Artist Revenue Advocates, LLC ("Plaintiff" or "ARA") hereby complains and alleges as follows:

## NATURE OF THE ACTION

1.     This action concerns the blatant theft of a musical property—comprised of a musical composition and sound recording—created by four Grammy-award winning artists (collectively, "Artists"). Without the Artists' permission, Kanye Omari West a/k/a "Ye" ("West") included the Artists' musical composition and sound recording MSD PT2 (the "Work") in his songs *Hurricane* and *Moon*, the two leading tracks of his recent album, *Donda*.

2.     The Work was a thoughtful creation meant as a rhythmic and melodic foundation that supports certain lyrics and flow. The Work was created to include many aspects of West Coast classic hip-hop, such as pre-recorded brass and piano with a strong vinyl filter to make the notes more distant, while including a sliding effect.   The melody has   a catchy   hook with   a smooth,   urban   vibe that's both nostalgic and futuristic, creating a perfect musical canvas.

3.     West and his codefendants here recognized the Work's significant value and decided to use it in both *Hurricane* and *Moon*. The Defendants even requested approval to use the Work for *Hurricane*. That request was denied.

4.     In the face of this rejection, rather than simply forego using the Work or discontinue using the Work, Defendants decided to steal it and continue to use it without permission. Defendants incorporated the Work into *Hurricane* and *Moon*, using it as the dominant musical part of both songs. The Work is the heart, melody and soul of both *Hurricane* and *Moon*.

5.     Defendants then released *Hurricane* and *Moon* to the public knowing they had tried and failed to secure the rights to the Work and had no permission from the Artists and had no legal right to do so. In an act of blatant brazenness, Defendants even credited the Artists as songwriters and producers on both *Hurricane* and *Moon*. Of course, given that Defendants knew they did not have permission to use the Work,

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

the fact that they credit the Artists as songwriters and producers is effectively an admission of copyright infringement.

6.     Defendants' infringement was considered; the Work's memorability fueled *Hurricane*'s remarkable success—not just commercial success, but also a Grammy Award for the Best Melodic Rap Performance and Best Rap Song. The Grammy winning melody of *Hurricane*, of course, is the Work.

7.     This lawsuit is about more than Defendants' failure to pay a fee. It is about the rights of artists, musicians, and songwriters to determine how their works are published and used. Intellectual property owners have a right to decide how their property is exploited and need to be able to prevent shameless infringers from simply stealing.

8.     For nearly three years, Artists unsuccessfully attempted to collect their share of the proceeds from these songs. Unable to do so, and with nowhere left to turn, the Artists assigned their rights to ARA, which now brings this suit to collect their fair share of the profits. The assignment is being recorded with the United States Copyright Office.

## THE PARTIES

9.     Plaintiff ARA is a limited liability company, organized and existing under the laws of the State of Delaware.

10.     Upon information and belief, Defendant West is an individual residing in the State of California, known for his work as a musician and producer.

11.     Upon information and belief, Defendant Getting Out Our Dreams, Inc. a/k/a G.O.O.D. Music ("G.O.O.D.") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 20020 Parthenia Street, Northridge, California 91324.

12.     Upon information and belief, Defendant Getting Out Our Dreams II, LLC ("Dreams LLC" and along with West and G.O.O.D., collectively the "West Defendants") is a limited liability company organized and existing under the laws of

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

1  the state of Delaware with its principal place of business located at 6 Centerpointe

2  Drive, Suite 700, La Palma, California 90623.

3      13.    Upon information and belief, Defendant Yeezy LLC is a limited

4  liability company organized and existing under the laws of the state of Delaware

5  with its principal place of business located at 20020 Parthenia Street, Northridge,

6  California 91324.

7      14.    Upon information and belief, Defendant Yeezy Supply LLC (along

8  with Yeezy LLC, collectively the "Yeezy Defendants") is a limited liability

9  company organized and existing under the laws of the state of Delaware with its

10  principal place of business located at 6 Centerpointe Drive, Suite 700, La Palma,

11  California 90623.

12      15.    Upon information and belief, West is a founder and owner of the West

13  Defendants and Yeezy Defendants, over which he exercises authority and control.

14      16.    Upon information and belief, Defendant Ox Paha Inc. f/k/a Mascotte

15  Holdings, Inc. ("Mascotte"), is a corporation organized and existing under the laws

16  of the state of California, with its principal place of business at 8025 Melrose

17  Avenue, Los Angeles, California 90046. Upon information and belief, West controls

18  the West Defendants and/or Yeezy Defendants through Mascotte in connection with

19  the allegations contained herein.

20      17.    Upon information and belief, Defendant UMG Recordings, Inc.

21  ("UMG Recordings") is a corporation organized and existing under the laws of the

22  state of Delaware, with its principal place of business located at 2220 Colorado

23  Avenue, Santa Monica, California 90404. Upon information and belief, Def Jam

24  Recordings is a music label owned by and a division of UMG Recordings, 2220

25  Colorado Avenue, Santa Monica, California 90404.

26      18.    Upon information and belief, Defendant Universal Music Corp.

27  ("Universal Music") is a corporation organized and existing under the laws of the

28  state of Delaware, with its principal place of business at 2105 Colorado Avenue,

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE
RELIEF

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Santa Monica, California 90404, and is credited as a publisher of *Hurricane* and *Moon*.

19.     Upon information and belief, Defendant Universal Music Group, Inc. (along with UMG Recordings and Universal Music, collectively "UMG") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 2220 Colorado Avenue, Santa Monica, California 90404.

20.     Upon information and belief, Defendant Kano Computing Limited ("Kano") is a private limited company incorporated under the laws of the United Kingdom with its principal place of business at 3 Field Court, Gray's Inn, London, WC1R 5EF.

21.     Upon information and belief, Defendant Alexander Nelson Klein ("Klein") is a citizen of the United Kingdom and co-founder and Chief Executive Officer of Kano.

22.     Upon information and belief, Defendant AshDust LLP ("AshDust") is a limited liability partnership organized and existing under the laws of the state of Delaware with its principal place of business located at 151 Further Lane, East Hampton, New York 11937.

23.     Upon information and belief, Klein is a director and has a beneficial ownership interest in AshDust.

24.     Upon information and belief Defendant StemPlayer LTD (along with Kano, Klein, and AshDust, collectively the "Stem Player Defendants") is a private limited company incorporated under the laws of the United Kingdom with its principal place of business at Unit 12.1 11 – 29 Fashion Street, London, England E1 6PX.

25.     Upon information and belief, there are other individuals and entities unknown to Plaintiff, designated as Does 1 through 10, that may be liable or responsible in whole or in part for the allegations contained herein. Once the identity

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6

and capacities of these Doe Defendants are ascertained, Plaintiff will amend and substitute their true names and capacities. Upon information and belief, Does 1 through 10, inclusive are legally responsible in some manner, either vicariously or by virtue of his, her, or its agents, representatives, or employees, for the acts and occurrences alleged herein, and has thereby proximately caused injury or damage to Plaintiff.

26.     Defendants including the fictitious doe defendants, and each of them, are sometimes collectively hereinafter referred to as "Defendants," unless otherwise specified herein. Plaintiff is informed and believes and based thereon alleges that, at all times material hereto, each of the Defendants, including the fictitiously named Defendants, was acting in an individual, corporate, partnership, associate, conspiratorial or other capacity or as the agent, employee, co-conspirator, and/or alter ego of its co-defendants, and in doing the acts herein alleged, was acting within the course and scope of its authority as such partner, associate, agent, employee, co-conspirator, or alter ego, and with the permission, consent, knowledge, authorization, ratification and direction of its co-defendants, including all fictitiously named defendants.

## JURISDICTION AND VENUE

27.     The Court has federal question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a) as this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

28.     The Court has personal jurisdiction over Defendants because each has purposefully committed acts within the State of California that caused injury within the state. Furthermore, Defendants have purposefully availed themselves of the benefits of conducting business within the State of California by directing their activities with respect to the infringements complained of herein, including their marketing and promotion of the infringing work, to California residents, who are able to purchase, download, and stream the infringing compositions and recordings.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

29.     This Court has general personal jurisdiction over the West Defendants, the Yeezy Defendants, and UMG.

30.     Venue is proper in this District pursuant to 28 U.S.C. Sections 1391 and 1400(a).

## THE CREATION OF THE WORK

31.     The Artists who created the work are: Khalil Abdul-Rahman p/k/a DJ Khalil, Sam Barsh, Dan Seeff, and Josh Mease.

32.     DJ Khalil is an acclaimed music producer and DJ from Los Angeles. He is known for his work with Eminem, Drake, Kendrick Lamar, and Aloe Blacc, among others. DJ Kahlil has been involved in several multi-platinum selling songs and albums and has received multiple Grammy Awards and nominations.

33.     Barsh is a Grammy-winning and multi-platinum songwriter, producer, and keyboardist with a discography of over 300 records. Barsh has collaborated with Kendrick Lamar, Anderson .Paak, and The Weeknd.

34.     Seeff is a notable bassist and songwriter who has collaborated with numerous high-profile artists.

35.     Mease is a singer-songwriter and multi-instrumentalist recognized for his unique contributions to contemporary music. His work spans various genres, bringing a distinctive sound to every project he undertakes.

36.      The Artists collaborated on the Work. The Work was recorded at Archwood Music Studio in Los Angeles County, California.

37.     The Work was created in 2018. The Work was thoughtfully crafted to include a number of important musical elements. The Work is in D minor, has a 4/4 signature (4 beats per bar), at 78 bpm. Other elements include the use of an analog bass with a '90s era hip hop sounding piano piece, and includes sound effects such as reverb, slight delay, and for the piano some clip distortion. As the work progresses, there are brass sounds, including trumpet and trombone, as well as the percussion from a marimba. As the Work progresses further, sound effects

8

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

reminiscent of a vinyl disc can be heard, which provides some sliding notes and dissonance for the piano and marimba. The Work concludes with orchestral sounds as well.

38.    The Work was duly registered with the United States Copyright Office, evidenced by Copyright Registration Nos. PAu 4-220-628 (registered on April 18, 2024) and SRu 1-568-930 (registered on March 8, 2024).

39.    The Work was never published by the Artists.

40.    The Work was included in a "composer pack"—a collection of unpublished musical works that composers make available to potential buyers.

## THE COMPLAINED OF INFRINGEMENT

41.    The Artists never collaborated with West, nor did West ask for permission prior to using the Work.

42.    Upon information and belief, West, the West Defendants, and UMG began working on an album, *Donda*, after 2018.

43.    Two of the songs on *Donda* were *Hurricane* and *Moon*.

44.    *Hurricane* and *Moon* each are copied from, include, and are substantially similar to the Work. Upon information and belief, *Moon* and *Hurricane* are connected works. *Moon* is a thematic continuation or emotional counterpart to *Hurricane*. On *Donda*, which is meant to honor West's mother, *Hurricane* and *Moon* form the backbone of the album's exploration of faith, loss, and personal growth.

45.    West promoted *Donda* through so-called "listening parties" before the album's release. These listening parties were meant to create interest in the album and its recording and would include public performances of the songs from *Donda*, including *Hurricane* and *Moon*.

46.    The first listening party was held at ChurchLV in Las Vegas, Nevada on July 19, 2021. West performed both *Hurricane* and *Moon* at the event.

47.    The second listening party was held at Mercedes-Benz Stadium, Atlanta, Georgia on July 22, 2021. This listening party, which included

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  performances of *Hurricane* and *Moon*, was in front of a sold out capacity crowd of

2  42,000 people. More important, the listening party was live streamed by Apple to

3  3.3 million viewers, Apple's largest live stream to that point.

4       48.    The next listening party, on August 5, 2021, also was at the Mercedes-

5  Benz Stadium. The August 5 listening party was again sold out and was live

6  streamed by Apple to 5.4 million viewers, setting a new record to become Apple's

7  largest live stream.

8       49.    West held another listening party at Soldier Field in Chicago, Illinois

9  on August 26, 2021, and was performed to a crowd of 38,000 people. Both

10  *Hurricane* and *Moon* were featured in these performances.

11       50.    It was reported that West earned approximately $14 million from in-

12  person merchandise sales during the two events at Mercedes-Benz Stadium.

13       51.    *Donda* was finally released on August 29, 2021. *Donda* was released

14  and distributed by the West Defendants and UMG. Upon information and belief,

15  UMG released *Donda* on its Def Jam label. Upon information and belief, Def Jam

16  is a division of UMG. *Hurricane* and *Moon* were included on *Donda*.

17       52.    *Hurricane* and *Moon* also were promoted and distributed by the West

18  Defendants and UMG.

19       53.    All four of the Artists were credited as writers of *Hurricane.*

20       54.    Three of the artists—DJ Kahlil, Mease, and Seeff—were credited as

21  writers on *Moon*.

22       55.    DJ Kahlil was credited as a producer of *Hurricane* and *Moon*.

23       56.    The West Defendants did, at various times, seek the Artists' permission

24  to include the Work in *Hurricane*. No permission was granted.

25       57.    The Artists assigned all right, title and interest in the Work to ARA,

26  including Copyright Registration Nos. PAu 4-220-628 and SRu 1-568-930. The

27  assignment is being recorded with the United States Copyright Office. ARA now

28  brings this suit.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE
RELIEF

**JOINT YEEZY FASHION AND *DONDA* PROMOTION**

58.     The Yeezy Defendants, the West Defendants, and UMG used the Work in marketing and promotional campaigns to sell Yeezy products and the *Donda* album.

59.     Upon information and belief, the Yeezy Defendants, the West Defendants, and UMG jointly infringed the Work and made substantial profits from collaborations with Gap Inc. ("Gap") and Kering S.A. a/k/a Balenciaga ("Balenciaga") for *Donda* promotional events and content featuring *Hurricane* and *Moon*.

60.     Upon information and belief, the Yeezy Defendants partnered with Gap and Balenciaga to integrate *Donda* with their fashion line to enhance visibility and drive consumer interest and sales.

61.     At the *Donda* listening parties, West, adorned in outfits from the "Yeezy Gap Engineered by Balenciaga" collaboration, performed *Hurricane* and other tracks. The presence of Demna Gvasalia, Balenciaga's creative director, on stage during these performances further highlighted the synergy between the music and fashion elements.

62.     Demna Gvasalia's involvement also extended to the design and thematic staging of the *Donda* events, ensuring that the events and fashion pieces sold at the events reflected both Balenciaga's high-fashion aesthetics and the themes of the *Donda* album.

63.     In addition, the music videos for *Hurricane* and *Moon* showcased products from the "Yeezy Gap Engineered by Balenciaga" line.

64.     Upon information and belief, the launch of the Yeezy Defendants' fashion line with Gap and Balenciaga was strategically synchronized with the *Donda* listening events hosted by the West Defendants and UMG to create a unified promotional strategy that significantly boosted both the album's and the fashion line's success.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

65.   The *Donda* listening parties set new records for Apple Music's livestreams, with the first event drawing 3.3 million viewers and the second attracting 5.4 million viewers. Reports suggest that attendees purchased more than $20 million in Yeezy-related merchandise across the four listening parties. This unprecedented level of engagement underscores the commercial impact of integrating the *Hurricane* and *Moon* tracks with the "Yeezy Gap Engineered by Balenciaga" promotional strategy.

66.   The integration of *Hurricane* and *Moon* in music videos and live performances directly promoted the "Yeezy Gap Engineered by Balenciaga" collaboration, significantly contributing to the commercial success of the line and *Donda* album. Plaintiff is entitled to seek recovery of the revenue generated from this commercial exploitation of the Work.

## THE DONDA STEM PLAYER

67.   Upon information and belief, the Stem Player Defendants, together with the West Defendants and the Yeezy Defendants, created, developed, and sold a music playback and remixing device called the Donda Stem Player. The tracks on the Donda Stem Player are comprised of four separate song pieces, called "stems," which can be played separately or together to play the entire songs.

68.   Upon information and belief, Kano sold and/or assigned certain of its assets to AshDust, including the United States Trademark for the Donda Stem Player and the Donda Stem Player inventory.

69.   Defendants and the public referred to the device as the "Donda Stem Player."

70.   In or around February 19, 2020, one or more of the West Defendants, Yeezy Defendants, and UMG entered into a "Co-Development Agreement" with the Stem Player Defendants to develop the Donda Stem Player. Pursuant to this agreement, at least the West Defendants, Yeezy Defendants, and Stem Player

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Defendants had control and authority over the way the Donda Stem Player was

2    marketed and sold.

3         71.    Upon information and belief, in or around August 2021, the West

4    Defendants delivered *Hurricane* and *Moon* to the Stem Player Defendants for the

5    purpose of including these tracks on the Donda Stem Player. The Stem Player

6    Defendants reproduced *Hurricane* and *Moon* onto Stem Players sold worldwide.

7         72.    *Hurricane* and *Moon* were included on the Donda Stem Player to sell

8    and promote the device containing these tracks, as well as for other promotional

9    purposes.

10        73.    In or around August 2021, the *Donda* album was used to launch the

11   Donda Stem Player and the Donda Stem Player was used for presales of the *Donda*

12   album.

13        74.    In or about October 2021, the Donda Stem Player, preloaded with the

14   album *Donda*, including *Hurricane* and *Moon* was released. Defendants willfully

15   distributed *Hurricane* and *Moon* by reproducing them onto the Donda Stem Player

16   and selling the device to consumers worldwide.

17        75.    West publicly stated that within the first 24 hours of launching his

18   album, *Donda*, he sold 11,000 units of the Donda Stem Player, generating $2.2

19   million in revenue. West later stated that the Donda Stem Player earned more in sales

20   than it would have if it were released on streaming platforms. In 2022, West

21   announced that his upcoming *Donda 2* album would be released exclusively on the

22   Donda Stem Player instead of being released on streaming.

23        76.    The Donda Stem Player was marketed as a remixing tool, allowing

24   users to remix songs downloaded on it. To add new songs to the Donda Stem Player,

25   users must visit StemPlayer.com or other websites owned and controlled by West

26   and/or the West Defendants.

27        77.    Upon information and belief, the Donda Stem Player was intended by

28   the West Defendants and the Stem Player Defendants to allow users to remix pre-

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE
RELIEF

loaded stems or stems uploaded from the StemPlayer.com website. By incorporating the Work into *Hurricane* and *Moon* and selling them on the Donda Stem Player, Defendants reproduced, displayed, distributed, and created derivatives of the work without authorization or permission from Plaintiff. Further, Defendants tacitly authorized others to do the same.

78.    Defendants reproduced and incorporated *Hurricane* and *Moon* into infringing advertisements by using these tracks in marketing the album *Donda* and the Donda Stem Player.

## THE INFRINGEMENT WAS WILLFUL AND IS ONGOING

79.    West's unlawful use of the Work follows an unfortunate pattern and practice of taking other artists' music without their permission.

80.    Other instances of willful infringement by West include unauthorized use of music from Ozzy Osbourne and Donna Summer.

81.    West's history of deliberate use of the music of others stands in stark contrast with his position as a supposed champion of artists' rights. In September 2020, concurrent with West and his label's deliberate unlicensed use of the Work, West launched a series of tweets criticizing UMG, alleging exploitative practices toward artists. He shared over 100 pages of his recording contracts with UMG, detailing his grievances with the music industry's standard practices. West compared his treatment to "modern-day slavery," arguing that the current system traps artists in unfair deals.

82.    West's tirade underscores the need for accountability and fair compensation across all levels of the music industry, including by those who advocate for change. By failing to pay artists for their contributions, West perpetuates the very injustices against which he claims to fight.

83.    *Hurricane, Moon*, and *Donda* were and continue to be incredibly successful, and the success of each is attributable to their extensive infringement of the Work.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

84.    *Hurricane* received wide acclaim and significant commercial success. The song won Best Melodic Rap Performance at the 64th Annual Grammy Awards, leading to West tying Jay-Z's record for the most Grammys among rappers.

85.    All of the Artists were credited as songwriters of *Hurricane*. At the Grammy Awards, all four Artists "won" a Grammy Award and received winners' certificates for *Hurricane*.

86.    The music video for *Hurricane* was directed by West and has garnered millions of views on various platforms.

87.    *Moon* also saw significant success, being performed at the same listening parties and receiving widespread acclaim.

88.    The Artists were excluded from all opportunities to collaborate and perform these songs despite their significant contributions.

89.    The Work is also responsible for the success of the entire *Donda* album because the work forms the heart and soul of the lead tracks.

90.    Upon information and belief, *Hurricane* and *Moon* have earned at least $15 million in streaming revenue as of March 1, 2024.

91.    The infringement has also significantly increased the value of Defendants' music catalog.

92.    West's unlawful profits from the infringement extend into his other business ventures. On information and belief, West has a history of using his music to boost the value of his other brands and partnerships. West strategically integrates his music releases with marketing efforts for ventures such as the Yeezy® brand and his collaborations with Adidas and Gap. During the *Donda* listening events, West prominently showcased his Gap partnership by wearing a Yeezy® Gap® jacket and promoting Yeezy® merchandise, resulting in significant sales. *Hurricane* and *Moon* generated substantial hype, driving revenue for his fashion lines and other business ventures. Consequently, on information and belief, West's profits from the

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF

unauthorized use of the Work for *Hurricane* and *Moon* include additional revenue and brand enhancement for West's ventures.

93.    Defendants acted in concert by contributing to the unauthorized reproduction and distribution of Plaintiff's copyrighted work. West initiated and facilitated the creation and distribution of the infringing songs. UMG, despite knowing of the infringement, distributed the songs. Yeezy and its related entities used the songs for promotional purposes, and the Stem Player Defendants made the songs available through their devices, all knowing the infringing nature of the works.

## FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT
### (By Plaintiff Against All Defendants, and DOES 1 through 10)

94.    Plaintiff repeats and re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

95.    Plaintiff owns the copyrights in and/or to the Work, and Defendants' unauthorized reproduction, distribution, and public performance of the Work infringes on Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

96.    *Hurricane* and *Moon* copy quantitatively and qualitatively the most distinct, important, recognizable, and significant portions of the Work.

97.    Defendants have infringed Plaintiff's copyrights in and to the Work in various ways, including without limitation: (a) substantially copying and publicly performing, or authorizing the copying and public performances of the Work at live concerts, personal appearances, and on film, video, television, internet, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records, digital downloads, and streaming through the execution of licenses, and/or actually selling, manufacturing, and/or distributing the Work through various sources and outlets; (c) by substantially copying and the related marketing and promotion of the sale of the records, videos, downloads, streams, tickets to concerts and other

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  performances, and other merchandise; and (d) by participating in and furthering the

2  aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through

3  substantial use of the Work in and part of *Hurricane* and *Moon* and the *Donda*

4  album, packaged in a variety of configurations and digital downloads, streams,

5  mixes, and versions, and performed in a variety of ways including internet, radio,

6  concerts, personal appearances, film, television, downloads, streams, and otherwise.

7        98.   Defendants acted in concert to directly infringe upon Plaintiff's

8  copyright, contributing to the creation, distribution, and commercialization of the

9  infringing works.

10        99.   The West Defendants and UMG distributed the infringing songs, failing

11  to follow usual clearance protocols.

12        100.   The Stem Player Defendants distributed the infringing songs through

13  the Donda Stem Player.

14        101.   Defendants' conduct has been knowing, willful, and with complete

15  disregard for Plaintiff's rights. Despite being denied permission, Defendants used

16  significant and recognizable portions of the Work.

17        102.   Defendants' conduct has been and continues to be knowing, willful, and

18  with complete disregard of Plaintiff's rights.

19        103.   Plaintiff are entitled to recover damages, including Defendants' profits

20  attributable to the infringement, pursuant to 17 U.S.C. § 504(b).

21        WHEREFORE, Plaintiff prays for a judgment against all Defendants, and

22  each of them, as follows:

23        1. For a judicial determination and Declaration to the effect that

24  Defendants willfully infringed the copyrighted work alleged herein, referred to as

25  the Work, in violation of the Copyright Act;

26        2. For a judicial determination and Declaration to the effect that the

27  Defendants are directly, vicariously, and or contributorily liable for copyright

28  infringement as alleged herein, as may be applicable;

17

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE
RELIEF

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3. For an order enjoining Defendants, their officers, agents, employees, attorneys, successors in interest, licensees, partners, assigns, and those acting in concert or conspiracy with them, or at their direction or behest, and each and all of them, temporarily during the pendency of this action, and permanently thereafter from directly or indirectly:

   a. infringing, contributing to, facilitating, permitting, encouraging, promoting, inducing, acting in concert with, aiding and abetting others to infringe and/or participating in the infringement of the copyright in the Work in any way to which Plaintiff is the owner of exclusive rights to the Work or derivative works based thereon;

   b. copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the Work to which Plaintiff is the owner of exclusive rights to the Work or derivative works based thereon;

4. An award of damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement;

5. For an award of costs;

6. For an award of pre and post judgment interest according to proof; and

7. For any further relief as may deemed just and proper by this Court.


Dated: July 17, 2024                    **BAKER & HOSTETLER LLP**


                                        By:    */s/ Joelle A. Berle*
                                               Joelle A. Berle
                                               Alexis B. Cruz
                                        and

                                        **OBRIT IP LLP**
                                        Michael A. Tomasulo
                                        David A. Randall

                                        *Attorneys for Plaintiff*
                                        ARTIST REVENUE ADVOCATES, LLC

COMPLAINT FOR COPYRIGHT INFRINGEMENT - ACTION SEEKING NATIONWIDE RELIEF