UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                           Date:  May 16, 2025

Title      Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

Present:  The Honorable:      Michelle Williams Court, United States District Judge

| T. Jackson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order GRANTING Plaintiff's motion to strike (Dkt. 83)**

Before the Court is Plaintiff Artist Revenue Advocates, LLC's ("Plaintiff") motion for judgment on the pleadings to strike affirmative defenses asserted by Defendants Kanye Omari West a/k/a "Ye" ("Ye"), Getting Out Our Dreams, Inc., Getting Out Our Dreams II, LLC, Yeezy LLC, Yeezy Supply LLC, and Ox Paha Inc.'s (collectively, the "West Defendants"). Dkt. # 83 ("*Mot.*"). The West Defendants opposed, Dkt. # 86 ("*Opp.*"), and Plaintiff replied, Dkt. # 88 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** Plaintiff's motion.

I.      Background

This case is a copyright infringement action. Dkt. # 1 ("*Compl.*"), ¶¶ 94–103. Plaintiff owns the copyrights (musical composition copyright and sound recording copyright) to a work titled *MSD PT2* (the "Work"). *Id.* at ¶¶ 1, 95. The Work was assigned to Plaintiff by its original creators (the "Authors"), who are Grammy Award-winning artists. *Id.* at ¶¶ 1, 8, 31–40. The Work was used, without authorization, in the creation of the songs *Hurricane* and *Moon*, the two leading tracks on Kanye West's recent album, *Donda*. *Id.* at ¶¶ 41–44. The West Defendants were directly involved in creating and exploiting *Hurricane* and *Moon* and sought authorization from the Authors to use the Work, but their request was denied. *Id.* at ¶ 56. The West Defendants nonetheless: (i) credited the Authors as writers and producers of *Hurricane* and *Moon*; and (ii) credited the Authors as writers and producers of Hurricane in connection with the Grammy nomination and award for that song. *Id.* at ¶¶ 52–55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                                  Date:  May 16, 2025

Title     Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*


On July 17, 2024, Plaintiff initiated this action against the West Defendants, UMG Recordings, Inc., Universal Music Corp., Kano Computing Limited, Alexander Nelson Klein, AshDust LLP, and StemPlayer LTD.  *See generally id.*  Plaintiff served the corporate West Defendants on July 22, 2024, Dkts. # 15–19, and eventually served Ye by substituted service on September 16, 2024, Dkt. # 36.  The West Defendants did not answer timely, and the Court entered default against the corporate West Defendants on August 27, 2024, Dkts. # 34–35, and against Ye on October 9, 2024, Dkt. # 44.  Plaintiff and the West Defendants stipulated to set aside these defaults, Dkt. # 48, and the Court granted the stipulation on November 7, 2024, Dkt. # 50.  On November 25, 2024, the West Defendants filed their answer ("Answer").  Dkt. # 64 ("*Answer*").  The Answer asserts thirty-four (34) affirmative defenses and asserts the right to assert "unknown affirmative defenses."  *See id.*  On April 14, 2025, Plaintiff filed the instant motion to strike the affirmative defenses.  *See Mot.*

II.    Legal Standard

A party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "A defense may be insufficient as a matter of pleading or a matter of law."  *G & G Closed Cir. Events, LLC v. Nguyen*, No. 5:10-CV-05718-EJD, 2011 WL 6293922, at *1 (N.D. Cal. Dec. 15, 2011).  "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial."  *Neo4j, Inc. v. PureThink*, LLC, 5:18-cv-07182-EJD, 2021 WL 810260, at *2 (N.D. Cal. Mar. 3, 2021) (citation omitted).

Courts in this district have "held that the heightened pleading standard for complaints articulated in *Twombly* and extended to all civil complaints in *Iqbal* applies to affirmative defenses."  *Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 884177, at *2 (N.D. Cal. Feb. 22, 2019) (citing *Perez v. Gordon & Wong L. Grp.*, No. 11–CV–03323–LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012)).  While "a party need only plead some factual support for its affirmative defense . . . the simple listing of a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist is not sufficient."  *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) (internal quotation marks and citation omitted); *see In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 152 (C.D. Cal. 2022) ("A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                              Date:  May 16, 2025

Title      Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

defendant is not free to conjure its responses out of thin air, as there must be 'at least some valid factual basis in support of its affirmative defense.'"). Though, where a plaintiff can readily determine the grounds upon which an affirmative defense rests from the face of an answer, no additional factual support is required. *See Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008) ("With respect to some defenses, merely pleading the name of the affirmative defense may be sufficient." (cleaned up)). Courts view the pleadings in the light most favorable to the pleading party. *See In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). When striking a claim or defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

III.    Discussion

Plaintiff moves to strike each of the West Defendants' affirmative defenses. *Mot.* 5:17–22:15. The West Defendants contend that the affirmative defenses should not be stricken as (1) the affirmative defenses are common and self-explanatory for purposes of fair notice; and (2) Plaintiff fails to provide evidence of prejudice.[1] *Opp.* 5:2–6:24, 7:23–19:4. For the reasons set forth below, the Court grants Plaintiff's motion to strike.

A.    Affirmative Defense No. 1: Failure to State a Claim

The Answer asserts that: "The Complaint fails to state any claim upon which relief can be granted." *Answer* at 16. Plaintiff requests that the Court strike the affirmative defense because it is not the proper subject of an affirmative defense and fails to provide fair notice. *Mot.* 6:3–13. The West Defendants agree to amend their answer to remove

---

[1] The West Defendants also oppose Plaintiff's motion on the basis that Plaintiff failed to meet and confer in good faith under Local Rule 7-3. *Opp.* 6:25–7:22. Both sides, however, disagree over what occurred during the parties' meet and confer efforts leading up to the instant motion. Given the parties' differing interpretations of that process, and the fact that the motion is now before the Court, the Court declines to decide the issue on the parties meet and confer efforts and thus, does not discuss the issue any further.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                                Date:  May 16, 2025

Title       Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

this affirmative defense.  *Opp.* 8:10–19.  Accordingly, the Court **STRIKES** Affirmative
Defense No. 1 **WITHOUT LEAVE TO AMEND**.

      B.    <u>Affirmative Defense No. 2: Laches</u>

      The Answer asserts that: "The Complaint is barred by the doctrine of laches, in
that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite full
awareness of the actions alleged."  *Answer* at 16.  Plaintiff forwards that laches is an
insufficient defense as a matter of law because there is no plausible read of the pleadings
in this case that Plaintiff's cause of action could be deemed to have accrued more than
three years before the filing of this suit.  *Mot.* 6:14–7:2.  Plaintiff also argues that the
affirmative defense fails because it does not mention the required element of prejudice.
*Id.*  The West Defendants contend that Plaintiff's own discovery undercuts its
arguments—its requests seek documents and testimony regarding "earlier versions" of
the subject tracks, dating back to 2018, a time period that could support a defense of
delay.  *Opp.* 9:3–6.  Additionally, the West Defendants assert that even if laches did not
bar the claim in its entirety, the Court may still consider delay in assessing equitable
relief.  *Id.* 9:6–9.

      As a preliminary matter, the Court looks to the face of the pleadings to determine
whether the defenses are sufficient, and it will not consider matters outside the pleadings
in deciding a motion to strike.  *See Munoz v. PHH Corp.*, No. 1:08–cv–0759–AWI–
BAM, 2013 WL 1278509, at *6 (E.D. Cal. Mar. 26, 2013).  Moreover, Plaintiff's
discovery requests do not necessarily undercut its argument to strike the affirmative
defense of laches.[2]  The Court concludes that this action is not barred by laches because
this lawsuit was filed within three years from the earliest time an allegation of
infringement can be inferred from the complaint, which is July 19, 2021—the Answer
does not say otherwise.  *See Compl.* ¶ 46; *Petrella v. MGM*, 572 U.S. 663, 667 (2014)
("Laches, we hold, cannot be invoked to preclude adjudication of a claim for damages
brought within the three-year window" of 17 U.S.C. § 507(b)).

---

[2]  The Court notes that the West Defendants may request leave to amend from the Court
if the basis for additional affirmative defenses become apparent during discovery.  Fed.
R. Civ. P. 15(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                    Date:  May 16, 2025

Title    Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

Laches may be relevant to consider delay in assessing relief.  *See Petrella v. MGM*, 572 U.S. at 667.  But, as discussed in further detail in Section III (H), limitation of liability is not an affirmative defense in a copyright infringement action.  *See Evox Prods. LLC v. Yahoo Inc.*, No.: 2:20-cv-02907-MEMF(JEMx), 2023 WL 4850748, at *5 (C.D. Cal. Jul. 28, 2023) ("[T]he affirmative defense of failure to mitigate damages is improper in a copyright infringement action"); *Werner v. Evolve Media, LLC*, No. 2:18-CV-7188-VAP-SKX, 2020 WL 3213808, at *8 (C.D. Cal. Apr. 28, 2020) ("The existence of damages suffered is not an essential element of a claim for copyright infringement and therefore a failure to mitigate damages is not an affirmative defense in this context." (cleaned up) (citation omitted)).  The West Defendants appear to argue the relevance of laches on the same facts as their damages affirmative defenses, rendering assessment of relief under laches inapplicable here.

Accordingly, the Court **STRIKES** Affirmative Defense No. 2 **WITH LEAVE TO AMEND**.

C.      Affirmative Defense No. 3: Consent, Waiver, Acquiescence, and/or Estoppel

The Answer asserts that: "The claims set forth in the Complaint are barred by the doctrines of consent, waiver, acquiescence, and/or estoppel." *Answer* at 16.  Plaintiff contends that merely reciting affirmative defenses without anything more is insufficient for fair notice.  *Mot.* 7:3–8:16.  The West Defendants argue that the complaint gives rise to the viability of these defense where it insists that "[t]he [Authors] never collaborated with West, nor did West ask for permission prior to using the Work." *Opp.* 9:22–10:4 (citing *Compl.* ¶ 41).  The West Defendants further argue that Plaintiff circulated an article in which one of the Authors discussed his excitement on being part of the *Donda* album's development.  *Id.*

To reiterate, the Court only looks to the face of the pleadings to determine whether the defenses are sufficient.  *Munoz*, 2013 WL 1278509, at *6.  With regard to the article, the West Defendants do not seek judicial notice (nor is it clear if such an article is judicially noticeable), and therefore the Court will not take it into account.  The Court finds that the "one-sentence allegation is conclusory and fails to provide any facts indicating which of the Plaintiff['s] words or conduct indicate" consent, waiver, acquiescence, and/or estoppel.  *Shafer v. Red Tie, LLC*, No. 2:20-CV-5726-ODW

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                                    Date:  May 16, 2025

Title       Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

(PVCx), 2021 WL 3511201, at *2 (C.D. Cal. Aug. 10, 2021).  Accordingly, the Court **STRIKES** Affirmative Defense No. 3 **WITH LEAVE TO AMEND**.

   D.      Affirmative Defense No. 4: Unclean Hands

   The Answer asserts that: "The claims set forth in the Complaint are barred by the doctrine of unclean hands." *Answer* at 17.  Plaintiff avers that the affirmative defense fails to provide fair notice due to the West Defendants' failure to provide any factual basis to the affirmative defense.  *Mot.* 8:21–28.  While this may be a potentially valid defense, it lacks sufficient detail.  Indeed, "[u]nclean hands could encompass a broad range of conduct, and [the West Defendants] must provide some cursory detail on what conduct is alleged to put [Plaintiff] on notice so it can plan accordingly." *ACCU Casting Co. Inc. v. Yunhong Zou*, No. 2:22-CV-05377 MEMF (AFMX), 2023 WL 6783302, at *7 (C.D. Cal. May 19, 2023); *see Gomez v. J. Jacobo Farm Labor Contractor*, 188 F. Supp. 3d 986, 994 (E.D. Cal. 2016) ("Simply alleging that Plaintiff's hands are unclean or identifying a category of misconduct, without explaining what the specific misconduct alleged was, does not give fair notice of the grounds for the defense or explain how the defense might apply in this case.").  Accordingly, the Court **STRIKES** Affirmative Defense No. 4 **WITH LEAVE TO AMEND**.

   E.      Affirmative Defense No. 5: Statute of Limitations

   The Answer asserts that: "The claims set forth in the Complaint are barred, in whole or in part, by the applicable statute of limitations, including but not limited to 17 U.S.C. § 507(b)." *Answer* at 17.  It is not clear on the face of the pleadings that Plaintiff's action is barred by 17 U.S.C. § 507(b).  "At a minimum, [the West Defendants] must allege . . . the date after which such bar became effective, and some factual allegations concerning why the limitations period has expired." *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 804 (C.D. Cal. 2016).  The West Defendants have not.  Accordingly, the Court **STRIKES** Affirmative Defense No. 5 **WITH LEAVE TO AMEND**.

   F.      Affirmative Defense Nos. 6–9, Nos. 13–14, 17–18, 21, 29, and 33: (6) Lack of Ownership; (7) Invalid and/or Unenforceable Registration; (8) No Valid Copyrighted Work; (9) Ineffective Transfer of Rights; (13) Not Substantially Similar, Not Original to Plaintiff, Not Protectable; (14)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                                  Date:  May 16, 2025

Title        Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

Independent Creation; (17) Lack of Originality, Otherwise Not Protected by Copyright; (18) Failure to Comply with Various Copyright Act Formalities; (21) Standing; (29) Deficient Copyright Application; and (33) Public Domain

The Answer asserts the above-mentioned affirmative defenses.  *Answer* at 17–22.  "Because the purpose of an affirmative defense is, unsurprisingly, to *affirmatively* assert an avoidance of a plaintiff's claims which the defendant must ultimately prove, 'denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses.'"  *MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*, No. 5:15-CV-00589-EJD, 2015 WL 4624119, at *3 (N.D. Cal. Aug. 3, 2015) (emphasis in original) (citations omitted); *see Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Oxnard Manor LP v. Hallmark Specialty Ins. Co.*, No. 2:23-cv-01322-SPG-MAR, 2023 WL 9471263, at *4 (C.D. Cal. Jul. 31, 2023) ("Defendant's twenty-sixth affirmative defense simply challenges Plaintiff's ability to prove an element of its case, and is therefore not an affirmative defense.").  Similarity and validity are elements to Plaintiff's infringement case.  *See Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) ("Copyright infringement claims have two basic elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" (citation omitted).  Therefore, Affirmative Defense Nos. 6–9, 13, 17–18, 29 and 33 are not appropriate as they go directly to Plaintiff's burden of proof.  *See MIC Prop.*, 2015 WL 4624119, at *3; *Zivkovic,* 302 F.3d at 1088.  Furthermore, independent creation is not considered an affirmative defense to copyright infringement.  *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000) (finding that once a copyright plaintiff establishes its prima facie case, the burden shifts to the defendant to rebut that presumption of infringement through proof of independent creation); *TSX Toys, Inc. v. 665, Inc.*, No. ED CV 14-02400-RGK (DTBx), 2015 WL 12746211, at *8 (C.D. Cal. Sept. 23, 2015) ("This defense constitutes a denial of copyright infringement, not an affirmative defense.").  Standing is also not an affirmative defense.  *See Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013).  Accordingly, the Court **STRIKES** Affirmative Defenses Nos. 6–9, 13–14, 17–18, 21, 29, and 33 **WITHOUT LEAVE TO AMEND**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                          Date:  May 16, 2025

Title      Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

G.      Affirmative Defense No. 10: Implied or Express License

The Answer asserts that: "Without admitting the use of any copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains was impliedly and/or expressly licensed." *Answer* at 18.  Plaintiff contends that the Answer fails to provide fair notice as it does not provide facts regarding license, i.e., when, how, or why a license was created or its terms. *Mot.* 12:4–16.  The West Defendants highlight that the complaint mentions that the West Defendants even requested approval to use the Work, *Opp.* 12:13–23, but such discussion does not make "licensing" obvious from the face of the complaint.  Mere recitation of the affirmative defense, without any accompanying fact (i.e., the scope of the license) or reason that links the defense to this action, is not sufficient for fair notice. *Joe Hand Promotions, Inc. v. Alvarenga*, No. 10-CV-794-IEG (BGS), 2010 WL 11684810, at *3 (S.D. Cal. Sept. 14, 2010).  Accordingly, the Court **STRIKES** Affirmative Defense No. 10 **WITH LEAVE TO AMEND**.

H.      Affirmative Defense Nos. 11, 19–20, 22–23, and 25: (11) Innocent
        Infringement (19) Extraterritorial Damages; (20) Untimely Registration;
        (22) Failure to Mitigate Damages; (23) Speculative Damages; and (25)
        Responsibility of Third Parties

The West Defendants assert each of the above-mentioned affirmative defenses to limit Plaintiff's relief. *See Answer* at 18, 20–21.  Limitation of liability is not an affirmative defense in a copyright infringement action. *See Yahoo Inc.*, 2023 WL 4850748, at *5 ("[T]he affirmative defense of failure to mitigate damages is improper in a copyright infringement action"); *Werner*, 2020 WL 3213808, at *8 ("The existence of damages suffered is not an essential element of a claim for copyright infringement and therefore a failure to mitigate damages is not an affirmative defense in this context." (cleaned up) (citation omitted)).  Moreover, to the extent that the West Defendants argue that some of the alleged conduct that occurred outside the United States, noninfringement is not an affirmative defense. *See Drop Stop LLC v. Jian Qing Zhu*, No. CV 16-07916-AG (SSX), 2017 WL 3452990, at *4 (C.D. Cal. Jun. 20, 2017).  Accordingly, the Court **STRIKES** Affirmative Defense Nos. 11, 19–20 and 22–23 **WITHOUT LEAVE TO AMEND**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                         Date:  May 16, 2025

Title      Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

I.      Affirmative Defense No. 12: Misuse of Copyright

The Answer asserts that: "The claims set forth in the Complaint are barred, in whole or in part, because Plaintiff's actions in this lawsuit constitute copyright misuse. . . Although copyright plaintiffs enjoy a limited monopoly over their designs, Plaintiff's exercise of the monopoly in this case reduces the choices available to consumers and frustrates the policy goals of copyright." *Answer* at 18.  Such an assertion fails to provide fair notice because it does not set forth facts or theory pertaining to Plaintiff's conduct that constitutes misuse.  *See Television Educ., Inc. v. Contractors Intellgience Sch., Inc.*, No. CV 2:16-1433 WBS EFB, 2016 WL 7212791, at *3 (E.D. Cal. Dec. 12, 2016) (striking affirmative defense that alleged "the doctrine of copyright misuse" as "bereft of facts").  Accordingly, the Court **STRIKES** Affirmative Defense No. 12 **WITH LEAVE TO AMEND**.

J.      Affirmative Defense Nos. 15 and 16: De Minimis Use and Fair Use

The Answer asserts that: "The Complaint is barred, in whole or in part, because, without admitting the use of any copyrighted material allegedly owned by Plaintiff, the alleged use by any defendant is merely de minimis." *Answer* at 19.  Additionally, the Answer asserts that: "The Complaint is barred, in whole or in part, under the fair use doctrine pursuant to 17 U.S.C. § 107." *Id.*  The Court finds that the West Defendants' boilerplate recitation of the fair use defense fails to provide fair notice.  *Taylor v. Stave, Inc.*, No. CV 15-4190 FMO (ASx), 2016 WL 6674987, at *3 (C.D. Cal. Jan. 4, 2016) (finding same).  As to *de minimis* use, the Court finds that the affirmative defense to be redundant as the "*de minimis* use doctrine is either subsumed into the affirmative defense of fair use or into negating Plaintiff's prima facie case of copyright infringement." *Amini Innovation Corp. v. McFerran Home Furnishings Inc.*, No. CV 13–6496 RSWL (SSx), 2014 WL 360048, at *4 (C.D. Cal. Jan. 31, 2014).  Accordingly, the Court **STRIKES** Affirmative Defense No. 15 **WITH LEAVE TO AMEND** but **STRIKES** Affirmative Defense No. 16 **WITHOUT LEAVE TO AMEND**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                              Date:  May 16, 2025

Title       Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

K.      Affirmative Defense Nos. 24, 26, 28, and 30–31: (24) Mistake, Fraud; (26) First Sale Doctrine; (28) Abandonment; (30) Scenes a Faire Doctrine and (31) Merger Doctrine

The Answer asserts the above-mentioned affirmative defenses in conclusory fashion.[3]  *See Answer* at 20–22.  The West Defendants recognize the lack of detail in these affirmative defenses and seek amendment.  *Opp.* 18:5–12; see *Rosen*, 222 F. Supp. 3d at 804–05 ("[M]ere recitations of legal doctrines devoid of any factual allegations . . . fail to provide 'fair notice' to Plaintiff.").  Accordingly, the Court **STRIKES** Affirmative Defense Nos. 24, 26, 28, and 30–31 **WITH LEAVE TO AMEND**.

L.      Affirmative Defense No. 27: Plaintiff Not Responsible for Origin of Copyright

The Answer asserts that: "Plaintiff's claim is barred pursuant to the United States Supreme Court case, *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)."  *Answer* at 21.  Plaintiff moves to strike the above-mentioned affirmative defense on the grounds that it is not relevant to a copyright action.  *Mot.* 19:15–24.  The West Defendants agree to remove the defense.  *Opp.* 18:5–12.  Accordingly, the Court **STRIKES** Affirmative Defense No. 27 **WITHOUT LEAVE TO AMEND**.

---

[3] While the *scènes à fair* and merger doctrines touch on the element of similarity to Plaintiff's prima facie case, the doctrines are recognized as affirmative defenses to copyright infringement actions.  *See Evox Prods. LLC v. Kayak Software Corp.*, No. CV15-5053 PSG (AGRX), 2017 WL 5634856, at *9 (C.D. Cal. Jan. 20, 2017); *Rassamni v. Fresno Auto Spa, Inc.*, 365 F. Supp. 3d 1039, 1047 (E.D. Cal. 2019).  "[W]orks that fall within the ambit of the merger or *scènes à faire* doctrines are entitled only to a 'thin' copyright protection that protects them from virtually identical copying."  *Rassamni*, 365 F. Supp. 3d at 1047.  The applicability of the doctrines depends on the factual circumstances of each case, and therefore the West Defendants must provide more than mere conclusory assertions to put Plaintiff on notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                    Date:  May 16, 2025

Title      Artist Revenue Advocates, LLC v. Kanye Omari West *et al.*

      M.     Affirmative Defense No. 32: Failure to Join Necessary and Indispensable
Party

      The Answer asserts that: "Plaintiff's Complaint, and each cause of action therein,
is barred by Plaintiff's failure to sue necessary and indispensable parties in the instant
action." *Answer* at 22.  The West Defendants contend that the complaint's assertion that
Plaintiff is the assignee of the rights to the Work allows Affirmative Defense No. 32 to
speak for itself.  *Opp.* 18:17–22.  Not so.  As Plaintiff points out, the West Defendants
must provide some context as to which parties they believe Plaintiff failed to join,
"otherwise [Plaintiff] is unable to rebut this or strategize."  *ACCU Casting Co.*, 2023 WL
6783302, at *6.  Accordingly, the Court **STRIKES** Affirmative Defense No. 32 **WITH
LEAVE TO AMEND**.

      N.     Affirmative Defense No. 34: "Unknown Affirmative Defenses"

      The Answer asserts that: "Defendant presently has insufficient knowledge and
information on which to form a belief as to whether it has additional affirmative defenses
and reserves the right to assert additional affirmative defenses in the event discovery
indicates such defenses would be appropriate."  *Answer* at 22.  "A defense that reserves
the right to assert defenses later is not a defense."  *Amini Innovation Corp. v. McFerran
Home Furnishings Inc.*, No. CV 13-6496 RSWL SSX, 2014 WL 360048, at *5 (C.D. Cal.
Jan. 31, 2014) (citations omitted).  The West Defendants agree to remove this affirmative
defense in an amended answer.  *Opp.* 19:1–4.  Accordingly, the Court **STRIKES**
Affirmative Defense No. 34 **WITHOUT LEAVE TO AMEND**.

IV.     Conclusion

      For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to strike.
The Court **STRIKES WITHOUT LEAVE TO AMEND** Affirmative Defense Nos. 1,
6–9, 11, 13–14, 16–23, 27, 29, and 32–34.  The Court **STRIKES WITH LEAVE TO
AMEND** Affirmative Defense Nos. 2–5, 10, 12, 15, 24, 26, 28, and 30–31.  The West
Defendants must file any amended answer no later than **May 23, 2025**.

      **IT IS SO ORDERED.**

                                                 :

                           **Initials of Preparer**   TJ