UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:   2:24-cv-06018-MWC-BFM                    Date: May 19, 2025

Title:   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

========================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) Order Re: Plaintiff's Motion to Compel (ECF 80)

Before the Court is Plaintiff's Motion to compel responses to its requests for production. (ECF 80 ("Mot.").) For the reasons stated below, Plaintiff's motion is **granted in part**.

## I.   Background

This is a copyright case. Plaintiff Artists Revenue Advocates alleges that its copyrighted work was used without its permission in the songs *Hurricane* and *Moon*, leading tracks from Defendant Kanye West's album *Donda*. (Mot. at 8.)[1] Defendants deny liability.

Plaintiff served document requests on Defendants Kanye Omari West, Getting Out Our Dreams, Getting Out Our Dreams II, Yeezy, LLC, Yeezy Supply LLC, and OX Paha, Inc., all entities associated with West, in November

---

[1] For ease of reference, the Court refers to ECF-generated page numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-06018-MWC-BFM | **Date:** | May 19, 2025 |

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

========================================================================

2024. (Mot. at 8.) After being granted four extensions of time, Defendants' counsel proposed a pre-response meet and confer on January 17, 2025. He also requested an audio file of Plaintiff's copyrighted work, stating that his "client contacts [were] not finding any evidence they sampled music for 'Hurricane' or 'Moon.'" (Mot. at 8; ECF 80-4 at 5-6 (email exchange between counsel requesting a pre-response meeting).) During the meeting, Defendants' counsel reiterated Defendants' denial of infringement and objected to the RFPs being compound in nature. (Mot. at 8-9.)

Defendants finally served their responses on February 3, 2025. (Mot. at 9.) Defendants did not, however, produce any documents, only objections. Defendants objected to each RFP on multiple grounds and included a statement that they had conducted a reasonable inquiry into materials within their possession but had found no responsive documents. (Mot. at 9; *see also* ECF 80-6 (Defendants' Responses to Plaintiff's RFPs).) After further discussions, the parties requested the Court's assistance. (Mot. at 9.)

The Court held an informal discovery conference on March 5, 2025, and ordered the parties to further meet and confer. (ECF 76.) The parties still could not reach an agreement regarding Defendants' objections and the Court authorized Plaintiff to proceed with motion practice.

Plaintiff filed this Motion on April 14, 2025. The Motion argues that Defendants' objections should be overruled, and they should be ordered to (1) produce all responsive documents; (2) produce a privilege log for documents being withheld on privilege grounds; and (3) produce a Rule 30(b)(6) witness for each Defendant to describe the effort the Defendant took in identifying and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-06018-MWC-BFM | **Date:** | May 19, 2025 |

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

====================================================================

producing responsive documents. Plaintiff also requests sanctions under Rule 37(a)(5)(A) in the amount of $50,380. (Mot. at 16.)

Defendants oppose the Motion, arguing that they complied with Rule 34's requirements and that their objections are specific and reasonable. (*See generally* ECF 84 (Opp'n).) Plaintiff filed a Reply. (ECF 85.) The matter is fully briefed and ready for decision.

## II.     Discussion

### A.     Legal Standard

Federal Rule of Civil Procedure Rule 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Information need not be admissible in evidence to be discoverable. *Id.* A court must "limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

The party seeking to compel discovery "has the initial burden of demonstrating relevance" under Rule 26. *See Integon Preferred Ins. Co. v. Saavedra*, No. CV 18-06689-GW (RAO), 2019 WL 4228372, at *2 (C.D. Cal. July 12, 2019) (citations omitted). Thereafter, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-06018-MWC-BFM | **Date:** | May 19, 2025 |

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

===============================================================

burden of clarifying, explaining, and supporting its objections." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B. Defendants Cannot Validly Claim They Have No Responsive Documents

Defendants argue that they have complied with their discovery obligations because, after a "diligent search," they have found no evidence Plaintiff's work was used and therefore have no responsive documents. (Opp'n at 7-8; *see also* ECF 80-6 (Defendants' Responses to Plaintiff's RFPs).) This argument is unpersuasive.

Defendants' assertion that they have found no evidence of *infringement* does not excuse them from responding to Plaintiff's requests. Plaintiff is not required to take Defendants' word for it when they say there is no evidence of liability; it is entitled to review Defendants' evidence for itself.

Once that objection is set to the side, Defendants' own actions make clear that responsive documents exist. For example, RFP 1 requests "All DOCUMENTS and COMMUNICATIONS RELATING TO the creation, development, and production of DONDA, HURRICANE and MOON . . ." (ECF 80-2 (Plaintiff's RFPs) at 14.) Defendants responded that they have found no evidence Plaintiff's work was used in the creation of those tracks. They presumably reviewed *something* in order to determine whether Plaintiff's work was used. That *something* would seem to be responsive to RFP 1.

Similarly, Defendants' initial disclosures indicated that they have documents "relating to the creation of the Subject Tracks," "evidence [of] notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-06018-MWC-BFM | **Date:** | May 19, 2025 |

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

======================================================================

or lack of notice of the alleged rights in the underlying work" and documents "relating to clearances obtained in connection with the Subject Tracks and the underlying work." (ECF 80-12 at 13-14.) Such documents would be responsive to Plaintiff's RFPs, undermining Defendants' present claim to lack any responsive documents. Finally, Defendants proposed a rolling production of documents in March (Mot. at 9; ECF 80-11 at 2-3 (email from Defense counsel)); that representation, too, indicates that responsive documents have been identified.

The Court therefore **overrules** Defendants' objection to the extent that they claim to have no responsive documents to produce. Further, given the vagueness of Defendants' assertion that they conducted a "diligent search," and the erroneous claim not to have responsive documents, the Court **orders** Defendants to provide Plaintiff with a declaration detailing the specific actions taken to search for responsive documents for each RFP.[2] *See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 190 (C.D. Cal. 2006). Failure to provide a sufficiently detailed declaration may result in the Court taking further action. *See id.*

---

[2] Plaintiff asked the Court to order Defendants to produce a Rule 30(b)(6) witness to testify about the efforts Defendants took to search for responsive documents. (Mot. at 16.) The Court does not believe such action is required at this time; a thorough declaration should be sufficient to establish Defendants' compliance (or lack thereof) with its discovery obligations at minimal expense to the parties. Should Defendants fail to provide such a declaration, however, additional measures may be warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-06018-MWC-BFM                    **Date:**  May 19, 2025

**Title:**   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

=====================================================================

### C. Defendants' Other Objections

Plaintiff argues that Defendants' objections are insufficient because each response repeats, almost verbatim, the same objections for each RFP. (Mot. at 11-12.) Indeed, boilerplate objections are improper. *See A. Farber,* 234 F.R.D. at 188; *see also* Fed. R. Civ. P. 34(b)(2)(B) (objections must "state with specificity the grounds for objecting to the request, including the reasons.").

Defendants argue their objections are "specific, fact-based, and directly tied to the burdens imposed." (Opp'n at 11.) Defendants' Opposition broadly addresses each objection (*see* Opp'n at 11-14), and the Court addresses each below.

#### 1. Relevance

Defendants' first objection is that Plaintiff has failed to establish the relevance of any RFP except for RFP 11. (Opp'n at 9.) The Court disagrees. Plaintiff's RFPs relate to copying and use of its work and damages caused by the alleged infringement. (Mot. at 10 (citing *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) (discussing the elements of copyright infringement) and 17 U.S.C. § 504 (outlining damages available for copyright infringement).) None of the RFPs seeks clearly irrelevant documents—they generally relate to Plaintiff's claim or damages, both of which are relevant and appropriate topics of discovery. *See generally* Fed. R. Civ. P. 26(b)(1).

Defendants raise only two specific relevancy arguments. First, Defendants contest the relevance of three categories of RFPs—the ones labeled "Corporate Structure and Relationships," "Catalog Valuation and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| **Case No.:** 2:24-cv-06018-MWC-BFM | **Date:** May 19, 2025 |

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

=====================================================================

Monetization," and "Other Disputes." (Opp'n at 9.) But Defendants do not explain *why* they believe these categories seek irrelevant information, and the Court does not believe any of them is irrelevant in its entirety. RFPs under the category of "Corporate Structure and Relationships" between Defendants relate to Plaintiff's attempt to attribute liability and damages among closely related entities. RFPs under the category "Catalog Valuation" seek information about the valuation of West's catalog both before and after *Donda*, which relates to profits Defendants derived from the alleged infringement. And RFPs in the "Other Disputes" category seek documents related to other instances of alleged infringement. Other instances of infringement would go to the willfulness of Defendants' actions. The Court does not believe that any of these categories is off limits.

Defendants contest relevance as to three specific RFPs.[3] First, Defendants argue that RFP 12—seeking accounting records and financial statements related to revenue generated by *Hurricane*, *Moon*, and *Donda*— "reaches far beyond the allegedly infringing tracks and even includes speculative third-party data." (Opp'n at 10.) The Court disagrees. Section 504(b) provides that a copyright owner is entitled to recover any profits gained by the infringer that are attributable to the infringement. 17 U.S.C. § 504(b). That broad definition makes relevant any profits attributable to live events, revenue from merchandise, and the like, which is what RFP 12 attempts to capture. The same is true of RFP 41, which requests financial valuations of

---

[3] Defendants also argue these same RFPs are not proportional to the needs of the case. (*See* Opp'n at 10-11.) The Court addresses that argument in the following section.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:24-cv-06018-MWC-BFM     **Date:** May 19, 2025

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

=====================================================================

Defendant West's music catalog at different points both before and after *Donda*. Finally, RFP 34—requesting documents related to clearance procedures for *Donda*, *Hurricane*, and *Moon*—is also clearly relevant to liability, as it would shed light on whether Defendants attempted or considered attempting to get permission for Plaintiff's work (or any other work) in connection with these tracks. Defendants offer no cogent argument why such documents, if they exist, would not be relevant.

At bottom, Defendants have not persuaded the Court that any of the RFPs seek irrelevant information. The Court therefore overrules Defendants' relevance objection.

### 2. Proportionality

Defendants argue that the RFPs are not proportional to the needs of the case. (Opp'n at 9.) As an initial matter, it appears that Defendants' objection stems from an unreasonably narrow view of the scope of the discovery. Defendants seem to suggest that discovery is limited only to the elements of a copyright claim. (*See* Opp'n at 9-10.) But Plaintiff is also entitled to discovery concerning damages, which, in this case, means that a broad inquiry into the profits attributable to the two relevant tracks is appropriate.

Defendants only specifically object to RFP 41,[4] arguing that the request for all valuations of Defendant West's entire music catalog from 2018 to

---

[4] Defendants also point to RFP 12 and 34 as examples of overbreadth without explanation. The Court does not analyze these RFPs since Defendants have not raised a specific objection.

Page **8** of **15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| **Case No.:** 2:24-cv-06018-MWC-BFM | **Date:** May 19, 2025 |

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

===================================================================

present exceeds the needs of the case. (Opp'n at 11.) The Court tends to agree. Plaintiff's claim relates only to two songs on one album released in 2021. Moreover, Plaintiff's other requests—if responded to fully—may well yield the information Plaintiff needs to assess its damages. In particular, the Court notes that RFP 43 is a narrower version of RFP 41; it seeks documents showing the impact of *Hurricane*, *Moon*, and *Donda* on the value of West's catalog. (ECF 80-2 at 24.) The Court therefore **sustains** Defendants' objection to RFP 41, without prejudice to revisiting the subject, should Plaintiff be able to show that Defendants' other responses have not provided adequate information.

Defendants argue that the RFPs are overbroad because they contain multiple "subparts." (*See* Opp'n at 13; ECF 84-1 (Decl. of Eduardo Martorell) at 2 (arguing that the 65 RFPs, including "subparts" amount to over 300 individual requests).) This objection is not well taken. Rule 34 does not impose a numerical limit on the number of RFPs parties may serve. *See* Fed. R. Civ. P. 34; *see also Villery v. Crounse,* No. 1:18-cv-01623-NONE-SKO (PC), 2021 WL 504379, at *13 (E.D. Cal. Oct. 29, 2021) (noting that Rule 34 does not contain a numerical limit). The number of RFPs is thus limited only by Rule 26, which requires requests to be proportional to the needs of the case. Defendants offer no specific argument why the number of RFPs is disproportionate to the needs of the case. In the absence of specific arguments that specific requests are an overreach, Plaintiff's requests do not strike the Court as overbroad.

The Court therefore **denies in part** Plaintiff's Motion to the extent that it seeks to compel further responses and document production for RFP 41 at this time. Defendants' objection is otherwise overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:24-cv-06018-MWC-BFM                                    Date:  May 19, 2025

Title:   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

===================================================================

### 3.  Burden

Next, Defendants argue that certain Requests are unduly burdensome. Defendants' objection is overruled because Defendants have failed to adequately explain why the requests impose an undue burden. *See Brevoort v. G4S Secure Solutions (USA) Inc.*, No. CV 20-5432 CJC (PVCx), 2022 WL 3012529, at *5 (C.D. Cal. June 21, 2022) ("Plaintiff cannot simply invoke generalized objections without describing, in specific detail, how each request is overbroad and unduly burdensome.").

The only specific argument presented relates to RFPs seeking valuation of profits. Defendants argue that those RFPs ask for categories of documents that do not readily exist and creating/producing such documents would require expert analysis that would impose a significant burden. (Opp'n at 13; ECF 84-1 (Decl. of Eduardo Martorell) at 2.) The objection is not well taken. Parties are not required to create documents in response to requests for production; they are, however, required to compile and produce records that do exist. *Atcherley v. Clark*, No. 1:12CV00225 LJO DLB, 2014 WL 4660842, at *4 (E.D. Cal. Sept. 17, 2014 ("Parties are not required to create documents in response to requests for production. If a requested document does not exist, the responding party's obligation ends."). To the extent that Defendants claim that even compiling records would be burdensome, Defendants have not quantified that burden, and thus their objection is overruled.

### 4.  Vague and Ambiguous

Defendants argue that certain terms within the RFPs are vague or ambiguous. (Opp'n at 12-13.) Their argument generally falls into two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:24-cv-06018-MWC-BFM  **Date:** May 19, 2025

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

=====================================================================

categories: The first is that certain defined terms are vague because Plaintiff's definitions are overbroad. (Opp'n at 12.) That argument is nonsensical; the ambiguity of a definition has nothing to do with its breadth. In this case, the definitions may be broad, but they do not lack specificity. For example, Defendants point to the definition of "Hurricane," which Plaintiff defines as "the musical composition and sound recording titled 'Hurricane,' including the version on DONDA, any version contemplated for inclusion on YANDHI, versions previously referred to as '80 Degrees,' and any other versions." (Opp'n at 12; *see also* ECF 80-2 at 9 (defining "Hurricane").) Defendants offer no credible reason for being unable to discern a common sense meaning from that definition.[5]

     Defendants complain that other terms in the RFPs are not defined and are "unbounded in time, format, or source." (Opp'n at 13.) But Defendants are required to use common sense as well as their own industry knowledge; terms such as "session files," "social media platforms," and "catalog impact"—which Defendants use as examples—are undoubtedly terms familiar to those working in the music industry, to the extent they are not terms to which common sense provides a definition.

---

[5] Defendants note that other versions of *Hurricane* and *Moon* are not referenced in the Complaint. (Opp'n at 12-13.) To the extent that Defendants intended to raise an objection apart from vagueness, that objection is not a valid basis to avoid production; Plaintiff is entitled to inquire into the creative process that led to the tracks at issue, and different versions of the two tracks would shed light on that question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:24-cv-06018-MWC-BFM         Date:   May 19, 2025

Title:   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

=====================================================================

Defendants' vagueness objection is overruled.

### 5. Attorney Client Privilege & Work Product

Defendants also object that some RFPs seek disclosure of information covered by the attorney-client privilege or the protection for attorney work product. (Opp'n at 10, 14.) Those protections conceivably apply here, given some of the categories of documents requested. (*See, e.g.*, ECF 80-2 at 22 (requesting "communications with legal teams"), 23 (requesting corporate formation documents), 23-24 (requesting catalog valuations related to Defendant West's divorce proceedings).)

But even if the privileges apply, Defendants have not complied with the requirements for invoking them. Federal Rule of Civil Procedure 26(b)(5) requires a party invoking a privilege to provide a log describing the documents withheld with enough detail to enable the other party to assess the privilege's applicability. *See also Clarke v. Am. Comm. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("The privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity."); The Rutter Group, *Cal. Practice Guide, Fed. Civ. Proc. Before Trial*, Form 11:A (Privilege Log). Failure to provide sufficient information may constitute a waiver of the privilege. *See Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D. Cal. 1991).

As of the date of this Order, Defendants have not produced a privilege log. The Court is reluctant, however, to deem the privilege waived, because at least some of the requests seem to call for privileged documents. Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-06018-MWC-BFM            **Date:**  May 19, 2025

**Title:**   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

=====================================================================

will therefore produce a rule-compliant privilege log on the timeline set out below. Failure to do so may be construed as waiver of the privilege.

### 6. Privacy Concerns

Finally, Defendants object on the grounds that the Requests violate their privacy rights or the privacy rights of third parties or seek confidential or sensitive information. (Opp'n at 13-14.) But such concerns are significantly mitigated by the Court's Protective Order. (*See* ECF 82.) Defendants have not explained why the Protective Order is not adequate, and their objection on privacy grounds is therefore overruled.

### 7. Conclusion

For the reasons stated above, the Court **grants in part** Plaintiff's Motion. Defendants are ordered to produce all responsive documents in their custody, possession, and control to all RFPs except for RFP 41 **no later than June 12, 2025**. Defendants are also ordered to provide a declaration detailing the specific steps taken to search for responsive documents. To the extent that any document is withheld on privilege grounds, Defendants are ordered to produce a rule-compliant privilege log alongside its production.

Defendants are advised that failure to comply with this Order may result in the imposition of further sanctions under Rule 37(b).

### D. Sanctions

Plaintiff also seeks its attorney's fees and costs incurred in bringing its Motion. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:24-cv-06018-MWC-BFM            Date:  May 19, 2025

Title:   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

===================================================================

when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court may not order payment of costs if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.*

Defendants argue that the requested sanctions are not warranted because the amount sought is "astronomical" and because "sanctions under Rule 37 are available only where a party 'fails to obey' a discovery order, which has not occurred here." (Opp'n at 14 (citing Fed. R. Civ. P. 37(b)(2)(A)).) The latter point is wholly unpersuasive; Rule 37(b) indeed applies when a party fails to comply with a court order, but Rule 37(a) provides an independent basis for sanctions. As noted above, Rule 37(a)(5)(A) requires the Court to award the prevailing party's costs in bringing the motion absent sufficient justification. Defendants' conduct in this instance is not substantially justified; they delayed providing any response for months and ultimately provided unreasonable and nonspecific objections without producing a single document. The Court told Defendants that many of the objections appeared off base during the IDC and urged it to revisit and at least narrow its objections, but Defendants pressed ahead. The positions taken in Defendants' briefing were not just wrong; they were baseless.

The Court therefore **grants** Plaintiff's request for an order requiring Defendants to pay the reasonable fees and costs incurred in bringing the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-06018-MWC-BFM     Date: May 19, 2025

Title: *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

=====================================================================

A question remains as to the amount of those fees and costs to be awarded. While Plaintiff's counsel estimated that it expected to incur $50,380 in arguing the motion (Mot. at 80; Berle Decl. at 28-29), counsel did not attach detailed billing records capturing the time spent on the Motion. Moreover, the estimate contemplated additional hours to prepare for a hearing on the Motion, which the Court took off calendar. (*See* ECF 87.) Counsel's declaration makes no attempt to establish the reasonableness of their rates. Additional briefing would thus be helpful to the Court.

**No later than May 30, 2025**, Plaintiff shall file a declaration describing the fees it contends it is entitled to recoup, supported by billing records and other relevant sources to support the requested fee. **No later than June 13, 2025**, Defendants shall file a response to Plaintiff's request. Failure to timely respond may be construed as consent to granting Plaintiff's request. The matter will be taken under submission upon receipt of Defendants' response, or once the time for filing that response has passed. To be clear, the briefing should be directed at the amount of the appropriate award, not whether an award is appropriate.

**IT IS SO ORDERED.**

cc:    Counsel of Record

Initials of Preparer:    ch