Oren J. Warshavsky (Admitted *Pro Hac Vice*)
owarshavsky@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.847.2849
Facsimile:  212.589.4201

Joelle A. Berle (SBN 252532)
jberle@bakerlaw.com
Alexis B. Cruz (SBN 312842)
acruz@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Ave. of the Stars, Ste. 2700
Los Angeles, California 90067-4301
Telephone:  310.820.8800
Facsimile:  310.820.8859

Michael A. Tomasulo (SBN 179389)
mike@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP LLP**
11400 W. Olympic Blvd., Ste. 200
Los Angeles, California 90064
Telephone:  310.887.1333
Facsimile:  310.887.1334

*Attorneys for Plaintiff*
ARTIST REVENUE ADVOCATES, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIST REVENUE ADVOCATES, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>KANYE OMARI WEST a/k/a "YE," et al.,<br><br>              Defendants. | Case No.: 2:24-CV-06018-MWC-BFM<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF JOELLE A. BERLE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE RE: SANCTIONS PURSUANT TO FRCP 37**<br><br>*[Concurrently Filed with Ex Parte Application; Declaration of Darla Crain; and [Proposed] Order]*<br><br>**Hearing:**          ***Ex Parte***<br>**Ctrm.:**              **780**<br><br>Magistrate: Hon. Brianna Fuller Mircheff<br><br>Fact Discovery Cutoff:  10/17/25<br>Trial:                          04/20/26 |

**DECLARATION OF JOELLE A. BERLE**

I, Joelle A. Berle, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and am a Partner with Baker & Hostetler LLP ("Baker Hostetler"), counsel of record for Plaintiff Artist Revenue Advocates, LLC ("Plaintiff"). I submit this declaration in support of Plaintiff's *Ex Parte* Application for Order to Show Cause Re: Sanctions Pursuant to FRCP 37.  Except where stated on information and belief, I have firsthand knowledge of the matters contained in this declaration or have gained such knowledge from my review of Baker Hostetler and/or Orbit IP LLP's records, or from Plaintiff. If called as a witness, I could and would competently testify thereto.

2.      As of the date of this declaration, the Rule 26(a)(1) initial disclosures of Defendants Kanye Omari West a/k/a Ye, Getting Out Our Dreams, Inc., Getting Out Our Dreams II, Inc., Yeezy LLC, Yeezy Supply LLC, and Ox Paha, Inc. f/k/a Mascotte Holdings, Inc. (collectively, "West Defendants") have not been amended or supplemented.

3.      On June 4, 2025, the West Defendants made their first production of documents in this action, bates numbered WEST_000001 – WEST_000004.  In this production, they produced four music files – two versions each of the songs *Hurricane* and *Moon*, the two leading tracks on Ye's recent album, *Donda*. (*See* Complaint, Dkt. 1.) These were produced as MP3 files, without any metadata—not the working files one would expect for album production.

4.      On June 5, 2025, the parties were before this Court for an informal discovery conference ("IDC"), to address an impasse on Plaintiff's Requests for Admission (Set One) ("RFAs") and Interrogatories (Set One) ("Interrogatories") propounded on the West Defendants on November 27, 2024. I attended the IDC. During the IDC, Eduardo Martorell, counsel for the West Defendants sought until June 13, 2025 to serve the West Defendants' supplemental responses to the RFAs and Interrogatories.  In addition, during the IDC, there was a discussion of the Court's

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

May 19, 2025 Order granting in part Plaintiff's Motion to Compel Responses to Plaintiff's Requests for Production of Documents (Set One) ("RFPs"), which ordered Plaintiff (a) to produce ordered to produce all responsive documents in their custody, possession, and control to all RFPs except for RFP 41 no later than June 12, 2025, (b) provide a declaration detailing the specific steps taken to search for responsive documents, and (c) produce a rule-compliant privilege log to the extent that any document is withheld on privilege grounds ("May 19 Order"). (ECF 93.) The June 12, 2025 production date was expressly discussed in relation to the June 13, 2025 date upon which West Defendants was ordered to supplement their responses to the RFAs and Interrogatories. During the IDC, Mr. Martorell repeatedly stated that the West Defendants understood the May 19 Order and would produce documents and comply with that order.

5.    On June 12, 2025, the West Defendants failed to serve any responsive documents, a declaration detailing their search efforts, or any privilege log, despite the May 19 Order. The West Defendants never objected or requested relief from the May 19 Order.

6.    On June 13, 2025, co-counsel for Plaintiff, Michael Tomasulo, with Orbit IP LLP sent an email to counsel for the West Defendants reminded counsel of the May 19 Order and demanded compliance with the order. I was copied on that email.

7.    At 10:24 p.m. on June 13, 2025, counsel for the West Defendants filed a Declaration of Milo Yiannopoulos (ECF 99).

8.    At 11:56 p.m. on June 13, 2025, counsel for the West Defendants served their second production of documents in this action comprised of a single 63-page PDF compilation of various items in non-native format and containing no metadata, bates numbered WEST_000005 – WEST_000067.

9.    In the 67 pages of documents produced by the West Defendants in this action, none of the documents include any streaming analytics, any royalty or revenue

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF JOELLE A. BERLE IN SUPPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR OSC RE: SANCTIONS PURSUANT TO FRCP 37

statements, any credit or registration data, any usage and revenue metrics, any clearance records, any stem files, any income records, any documents concerning fourteen publicly filed copyright lawsuits, or any documents from the West Defendants' 2023 litigation against The Gap[1] that settled in April 2025, despite the fact that such documents and data was requested in the RFPs.

10.    On November 27, 2024 Plaintiff's served Interrogatories (Set One) on the West Defendants. On February 3, 2025, the West Defendants served their unverified responses and objections to the Interrogatories. These responses did not contain a single substantive response.  Between April 14, 2025 and May 26, 2025, Mr. Tomasulo met and conferred with Mr. Martorell in writing and orally by telephonic meet and confer discussions regarding the West Defendants' deficient Interrogatory Responses. Emails, on which I was copied, were sent to Mr. Martorell on April 14, May 21, May 23 and May 26, and telephone discussions took place on April 21, April 25 and May 26. Throughout Plaintiff's meet and confer efforts regarding the Interrogatories, Plaintiff requested, and the West Defendants refused to respond in writing or substantively meet and confer on any of the deficiencies raised by Plaintiff until the May 26 conference, Plaintiff's final attempt to meet and confer. With the exception of emails exchanged between Mr. Tomasulo and Mr. Martorell on May 26 following the conference of counsel, the only written response from counsel for West Defendants to each of Plaintiff's detailed meet and confer emails was a scheduling email from Mr. Martorell's office manager or legal assistant.

11.    In the Court's May 19 Order on Plaintiff's RFPs, the Court issued detailed orders on the various objections asserted by the West Defendants in their responses to the RFPs.  During Plaintiff's meet and confer efforts with counsel for the West Defendants, while Plaintiff's Motion to Compel RFPs was pending before

---

[1] Plaintiff's Complaint alleges that the West Defendants infringed the Work and made substantial profits from collaborations with The Gap Inc. and Balenciaga for *Donda* promotional events and content featuring *Hurricane* and *Moon*. (*See* Dkt. 1, ¶¶ 58-66.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the Court, and after the May 19 Order was issued, Plaintiff requested, and the West Defendants refused to be guided by the May 19 Order on those same objections asserted by the West Defendants in the responses to the Interrogatories.  It was not until the June 5 IDC before the Court that counsel for the West Defendants finally agreed to be guided by the Court's May 19 ruling on the objections.

12.    Since discovery commenced in this action, the West Defendants have stated in their discovery responses and during discovery meet and confer discussions, that they are unable to respond to interrogatories, document requests and requests for admission because they dispute the allegations in Plaintiff's Complaint.  At the June 5 IDC, Mr. Martorell argued that the West Defendants took steps to avoid infringement after their request to the Artists for a license of the Work was rebuffed.[2]

13.    On June 13, 2025, the West Defendants served their supplemental responses to Plaintiff's Interrogatories pursuant to the Court's June 5 Minute Order following the IDC, verified by Milo Yiannopoulos on behalf of all six of the West Defendants. Each supplemental interrogatory response repeats boilerplate objections and states that the West Defendants "lack[] personal knowledge sufficient to answer the interrogatory." In addition, each supplemental interrogatory response parrots some of the excuses from Mr. Yiannopoulos' declaration (ECF 99) but ultimately explains that the West Defendants have no information. Notably, the Interrogatory responses do not include the non-infringement story told eight days earlier at the IDC. Attached hereto as **Exhibit A** are true and correct copies of the West Defendants' Supplemental Interrogatory Responses and corresponding Certificate of Service.

14.    Based on my review of publicly available information, Charles Misodi Njapa a/k/a 88-Keys, Nasir Pemberton a/k/a Digital Nas, and Jahmal Desmond Gwin a/k/a BoogzDaBeast, all are performers who appeared on *Donda*.

---

[2] Khalil Abdul-Rahman, Sam Barsh, Dan Seeff, and Josh Mease (the "Artists") created the musical composition and sound recording MSD PT2 (the "Work"). (Complaint, Dkt. 1, ¶ 1.)

DECLARATION OF JOELLE A. BERLE IN SUPPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR OSC RE: SANCTIONS PURSUANT TO FRCP 37

15.    Based on my review of publicly available information, Mark Williams, and Raul Cubina are independent songwriters.

16.    Based on my review of publicly available information, Sal York and Jeff Gandel are music industry professionals.  Mr. Williams is a music manager, and Mr. Gandel is an entertainment and intellectual property attorney in New York.

17.    Included in the documents produced by Defendants UMG Recordings, Inc., Universal Music Corp., and Universal Music Group, Inc. (collectively, "UMG"), in response to Plaintiff's November 1, 2024 Requests for Production of Documents (Set One), UMG produced a 2021 settlement agreement in a case entitled *Rock The World, LLC, et al. v Roc-A-Fella Records, LLC, et al.*, Superior Court of California, County of Los Angeles, Case No. 19STCV02733 ("LASC Action") ("2021 Settlement Agreement").  The Plaintiffs in the LASC Action included Kanye West, Getting Out Our Dreams II, LLC, Getting Out Our Dreams, Inc., and Mascotte Holdings, Inc., each of whom are Defendants in this Action. In addition, the Defendants in the LASC Action included Island Def Jam Music Group, a division of UMG Recordings, Inc., which is also another Defendant in this action.  Attached hereto as **Exhibit B** is a true and correct copy of the 2021 Settlement Agreement produced by UMG in this action, bates numbered UMG-000016 – UMG-000034 and marked "Confidential" pursuant to the Protective Order entered in this action. (ECF 82.)

18.    Attached hereto as **Exhibit C** and **Exhibit D**, respectively, are true and correct copies of emails between July 2021 through August 2021 (and corresponding attachments), produced with redactions by UMG in this action, bates numbered UMG-000270 – UMG-000320 and UMG-000390 – UMG-000394 and marked "Confidential" pursuant to the Protective Order entered in this action. (ECF 82.)

19.    Pursuant to Local Rule 7-19, notice of this *Ex Parte* Application and substance of the application was timely given to the West Defendants and UMG at approximately 12:30 p.m. on June 20, 2025 via email to counsel of record for the

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

West Defendants, Eduardo Martorell, Christopher Rosario, Jesse Belmontes from the law firm Martorell Law APC, along with their office manager, Jessica Sotolongo and legal assistant Rosie Rodriguez, and to counsel of record for Defendant UMG, David Steinberg and Constance Kang from the law firm Mitchell Silberberg & Knupp LLP. On June 20, 2025, Mr. Tomasulo and I spoke with Christopher Rosario at approximately, 1:00 p.m., wherein Mr. Rosario stated that the West Defendants intend to oppose this *Ex Parte* Application. In addition, Mr. Rosario sent an email at approximately 1:30 p.m. confirming the West Defendants' intention to oppose this *Ex Parte* Application. On June 20, 2025, Mr. Tomasulo and I attempted to reach Mr. Steinberg and Ms. Kang via telephone. We were unable to connect with either Mr. Steinberg or Ms. Kang and left voicemails for each of them. As of the preparation of this declaration, I do not know whether UMG intends to oppose this application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 20, 2025, at Los Angeles, California.

Joelle A. Berle

DECLARATION OF JOELLE A. BERLE IN SUPPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR OSC RE: SANCTIONS PURSUANT TO FRCP 37

# EXHIBIT A

**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendants, Ye f/k/a KANYE OMARI WEST; GETTING OUT OUR DREAMS, INC.; GETTING OUT OUR DREAMS II, LLC; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIST REVENUE ADVOCATES LLC,<br><br>Plaintiff,<br><br>v.<br><br>YE f/k/ka Kanye Omari West, *et al.*,<br><br>Defendants. | Case No.: 2:24-cv-06018 MWC (BFMx)<br><br>**DEFENDANTS YE F/K/A KANYE OMARI WEST, GETTING OUT OUR DREAMS, INC.; GETTING OUT OUR DREAMS II, LLC; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC. F/K/A MASCOTTE HOLDINGS, INC.'s SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |

**REQUESTING PARTY:**     PLAINTIFF ARTIST REVENUE ADVOCATES LLC

**RESPONDING PARTY:**     DEFENDANTS YE F/K/A KANYE OMARI WEST, GETTING OUT OUR DREAMS, INC.; GETTING OUT OUR DREAMS II, LLC; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC. F/K/A MASCOTTE HOLDINGS, INC.

**SET NUMBER:**     ONE

Defendants Ye f/k/a Kanye Omari West; Getting Out Our Dreams, Inc.; Getting Out Our Dreams II, LLC; Yeezy LLC; Yeezy Supply LLC; And Ox Paha Inc. F/K/A Mascotte Holdings, Inc. ("West Defendants" or "Responding Party") hereby respond to Plaintiff Artist Revenue Advocates LLC ("Plaintiff" or "Propounding Party") Requests for Production, pursuant to Fed. R. Civ. P. 26 and 33 as follows:

## PRELIMINARY STATEMENT

The following responses, while based on diligent investigation by West Defendants and their counsel, are necessarily supported only by those facts and writings, presently and specifically known and readily available. West Defendants have not completed their investigation of the facts related to the subject matter of this action, discovery, or its preparation for trial. West Defendants therefore make these responses without prejudice to its right to produce at any stage of these proceedings, including at trial, evidence of any facts or information that West Defendants may later recall or discover. West Defendants further reserve the right to change, amend, or supplement any or all of the matters contained in these responses with facts or information that they learn were omitted by inadvertence, mistake, or excusable neglect; as additional facts are ascertained and contentions are made in this litigation; and as additional persons appear in the case. These responses also are made solely for the purposes of this action, and are subject to all objections as to competence, authenticity, relevance materiality, privilege, and admissibility. All such objections and grounds are expressly reserved and may be interposed at the time of trial.

The assertion of any objection to an Interrogatory in any response below is neither intended as, nor shall in any way be deemed, a waiver of West Defendants' right to assert that or any other objection at a later date. Moreover, no incidental or implied admissions are intended by the responses below.

## GENERAL OBJECTIONS

1.    West Defendants object to the definitions contained in Plaintiff's Interrogatories to the extent they seek to impose obligations beyond those required

WEST DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INTERROGATORIES (SET ONE)

MARTORELL LAW APC
Litigation & Trial Counsel

by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

2.     West Defendants further object to the definitions contained in Plaintiff's Interrogatories to the extent they attempt to ascribe to certain words or phrases meanings other than their customary and ordinary meanings because such instructions and definitions are overly broad and impose an undue burden on West Defendants.  In responding to these discovery requests, West Defendants ascribe the customary and ordinary meanings to all words of common usage.

3.     West Defendants object to Plaintiff's Interrogatories to the extent they are impermissibly compound and/or contain discrete sub-parts, which should be counted as distinct Interrogatories under FRCP 33.  To Responding Party's knowledge, leave to serve additional Interrogatories has not been granted. Accordingly, to the extent these Interrogatories exceed the permissible amount, the excess Interrogatories are improperly propounded.

4.     West Defendants object to the Requests for Production to the extent they require the response of Responding Party's former directors, officers, employers, employees, agents, partners, and representatives.  Documents such persons might possess are not within the possession, custody, or control of the witness. .

5.     West Defendants object to the instructions contained in Plaintiff's Request for Production to the extent they purport to impose duties beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules.

6.     West Defendants further object to the instructions contained in Plaintiff's Request for Production on the grounds that the "relevant time period" is overbroad and unduly burdensome, and otherwise not proportional to the needs of this case.

MARTORELL LAW APC

Litigation & Trial Counsel

# RESPONSE TO INTERROGATORIES

## INTERROGATORY NO. 1:

Describe the role of each of the WEST DEFENDANTS in the production, marketing, distribution, and exploitation of DONDA, including HURRICANE and MOON, as well as any associated promotional events or MERCHANDISE.

## RESPONSE TO INTERROGATORY NO. 1:

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope or time. Further, the Request is vague and ambiguous, including as to the use of the terms "the production, marketing, distribution, and exploitation," "MERCHANDISE," "DONDA," "HURRICANE," and "MOON," particularly to the extent that these definitions expand the scope of the claims made in the operative complaint. Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case because it seeks "the role of each of the WEST DEFENDANTS in the production, marketing, distribution, and exploitation of DONDA, including HURRICANE and MOON, as well as any associated promotional events or MERCHANDISE" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it contains requests for six categories of information, as to six discrete parties, as to two songs, thus including discrete sub-parts constituting essentially 72 requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing even understanding that Plaintiffs could have served six different sets of discovery as to each defendant.

MARTORELL LAW APC
Litigation & Trial Counsel

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential. This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and business ventures that are unrelated to the album, let alone the Work, and that may involve parties not subject to this matter.

Subject to and without waiving these objections, Responding Party responds as follows: After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request. Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

Consequently, Responding Party does not have information sufficient to respond to the scope of Plaintiff's claims and this Interrogatory. To the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

/ / /

/ / /

WEST DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INTERROGATORIES (SET ONE)

MARTORELL LAW APC

Litigation & Trial Counsel

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute. Few relevant files have been found, and employees and contractors have not provided any despite being asked. A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

In general, however, Ye casts the net widely in early phases of creation before narrowing focus sharply as the clothing line or album begins to take shape. His art is interdisciplinary; it is not unusual for globally recognized figures from a half dozen disciplines to be yoked together under Ye's creative direction. They join the rappers, writers and producers paid large sums for work that never makes the final cut, and in some cases had no realistic hope of doing so. An almost identical technique is employed by British newspaper the *Daily Mail*. It is understood that material left behind will not be repackaged or repurposed.

Moreover, at Yeezy, it is usual for the entire contents of work email accounts to be purged on a regular basis, and it does not issue workers with laptops or mobile devices that are provisioned or which must be returned. Accordingly, it can be almost

1  impossible to locate even basic information in response to reasonable requests about

2  everyday company activity.

3        During its investigation, Responding Party attempted to contact third parties

4  who, on information and belief, may have personal knowledge regarding the subject

5  matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir

6  Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast,

7  Jeff Gandel, Mark Williams, and Raul Cubina.

8        Discovery and investigation are ongoing, and Responding Party reserves the

9  right to amend or supplement these responses if additional information becomes

10  available.

11  **INTERROGATORY NO. 2:**

12       Provide a comprehensive breakdown on a monthly basis of all REVENUE and

13  ROYALTIES received by the WEST DEFENDANTS related to DONDA,

14  HURRICANE, and MOON across all channels, including, but not limited to,

15  streaming, MERCHANDISE, LIVE EVENTS, and exclusive partnerships.

16  **RESPONSE TO INTERROGATORY NO. 2:**

17       Objection. The Responding Party hereby incorporates by reference its

18  Preliminary Statement and General Objections as though set forth in full.

19       Responding Party objects to this Interrogatory on the ground that it is overbroad

20  and unduly burdensome to the extent it seeks information that is neither relevant to

21  any party's claims or defenses, nor proportional to the needs of the case because it is

22  not limited in scope or time.  Further, the Request is vague and ambiguous, including

23  as to the use of the terms "comprehensive breakdown," "REVENUE,"

24  "ROYALTIES," "MERCHANDISE," "DONDA," "HURRICANE," and "MOON,"

25  particularly to the extent that these definitions expand the scope of the claims made in

26  the operative complaint.  Plaintiff further objects that this Interrogatory is vague,

27  ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the

28  needs of the case because it seeks "a comprehensive breakdown on a monthly basis of

MARTORELL LAW APC

Litigation & Trial Counsel

all REVENUE and ROYALTIES received by the WEST DEFENDANTS related to DONDA, HURRICANE, and MOON across all channels, including, but not limited to, streaming, MERCHANDISE, LIVE EVENTS, and exclusive partnerships" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it contains requests for six categories of information, as to six discrete parties, as to two songs and one album, thus including discrete sub-parts constituting essentially 108 requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing even understanding that Plaintiffs could have served six different sets of discovery as to each defendant.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential.  This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and revenue generation.

Subject to and without waiving these objections, Responding Party responds as follows:  After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request.  Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

To the extent this Interrogatory relates to revenue generated from any alleged use of the Work, Responding Party does not have information sufficient to respond.

MARTORELL LAW APC
Litigation & Trial Counsel

To the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33. Responding Party further objects on the ground that the Interrogatory is unduly burdensome. Plaintiff's request seeks not merely a narrative response, but a "comprehensive breakdown" of detailed information "on a monthly basis" that may not exist in a compiled form. To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute. Few relevant files have been found, and employees and contractors have not provided any despite being asked. A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from

MARTORELL LAW APC

Litigation & Trial Counsel

one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy there are no managers enforcing budgets, expenses policies or creative deadlines. Aside from an accountant, there is no employee at the company even today whose responsibilities are financial or strategic, and no one on payroll recognizably in marketing, business development, risk, financial planning or operations. No one notices when projects blaze past initial cost estimates. In most cases no one thought to ask ahead of time what the cost may be. Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

It appears that there has never been any attempt to determine whether the album *Donda* was profitable, since this is irrelevant to its artistic merit, though a knowledgeable consultant is confident it was not, and by many millions of dollars. Except for *Vultures 1*, no one has calculated, and nobody can determine, what any Ye album or apparel collection cost. If *Donda* is anything like the albums before and after it, and if Ye's tour bearing the same name is anything like the tours before and after that, every financial analysis will conclude that both album and tour lost substantial sums of money.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

WEST DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INTERROGATORIES (SET ONE)

MARTORELL LAW APC

Litigation & Trial Counsel

**INTERROGATORY NO. 3:**

Provide a comprehensive breakdown of the total costs incurred and resulting net income from DONDA, HURRICANE and MOON including, but not limited to, costs related to production, marketing, distribution, MERCHANDISE development, and LIVE PERFORMANCE, as well as any deductions from the REVENUE streams identified in INTERROGATORY NO. 2.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope or time. Further, the Request is vague and ambiguous, including as to the use of the terms "comprehensive breakdown," "REVENUE," "ROYALTIES," "MERCHANDISE," "DONDA," "HURRICANE," and "MOON," particularly to the extent that these definitions expand the scope of the claims made in the operative complaint. Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case because it seeks "a comprehensive breakdown of the total costs incurred and resulting net income from DONDA, HURRICANE and MOON including, but not limited to, costs related to production, marketing, distribution, MERCHANDISE development, and LIVE PERFORMANCE, as well as any deductions from the REVENUE streams identified in INTERROGATORY NO. 2" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it contains requests for eight categories of information, as to six discrete parties, as to two songs and one album, thus including discrete sub-parts constituting essentially 144 requests, in contravention

MARTORELL LAW APC

Litigation & Trial Counsel

of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing even understanding that Plaintiffs could have served six different sets of discovery as to each defendant.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential. This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and revenue generation.

Subject to and without waiving these objections, Responding Party responds as follows: After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request. Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

To the extent this Interrogatory relates to revenue generated from any alleged use of the Work, Responding Party does not have information sufficient to respond. To the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

WEST DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INTERROGATORIES (SET ONE)

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33. Responding Party further objects on the ground that the Interrogatory is unduly burdensome. Plaintiff's request seeks not merely a narrative response, but a "comprehensive breakdown" of detailed information that may not exist in a compiled form. To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute. Few relevant files have been found, and employees and contractors have not provided any despite being asked. A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy there are no managers enforcing budgets, expenses policies or creative deadlines. Aside from an accountant, there is no employee at the company even today whose responsibilities are financial or strategic, and no one on payroll recognizably in marketing, business development, risk, financial planning or operations. No one notices when projects blaze past initial cost estimates. In most cases no one thought to ask ahead of time what the cost may be. Accordingly, it can

MARTORELL LAW APC

Litigation & Trial Counsel

MARTORELL LAW APC

Litigation & Trial Counsel

be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

It appears that there has never been any attempt to determine whether the album *Donda* was profitable, since this is irrelevant to its artistic merit, though a knowledgeable consultant is confident it was not, and by many millions of dollars. Except for *Vultures 1*, no one has calculated, and nobody can determine, what any Ye album or apparel collection cost. If *Donda* is anything like the albums before and after it, and if Ye's tour bearing the same name is anything like the tours before and after that, every financial analysis will conclude that both album and tour lost substantial sums of money.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**INTERROGATORY NO. 4:**

Provide a comprehensive breakdown of all distributions, ROYALTIES payments, or other forms of financial compensation made by or to the WEST DEFENDANTS, or any third party on behalf of the WEST DEFENDANTS, in connection with DONDA, HURRICANE and MOON, including a breakdown of each payment or distribution, the date it was made, the amount, and the corresponding REVENUE stream (e.g., MERCHANDISE, streaming, synchronization, performance).

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. The Responding Party hereby incorporates by reference its

Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope or time.   Further, the Request is vague and ambiguous, including as to the use of the terms "comprehensive breakdown," "REVENUE," "ROYALTIES," "MERCHANDISE," "DONDA," "HURRICANE," and "MOON," particularly to the extent that these definitions expand the scope of the claims made in the operative complaint.   Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case because it seeks "a comprehensive breakdown of all distributions, ROYALTIES payments, or other forms of financial compensation made by or to the WEST DEFENDANTS, or any third party on behalf of the WEST DEFENDANTS, in connection with DONDA, HURRICANE and MOON, including a breakdown of each payment or distribution, the date it was made, the amount, and the corresponding REVENUE stream (e.g., MERCHANDISE, streaming, synchronization, performance)" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it contains requests for five categories of information, as to six discrete parties and an infinite number of third parties, as to two songs and one album, thus including discrete sub-parts constituting essentially 90 requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing even understanding that Plaintiffs could have served six different sets of discovery as to each defendant.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or

MARTORELL LAW APC

Litigation & Trial Counsel

confidential. This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and revenue generation.

Subject to and without waiving these objections, Responding Party responds as follows: After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request. Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

To the extent this Interrogatory relates to revenue generated from any alleged use of the Work, Responding Party does not have information sufficient to respond. To the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33. Responding Party further objects on the ground that the Interrogatory

MARTORELL LAW APC

Litigation & Trial Counsel

is unduly burdensome. Plaintiff's request seeks not merely a narrative response, but a "comprehensive breakdown" of detailed information that may not exist in a compiled form. To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute. Few relevant files have been found, and employees and contractors have not provided any despite being asked. A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy there are no managers enforcing budgets, expenses policies or creative deadlines. Aside from an accountant, there is no employee at the company even today whose responsibilities are financial or strategic, and no one on payroll recognizably in marketing, business development, risk, financial planning or operations. No one notices when projects blaze past initial cost estimates. In most cases no one thought to ask ahead of time what the cost may be. Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

It appears that there has never been any attempt to determine whether the album *Donda* was profitable, since this is irrelevant to its artistic merit, though a knowledgeable consultant is confident it was not, and by many millions of dollars. Except for *Vultures 1*, no one has calculated, and nobody can determine, what any Ye album or apparel collection cost. If *Donda* is anything like the albums before and after

it, and if Ye's tour bearing the same name is anything like the tours before and after that, every financial analysis will conclude that both album and tour lost substantial sums of money.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**INTERROGATORY NO. 6:**

Describe in detail all changes in the REVENUE, streaming performance, sales, and other financial metrics of WEST's music CATALOG following the release of DONDA, including, but not limited to, changes in streaming rates, changes in download and physical sales, changes in ROYALTY earnings, changes in synchronization or licensing opportunities, changes in performance REVENUE, and the specific impact of HURRICANE and/or MOON on these metrics.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope and time. Further, the Request is vague and ambiguous, including as to the use of the terms "comprehensive breakdown," "ROYALTY," "REVENUE," "CATALOG," "DONDA," "HURRICANE," and "MOON," particularly to the extent that these definitions expand the scope of the claims made in the operative complaint.

Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case because it seeks "Describe in detail all changes in the REVENUE, streaming performance, sales, and other financial metrics of WEST's music CATALOG following the release of DONDA, including, but not limited to, changes in streaming rates, changes in download and physical sales, changes in ROYALTY earnings, changes in synchronization or licensing opportunities, changes in performance REVENUE, and the specific impact of HURRICANE and/or MOON on these metrics" without any content limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it contains requests for changes in three financial metrics (and all financial metrics) for literally all music from the entire career of one of the most prolific artists of this generation, including changes in seven categories of revenues, and once all of that is done, specifically analyzing the impact upon all of that due to two songs. The request therefore includes a shocking amount of discrete sub-parts constituting essentially tens of requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential. This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and revenue generation.

Subject to and without waiving these objections, Responding Party responds as follows: After conducting a diligent search and reasonable inquiry, Responding

MARTORELL LAW APC

Litigation & Trial Counsel

Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request. Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

To the extent this Interrogatory relates to revenue generated from any alleged use of the Work, Responding Party does not have information sufficient to respond. To the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33. Responding Party further objects on the ground that the Interrogatory is unduly burdensome. Plaintiff's request seeks not merely a narrative response, but a "comprehensive breakdown" of detailed information that may not exist in a compiled form. To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome. Subject to and without waiving these objections, Responding Party responds as

MARTORELL LAW APC
Litigation & Trial Counsel

follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute. Few relevant files have been found, and employees and contractors have not provided any despite being asked. A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy there are no managers enforcing budgets, expenses policies or creative deadlines. Aside from an accountant, there is no employee at the company even today whose responsibilities are financial or strategic, and no one on payroll recognizably in marketing, business development, risk, financial planning or operations. No one notices when projects blaze past initial cost estimates. In most cases no one thought to ask ahead of time what the cost may be. Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

It appears that there has never been any attempt to determine whether the album *Donda* was profitable, since this is irrelevant to its artistic merit, though a knowledgeable consultant is confident it was not, and by many millions of dollars. Except for *Vultures 1*, no one has calculated, and nobody can determine, what any Ye album or apparel collection cost. If *Donda* is anything like the albums before and after it, and if Ye's tour bearing the same name is anything like the tours before and after that, every financial analysis will conclude that both album and tour lost substantial sums of money.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir

WEST DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INTERROGATORIES (SET ONE)

MARTORELL LAW APC
Litigation & Trial Counsel

1  Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast,

2  Jeff Gandel, Mark Williams, and Raul Cubina.

3        Discovery and investigation are ongoing, and Responding Party reserves the

4  right to amend or supplement these responses if additional information becomes

5  available.

6  **INTERROGATORY NO. 7:**

7        Describe all efforts and COMMUNICATIONS regarding obtaining

8  CLEARANCE for the WORK and any other third-party materials used in

9  HURRICANE and MOON, including internal discussions and any denials.

10 **RESPONSE TO INTERROGATORY NO. 7:**

11       Objection.  The Responding Party hereby incorporates by reference its

12 Preliminary Statement and General Objections as though set forth in full.

13       Responding Party objects to this Interrogatory on the ground that it is overbroad

14 and unduly burdensome to the extent it seeks information that is neither relevant to

15 any party's claims or defenses, nor proportional to the needs of the case because it is

16 not limited in scope or time, and including because it seeks a description of "all" efforts

17 and  "COMMUNICATIONS"  as  to  the  "WORK"  and  any  third-party

18 materials.  Further, the Request is vague and ambiguous, including as to the use of the

19 terms "COMMUNICATIONS," "CLEARANCE," "HURRICANE," and "MOON,"

20 particularly to the extent that these definitions expand the scope of the claims made in

21 the operative complaint. Plaintiff further objects that this Interrogatory is vague,

22 ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the

23 needs of the case because it seeks "Describe all efforts and COMMUNICATIONS

24 regarding obtaining CLEARANCE for the WORK and any other third-party materials

25 used in HURRICANE and MOON, including internal discussions and any denials"

26 without any limitation.

27       Responding Party further objects to this Request on the grounds that it is

28 impermissibly compound and supernumerary as it contains requests for an unlimited

MARTORELL LAW APC

Litigation & Trial Counsel

amount of acts and then adds in COMMUNICATIONS, relating to CLEARANCE for the WORK and then adds in for an unlimited amount of "third-party materials", as to two songs, thus including discrete sub-parts constituting essentially tens of requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential.  Objection is made to the extent this Interrogatory improperly assumes factual and/or legal conclusions.  Further, Responding Party objects to the extent the Interrogatory calls for a legal conclusion and/or prematurely calls for an expert opinion.  Responding Party objects to this Request to the extent it seeks disclosure of information protected by attorney-client privilege and/or work-product doctrine.  This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and revenue generation.

Subject to and without waiving these objections, Responding Party responds as follows:  After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request.  Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

To the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule

MARTORELL LAW APC
Litigation & Trial Counsel

1  26(b)(1) of the Federal Rules of Civil Procedure.

2      Nonetheless, Responding Party remains willing to meet and confer with Plaintiff

3  to clarify the scope of this Interrogatory and address any ambiguities. Discovery and

4  investigation are ongoing, and Responding Party reserves the right to amend or

5  supplement these responses if additional information becomes available.

6  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

7      Objection. The Responding Party hereby incorporates by reference its

8  Preliminary Statement and General Objections as though set forth in full.

9      Responding Party further objects to this Special Interrogatory on the grounds

10  that it is impermissibly compound and contains discrete subparts, causing the total

11  number of interrogatories to exceed the limit set forth under Federal Rule of Civil

12  Procedure 33. Responding Party further objects on the ground that the Interrogatory

13  is unduly burdensome. To the extent Plaintiff demands responses requiring the

14  creation or reorganization of non-existent compilations or the reconstruction of

15  information from disparate sources, Responding Party objects that such efforts are

16  unduly burdensome.

17      Subject to and without waiving these objections, Responding Party responds as

18  follows:

19      Responding Party has conducted a reasonable investigation, but can offer

20  vanishingly little related to the two songs in dispute. Few relevant files have been

21  found, and employees and contractors have not provided any despite being asked. A

22  combination of high staff turnover and Ye's unique artistic production and

23  management methods mean that there is almost no institutional memory retained from

24  one year into the next, and almost never the usual mountain of correspondence,

25  documents and work product. Therefore, Responding Party lacks personal knowledge

26  sufficient to answer the interrogatory

27      Moreover, at Yeezy, it is usual for the entire contents of work email accounts to

28  be purged on a regular basis, and it does not issue workers with laptops or mobile

MARTORELL LAW APC
Litigation & Trial Counsel

24

devices that are provisioned or which must be returned. Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**INTERROGATORY NO. 8:**

Describe in detail how all writers and producers, including, but not limited to, the ARTISTS, came to be CREDITED on HURRICANE and/or MOON, including the SPLITS for each song, the roles of UMG and/or other DEFENDANTS in determining such CREDITS and SPLITS, the basis for such decisions, and any changes or COMMUNICATIONS about CREDITS or SPLITS after any DEFENDANT became aware that permission to use the WORK had been denied.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope or time, including because it seeks a description of "all" writers and producers. Further, the Request is vague and ambiguous, including as to the use of the terms "permission" and "denied." Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not

MARTORELL LAW APC

Litigation & Trial Counsel

proportional to the needs of the case because it requests that Defendants "Describe in detail how all writers and producers, including, but not limited to, the ARTISTS, came to be CREDITED on HURRICANE and/or MOON, including the SPLITS for each song, the roles of UMG and/or other DEFENDANTS in determining such CREDITS and SPLITS, the basis for such decisions, and any changes or COMMUNICATIONS about CREDITS or SPLITS after any DEFENDANT became aware that permission to use the WORK had been denied" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it contains requests for all writers and producers, then for all ARTISTS, and then asks how all such persons: (1) came to be credited on <u>two</u> different songs; (2) what the SPLITS were for <u>two</u> different songs; (3) the role of UMG in determining <u>both</u> SPLITS and CREDITS; (4) the role of six different parties in determining <u>both</u> SPLITS and CREDITS; (5) the basis for all decisions relating to the foregoing; (6) any changes to <u>both</u> SPLITS and CREDITS; and, (7) any COMMUNICATIONS for <u>both</u> SPLITS and CREDITS. Therefore, this Interrogatory includes discrete sub-parts constituting essentially tens requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing even understanding that Plaintiffs could have served six different sets of discovery as to each defendant.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential. Objection is made to the extent this Interrogatory improperly assumes factual and/or legal conclusions. Further, Responding Party objects to the extent the Interrogatory calls for a legal conclusion and/or prematurely calls for an expert opinion. Responding Party objects to this Request to the extent it seeks disclosure of information protected by attorney-client privilege and/or work-product doctrine.

WEST DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INTERROGATORIES (SET ONE)

MARTORELL LAW APC
Litigation & Trial Counsel

Subject to and without waiving these objections, Responding Party responds as follows:  After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request.  Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Objection.  The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33.  Responding Party further objects on the ground that the Interrogatory is unduly burdensome.  To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute.  Few relevant files have been found, and employees and contractors have not provided any despite being asked.  A combination of high staff turnover and Ye's unique artistic production and

MARTORELL LAW APC

Litigation & Trial Counsel

management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy, it is usual for the entire contents of work email accounts to be purged on a regular basis, and it does not issue workers with laptops or mobile devices that are provisioned or which must be returned. Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**INTERROGATORY NO. 9:**

Describe in detail the manner and methods by which the WEST DEFENDANTS integrated DONDA, HURRICANE, and MOON into MERCHANDISE sales, brand collaborations, and promotional content, including, but not limited to: (a) the specific strategies and methods used to incorporate DONDA, HURRICANE, and MOON into marketing campaigns; (b) how DONDA, HURRICANE, and MOON were used in connection with partnerships with GAP, BALENCIAGA, and ADIDAS; and (c) the timing and coordination between music releases, LIVE PERFORMANCES and product launches.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. The Responding Party hereby incorporates by reference its

MARTORELL LAW APC

Litigation & Trial Counsel

Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope or time. Further, the Request is vague and ambiguous, including as to the use of the terms "MERCHANDISE," "DONDA," "HURRICANE," and "MOON," "GAP," "BALENCIAGA," and "ADIDAS." particularly to the extent that these definitions expand the scope of the claims made in the operative complaint. Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case because it seeks "the manner and methods by which the WEST DEFENDANTS integrated DONDA, HURRICANE, and MOON into MERCHANDISE sales, brand collaborations, and promotional content, including, but not limited to: (a) the specific strategies and methods used to incorporate DONDA, HURRICANE, and MOON into marketing campaigns; (b) how DONDA, HURRICANE, and MOON were used in connection with partnerships with GAP, BALENCIAGA, and ADIDAS; and (c) the timing and coordination between music releases, LIVE PERFORMANCES and product launches" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it contains requests for two categories of descriptions for how six discrete parties, as to two songs and one album, took action regarding three categories of business activity, and then requests information regarding: (1) strategies and methods as to marketing campaigns; (2) how two songs and one album were used in connection with partnerships with three different companies, and the timing and coordination of music releases for both LIVE PERFORMANCES and product launches." Therefore, this one request includes discrete sub-parts constituting essentially over 100 requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive

MARTORELL LAW APC
Litigation & Trial Counsel

1  and harassing even understanding that Plaintiffs could have served six different sets of

2  discovery as to each defendant.

3      Responding Party objects to the extent the Interrogatory seeks information

4  which would violate the privacy rights of third parties and/or the right of privacy held

5  by Responding Party. Responding Party objects to this Request on the ground that the

6  information sought by the Request is sensitive, private, proprietary and/or

7  confidential. This Request improperly assumes that Responding Party used the

8  alleged musical work ("Work") in the Subject Tracks and further presuppose a causal

9  connection between the alleged use of the Work, the entirety of album in which the

10  Work allegedly is used, and business ventures that are unrelated to the album, let alone

11  the Work, and that may involve parties not subject to this matter.

12      Subject to and without waiving these objections, Responding Party responds

13  as follows:  After conducting a diligent search and reasonable inquiry, Responding

14  Party has found no evidence to suggest that the alleged Work was used in the Subject

15  Tracks. Responding Party has not identified any evidence of a request made to

16  Plaintiffs for use of the Work, nor of a denial of any such request.  Additionally,

17  based on Responding Party's recent inquiry, there is no evidence that the tracks

18  "Hurricane" and "Moon" contain any sample of the alleged Work.

19      Consequently, Responding Party does not have information sufficient to

20  respond to the scope of Plaintiff's claims and this Interrogatory. To the extent

21  Plaintiff intends these Interrogatories to seek information unrelated to the alleged use

22  of the Work, they are irrelevant to the claims and defenses in this matter and exceed

23  the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil

24  Procedure.

25      Nonetheless, Responding Party remains willing to meet and confer with Plaintiff

26  to clarify the scope of this Interrogatory and address any ambiguities. Discovery and

27  investigation are ongoing, and Responding Party reserves the right to amend or

28  supplement these responses if additional information becomes available.

MARTORELL LAW APC
Litigation & Trial Counsel

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Objection.  The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33.  Responding Party further objects on the ground that the Interrogatory is unduly burdensome.  To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute.  Few relevant files have been found, and employees and contractors have not provided any despite being asked.  A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product.  Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy, it is usual for the entire contents of work email accounts to be purged on a regular basis, and it does not issue workers with laptops or mobile devices that are provisioned or which must be returned.  Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject

MARTORELL LAW APC

Litigation & Trial Counsel

matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**INTERROGATORY NO. 10:**

Provide a comprehensive breakdown of the total REVENUE generated from the DONDA LISTENING PARTIES and LIVE PERFORMANCES, including, but not limited to, ticket sales, MERCHANDISE sales (with each type's connection to DONDA, HURRICANE and MOON), streaming REVENUE, and any monetization arrangements including MERCHANDISE cross-promotions.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope or time. Further, the Request is vague and ambiguous, including as to the use of the terms "REVENUE," "LISTENING PARTIES," "MERCHANDISE," "DONDA," "HURRICANE," and "MOON," particularly to the extent that these definitions expand the scope of the claims made in the operative complaint. Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case because it seeks "a comprehensive breakdown of the total REVENUE generated from the DONDA LISTENING PARTIES and LIVE PERFORMANCES, including, but not limited to, ticket sales, MERCHANDISE sales (with each type's connection to DONDA, HURRICANE and MOON), streaming REVENUE, and any monetization

MARTORELL LAW APC
Litigation & Trial Counsel

arrangements including MERCHANDISE cross-promotions" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it contains requests a comprehensive breakdown of REVENUE for two categories of events, and then requests four revenue streams as to two songs and one album. Therefore, this one request includes discrete sub-parts constituting essentially tens of requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential. This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and business ventures that are unrelated to the album, let alone the Work, and that may involve parties not subject to this matter.

Subject to and without waiving these objections, Responding Party responds as follows: After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request. Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

Consequently, to the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

MARTORELL LAW APC

Litigation & Trial Counsel

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33. Responding Party further objects on the ground that the Interrogatory is unduly burdensome. Plaintiff's request seeks not merely a narrative response, but a "comprehensive breakdown" of detailed information that may not exist in a compiled form. To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute. Few relevant files have been found, and employees and contractors have not provided any despite being asked. A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy there are no managers enforcing budgets, expenses policies or creative deadlines. Aside from an accountant, there is no employee at the company

34

MARTORELL LAW APC

Litigation & Trial Counsel

even today whose responsibilities are financial or strategic, and no one on payroll recognizably in marketing, business development, risk, financial planning or operations. No one notices when projects blaze past initial cost estimates. In most cases no one thought to ask ahead of time what the cost may be. Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

It appears that there has never been any attempt to determine whether the album *Donda* was profitable, since this is irrelevant to its artistic merit, though a knowledgeable consultant is confident it was not, and by many millions of dollars. Except for *Vultures 1*, no one has calculated, and nobody can determine, what any Ye album or apparel collection cost. If *Donda* is anything like the albums before and after it, and if Ye's tour bearing the same name is anything like the tours before and after that, every financial analysis will conclude that both album and tour lost substantial sums of money.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**INTERROGATORY NO. 11:**

Identify and describe in detail all audiovisual works (including but not limited to MUSIC VIDEOS, commercials, product advertisements, social media content, promotional videos, brand collaborations, and marketing materials) that incorporated or featured songs from DONDA (including, but not limited to, HURRICANE and/or MOON), including the date of creation, release, and platforms or media outlets of

MARTORELL LAW APC

Litigation & Trial Counsel

1 distribution.

2 **<u>RESPONSE TO INTERROGATORY NO. 11:</u>**

3     Objection. The Responding Party hereby incorporates by reference its

4 Preliminary Statement and General Objections as though set forth in full.

5     Responding Party objects to this Interrogatory on the ground that it is overbroad

6 and unduly burdensome to the extent it seeks information that is neither relevant to

7 any party's claims or defenses, nor proportional to the needs of the case because it is

8 not limited in scope or time. Further, the Request is vague and ambiguous, including

9 as to the use of the terms "MUSIC VIDEOS," "DONDA," "HURRICANE," and

10 "MOON," particularly to the extent that these definitions expand the scope of the

11 claims made in the operative complaint. Plaintiff further objects that this Interrogatory

12 is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not

13 proportional to the needs of the case because it requests Defendants "Identify and

14 describe in detail all audiovisual works (including but not limited to MUSIC VIDEOS,

15 commercials, product advertisements, social media content, promotional videos, brand

16 collaborations, and marketing materials) that incorporated or featured songs from

17 DONDA (including, but not limited to, HURRICANE and/or MOON), including the

18 date of creation, release, and platforms or media outlets of distribution" without any

19 limitation.

20     Responding Party further objects to this Request on the grounds that it is

21 impermissibly compound and supernumerary as it requests identification and

22 description of seven categories of activity, as to two songs and one album, and then

23 seeks two dates and distribution for each. Therefore, this one request includes discrete

24 sub-parts constituting essentially tens of requests, in contravention of FRCP 33. Thus,

25 Responding Party objects to this Request on the ground that it is oppressive and

26 harassing.

27     Responding Party objects to the extent the Interrogatory seeks information

28 which would violate the privacy rights of third parties and/or the right of privacy held

MARTORELL LAW APC

Litigation & Trial Counsel

by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential.  This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and business ventures that are unrelated to the album, let alone the Work, and that may involve parties not subject to this matter.

Subject to and without waiving these objections, Responding Party responds as follows:  After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request.  Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

Consequently, to the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Objection.  The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil

MARTORELL LAW APC

Litigation & Trial Counsel

Procedure 33.  Responding Party further objects on the ground that the Interrogatory is unduly burdensome.  To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute.  Few relevant files have been found, and employees and contractors have not provided any despite being asked.  A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product.  Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy, it is usual for the entire contents of work email accounts to be purged on a regular basis, and it does not issue workers with laptops or mobile devices that are provisioned or which must be returned.  Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

WEST DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INTERROGATORIES (SET ONE)

MARTORELL LAW APC

Litigation & Trial Counsel

**INTERROGATORY NO. 12:**

For each audiovisual work identified in response to the previous interrogatory, describe in detail: (a) how the work was used to feature, market, or promote the YEEZY GAP ENGINEERED BY BALENCIAGA collaboration or any other products, brands, ventures, collaborations, clothing, accessories, or commercial activities; (b) the process and reasoning for selecting specific products, brands, or commercial activities to be featured; and (c) how the timing and content of the work coordinated with product launches and marketing campaigns.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope or time. Further, the Request is vague and ambiguous, including as to the use of the terms "YEEZY GAP ENGINEERED BY BALENCIAGA." Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case because it requests: "For each audiovisual work identified in response to the previous interrogatory, describe in detail: (a) how the work was used to feature, market, or promote the YEEZY GAP ENGINEERED BY BALENCIAGA collaboration or any other products, brands, ventures, collaborations, clothing, accessories, or commercial activities; (b) the process and reasoning for selecting specific products, brands, or commercial activities to be featured; and (c) how the timing and content of the work coordinated with product launches and marketing campaigns" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it requests identification and description of seven categories of activity, as to two songs and one album, and then

seeks two dates and distribution for each. Therefore, this one request includes discrete sub-parts constituting essentially tens of requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential. This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and business ventures that are unrelated to the album, let alone the Work, and that may involve parties not subject to this matter.

Subject to and without waiving these objections, Responding Party responds as follows: After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request. Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

Consequently, to the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

MARTORELL LAW APC

Litigation & Trial Counsel

MARTORELL LAW APC

Litigation & Trial Counsel

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33. Responding Party further objects on the ground that the Interrogatory is unduly burdensome. To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute. Few relevant files have been found, and employees and contractors have not provided any despite being asked. A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy, it is usual for the entire contents of work email accounts to be purged on a regular basis, and it does not issue workers with laptops or mobile devices that are provisioned or which must be returned. Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject

1  matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir

2  Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast,

3  Jeff Gandel, Mark Williams, and Raul Cubina.

4       Discovery and investigation are ongoing, and Responding Party reserves the

5  right to amend or supplement these responses if additional information becomes

6  available.

7  **INTERROGATORY NO. 13:**

8       Describe in detail all products, services, brands, ventures, collaborations, and

9  other commercial activities that were promoted, marketed, sold, or otherwise

10  monetized in connection with DONDA, HURRICANE and MOON, including but

11  not limited to MERCHANDISE, fashion collaborations (including YEEZY GAP

12  ENGINEERED BY BALENCIAGA), footwear and apparel lines, technology

13  products (including the DONDA STEM PLAYER), retail ventures, pop-up stores, art

14  installations, gaming ventures, NFTs, digital collectibles, brand partnerships, and any

15  revenue derived from such activities.

16  **RESPONSE TO INTERROGATORY NO. 13:**

17       Objection.  The Responding Party hereby incorporates by reference its

18  Preliminary Statement and General Objections as though set forth in full.

19       Responding Party objects to this Interrogatory on the ground that it is overbroad

20  and unduly burdensome to the extent it seeks information that is neither relevant to

21  any party's claims or defenses, nor proportional to the needs of the case because it is

22  not limited in scope or time.   Further, the Request is vague and ambiguous, including

23  as to the use of the terms "MERCHANDISE," "DONDA STEM PLAYER," "NFTs,"

24  "YEEZY GAP ENGINEERED BY BALENCIAGA," "DONDA," "HURRICANE,"

25  and "MOON," particularly to the extent that these definitions expand the scope of the

26  claims made in the operative complaint.  Plaintiff further objects that this Interrogatory

27  is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not

28  proportional to the needs of the case because it requests: "Describe in detail all

MARTORELL LAW APC

Litigation & Trial Counsel

products, services, brands, ventures, collaborations, and other commercial activities that were promoted, marketed, sold, or otherwise monetized in connection with DONDA, HURRICANE and MOON, including but not limited to MERCHANDISE, fashion collaborations (including YEEZY GAP ENGINEERED BY BALENCIAGA), footwear and apparel lines, technology products (including the DONDA STEM PLAYER), retail ventures, pop-up stores, art installations, gaming ventures, NFTs, digital collectibles, brand partnerships, and any revenue derived from such activities" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it requests identification and description of five categories of commercial activities (and also all "other commercial activities"), as to two songs and one album, and then seeks such activity descriptions as to 12 different forms of products. Therefore, this one request includes discrete sub-parts constituting essentially over a hundred requests, in contravention of FRCP 33. Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or confidential. This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and business ventures that are unrelated to the album, let alone the Work, and that may involve parties not subject to this matter.

Subject to and without waiving these objections, Responding Party responds as follows: After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject

MARTORELL LAW APC

Litigation & Trial Counsel

Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request. Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

Consequently, to the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33. Responding Party further objects on the ground that the Interrogatory is unduly burdensome. To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute. Few relevant files have been found, and employees and contractors have not provided any despite being asked. A

MARTORELL LAW APC

Litigation & Trial Counsel

combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product. Therefore, Responding Party lacks personal knowledge sufficient to answer the interrogatory.

Moreover, at Yeezy, it is usual for the entire contents of work email accounts to be purged on a regular basis, and it does not issue workers with laptops or mobile devices that are provisioned or which must be returned. Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**INTERROGATORY NO. 14:**

Describe in detail all instances where the WEST DEFENDANTS used or were accused of using third-party music, samples, or other content without authorization, including situations where CREDITS were given without securing licenses, including by describing any RELATED internal policies, RISK ASSESSMENTS, or discussions on these practices, as well as any settlements, litigation, or resolutions connected to such uses.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it is not limited in scope or time but instead seeks "all instances."  Further, the Request is vague and ambiguous, including as to the use of the terms "accused," "without authorization," "without securing licenses," "RISK ASSESSMENTS," "these practices," and "settlements, litigation, or resolutions connected to such uses." Plaintiff further objects that this Interrogatory is vague, ambiguous, unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case because it requests: "Describe in detail all instances where the WEST DEFENDANTS used or were accused of using third-party music, samples, or other content without authorization, including situations where CREDITS were given without securing licenses, including by describing any RELATED internal policies, RISK ASSESSMENTS, or discussions on these practices, as well as any settlements, litigation, or resolutions connected to such uses" without any limitation.

Responding Party further objects to this Request on the grounds that it is impermissibly compound and supernumerary as it requests identification and description of the usage of _both_ cleared/licensed samples and unlicensed samples, music and "other content", and requesting further information regarding credits being provided, internal policies, risk assessments, discussions on all such practices, and in addition settlement, litigation, and resolution.  Therefore, this one request includes discrete sub-parts constituting essentially tens of requests, in contravention of FRCP 33.  Thus, Responding Party objects to this Request on the ground that it is oppressive and harassing.

Responding Party objects to the extent the Interrogatory seeks information which would violate the privacy rights of third parties and/or the right of privacy held by Responding Party. Responding Party objects to this Request on the ground that the information sought by the Request is sensitive, private, proprietary and/or

MARTORELL LAW APC

Litigation & Trial Counsel

confidential. This Request improperly assumes that Responding Party used the alleged musical work ("Work") in the Subject Tracks and further presuppose a causal connection between the alleged use of the Work, the entirety of album in which the Work allegedly is used, and business ventures that are unrelated to the album, let alone the Work, and that may involve parties not subject to this matter.

Subject to and without waiving these objections, Responding Party responds as follows: After conducting a diligent search and reasonable inquiry, Responding Party has found no evidence to suggest that the alleged Work was used in the Subject Tracks. Responding Party has not identified any evidence of a request made to Plaintiffs for use of the Work, nor of a denial of any such request. Additionally, based on Responding Party's recent inquiry, there is no evidence that the tracks "Hurricane" and "Moon" contain any sample of the alleged Work.

Consequently, to the extent Plaintiff intends these Interrogatories to seek information unrelated to the alleged use of the Work, they are irrelevant to the claims and defenses in this matter and exceed the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nonetheless, Responding Party remains willing to meet and confer with Plaintiff to clarify the scope of this Interrogatory and address any ambiguities. Discovery and investigation are ongoing, and Responding Party reserves the right to amend or supplement these responses if additional information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Objection. The Responding Party hereby incorporates by reference its Preliminary Statement and General Objections as though set forth in full.

Responding Party further objects to this Special Interrogatory on the grounds that it is impermissibly compound and contains discrete subparts, causing the total number of interrogatories to exceed the limit set forth under Federal Rule of Civil Procedure 33. Responding Party further objects on the ground that the Interrogatory is unduly burdensome and equally available to Plaintiff based on publicly available

MARTORELL LAW APC
Litigation & Trial Counsel

MARTORELL LAW APC

Litigation & Trial Counsel

information.   To the extent Plaintiff demands responses requiring the creation or reorganization of non-existent compilations or the reconstruction of information from disparate sources, Responding Party objects that such efforts are unduly burdensome.

Subject to and without waiving these objections, Responding Party responds as follows:

*Watkins v. West,* United States District Court for the Western District of Tennessee – Western Division, Case No. 2:24-cv-02880.

*Merton v. Ye,* United States District Court for the Central District of California – Western Division, Case No. 2:25-cv-02615.

Responding Party has conducted a reasonable investigation, but can offer vanishingly little related to the two songs in dispute.  Few relevant files have been found, and employees and contractors have not provided any despite being asked.  A combination of high staff turnover and Ye's unique artistic production and management methods mean that there is almost no institutional memory retained from one year into the next, and almost never the usual mountain of correspondence, documents and work product.  Therefore, Responding Party lacks personal knowledge sufficient to further answer the interrogatory, but will continue to investigate.

Moreover, at Yeezy, it is usual for the entire contents of work email accounts to be purged on a regular basis, and it does not issue workers with laptops or mobile devices that are provisioned or which must be returned.  Accordingly, it can be almost impossible to locate even basic information in response to reasonable requests about everyday company activity.

During its investigation, Responding Party attempted to contact third parties who, on information and belief, may have personal knowledge regarding the subject matter of this interrogatory, including: Charles Misodi Njapa a.k.a. 88-Keys, Nasir Pemberton a.k.a. Digital Nas, Sal York, Jahmal Desmond Gwin a.k.a. BoogzDaBeast, Jeff Gandel, Mark Williams, and Raul Cubina.

Discovery and investigation are ongoing, and Responding Party reserves the

right to amend or supplement these responses if additional information becomes available.

Dated: June 13, 2025                    **MARTORELL LAW APC**

By: _/s/ Eduardo Martorell_
        Eduardo Martorell
        Christopher A. Rosario
        Attorneys for Defendants, Ye f/k/a
        KANYE OMARI WEST; GETTING
        OUT OUR DREAMS, INC.;
        GETTING OUT OUR DREAMS II,
        LLC; YEEZY LLC; YEEZY
        SUPPLY LLC; and OX PAHA INC.
        f/k/a MASCOTTE HOLDINGS, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>VERIFICATION</u>**

I, Milo Yiannopoulos, know the contents of **DEFENDANTS YE F/K/A KANYE OMARI WEST, GETTING OUT OUR DREAMS, INC.; GETTING OUT OUR DREAMS II, LLC; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC. F/K/A MASCOTTE HOLDINGS, INC.'s SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE).**

I am authorized to collect evidence, sign verifications, and bind the entity defendants in this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 13, 2025, at Los Angeles, California.



Signed by:

_____

DEFENDANTS YE F/K/A KANYE OMARI WEST, GETTING OUT OUR DREAMS, INC., GETTING OUT OUR DREAMS II, LLC, YEEZY LLC, YEEZY SUPPLY LLC, and OX PAHA INC. F/K/A MASCOTTE HOLDINGS, INC.

**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendants, Ye f/k/a KANYE
OMARI WEST; GETTING OUT OUR
DREAMS, INC.; GETTING OUT OUR
DREAMS II, LLC; YEEZY LLC; YEEZY
SUPPLY LLC; and OX PAHA INC.
f/k/a MASCOTTE HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIST REVENUE ADVOCATES LLC, | Case No.: 2:24-cv-06018-MWC-BFM |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| YE f/k/ka Kanye Omari West, *et al.*, | |
| Defendants. | |

*Litigation & Trial Counsel*

MARTORELL LAW APC

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is, 6100 Center Drive, Suite 1130, Los Angeles, California 90045.

On June 13, 2025, I served the within document(s) described as:

1. **DEFENDANTS YE F/K/A KANYE OMARI WEST, GETTING OUT OUR  DREAMS, INC.; GETTING OUT OUR DREAMS II, LLC; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC. F/K/A MASCOTTE HOLDINGS, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)**

2. **DEFENDANTS YE F/K/A KANYE OMARI WEST, GETTING OUT OUR DREAMS, INC.; GETTING OUT OUR DREAMS II, LLC; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC. F/K/A MASCOTTE HOLDINGS, INC.'s SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

on the interested parties in this action as stated on the attached mailing list.

☐  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed to Plaintiffs as set forth on the attached mailing list.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY ELECTRONIC SERVICE) I caused such document(s) to be Served to all Party/Parties through electronic means at the electronic addresses as set forth on the attached service list. Upon completion of transmission of said document(s), I did not receive an "undeliverable" receipt.

Executed on June 13, 2025 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Rosie Rodriguez | /s/ Rosie Rodriguez |
|---|---|
| (Type or print name) | (Signature) |

**ARTIST REVENUE ADVOCATES LLC v. YE f/k/ka Kanye Omari West, et al.,**

## Case No.  2:24-cv-06018-MWC-BFM

**ML Client: Ye f/k/a KANYE OMARI WEST, GETTING OUT
OUR DREAMS, INC., GETTING OUT OUR DREAMS
II, LLC, YEEZY LLC, YEEZY SUPPLY LLC,
and OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC.**

**ML File No.:        2141.001**

## SERVICE LIST

**BAKER & HOSTETLER LLP**

 Joelle A. Berle (SBN 252532)

Alexis B. Cruz (SBN 312842)

jberle@bakerlaw.co

acruz@bakerlaw.com

1900 Avenue of the Stars, Suite 2700

Los Angeles, California 90067-4301

Telephone: 310.820.8800

Facsimile: 310.820.8859

**BAKER & HOSTETLER LLP**

Oren J. Warshavsky (*Pro Hac Vice*)

owarshavsky@bakerlaw.com

45 Rockefeller Plaza

New York, New York 10111

Telephone: 212.847.2849

Facsimile: 212.589.4201

**ORBIT IP LLP**

Michael A. Tomasulo (SBN 179389)

David A. Randall (SBN 156722)

MARTORELL LAW APC
Litigation & Trial Counsel

mike@orbitip.com

dave@orbitip.com

10900 Wilshire Boulevard, Suite 300

Los Angeles, California 90024

Telephone: 310.887.1333

Facsimile: 310.887.1334

*Attorneys for Plaintiff,*

MARTORELL LAW APC

Litigation & Trial Counsel

# EXHIBIT B

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# EXHIBIT C

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# EXHIBIT D

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL