UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| **Case No.:** 2:24-cv-06018-MWC-BFM | **Date:** June 27, 2025 |

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

========================================================================

**Present:** The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) Order Re: Plaintiff's Request for Fees and Costs in Connection with Motion to Compel (ECF 80)

Last month, the Court granted in part Plaintiff's motion for an order compelling further responses to its discovery requests. (ECF 93.) As part of that Order, the Court concluded that an award of fees and costs was warranted under Rule 37 and explained why it found that to be so. (ECF 93 at 13-15.) The Court also concluded, however, that it lacked sufficient information to fix the amount of such an award. Both Plaintiff and Defendant have now supplemented their earlier pleadings on this point. (ECF 96, 100 (Def.'s Br.).) The Court now enters this further order with respect to Plaintiff's Motion.

## Legal Standard

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-06018-MWC-BFM                **Date:**  June 27, 2025

**Title:**   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

========================================================================

to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court adopted the lodestar method for calculating attorneys' fee awards. A court determines the lodestar by multiplying the number of hours reasonably expended on a particular motion by a reasonable hourly rate. *Id.* at 433. "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986).

## Discussion

Here, Plaintiff's billing records reflect that Baker & Hostetler LLP billed 46.2 hours in connection with this Motion, and that Orbit IP LLP billed an additional 13.3 hours. (ECF 96-1 (Decl. of J. Berle ¶ 9); ECF 96-2 at 4 (Decl. of M. Tomasulo) ¶ 7.) While the number of hours billed is relatively high for a discovery motion, the Court attributes that fact in part to Defendants' kitchen-sink objections. During the informal discovery conference held in connection with the Motion, the Court strongly urged Defendants to consider choosing their battles, as it seemed that several of their objections were not well-founded. Defendants persisted in their course. They had every right to do so, of course, and to seek a formal ruling on their objections. That choice, however, required Plaintiff to address a broad range of objections relating to every single Request for Production, including several as to which Defendants never clearly articulated a specific objection against which Plaintiff could parry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-06018-MWC-BFM                              **Date:**  June 27, 2025

**Title:**   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

======================================================================

As a general matter, courts "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Moreover, "an attorney's sworn testimony that, in fact, it took the time claimed"—as exists here (Decl. of J. Berle ¶¶ 6, 8)—"is evidence of considerable weight on the issue of the time required." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) (citation omitted). The Court generally defers to Plaintiff, with two narrow exceptions.

First, the Court finds that Plaintiff has not carried its burden to show that two billing entries by Mr. Warshavsky records reflect time attributable to the discovery motion. The two entries reflect (1) a phone call on April 16, 2025 "concerning outstanding discovery and projects" (.5 hours); and (2) a call that same day "regarding outstanding discovery and related items" (.6 hours). Given the number of outstanding discovery-related issues in this case, the Court declines to find that these entries reflect time "incurred in making the motion." Fed. R. Civ. P. 37(a)(5).

Second, the Court finds it unreasonable that Plaintiff's team billed more than 20 hours for its five-page reply, much of which pointed the Court back to arguments made and caselaw cited in the Motion. The Court finds that a reasonable (if not generous) number of hours is half the hours billed, or 10.1 hours, and applies a 50% reduction across the board to Plaintiff's counsel's entries between April 15 and April 22.

Taking a different tack, Defendants complain about the overstaffing of the case on Plaintiff's side. (Def.'s Br. at 4-6.) They point to the attendance of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:24-cv-06018-MWC-BFM  **Date:** June 27, 2025

**Title:** *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

======================================================================

multiple attorneys at the IDC (while recognizing that Plaintiff did not ask the Court to award fees for participation in the IDC[1]). Defendants' objection on this point is not well taken. Here, close to half of the hours billed to the motion and reply—25.9—were billed by a senior associate, with only four hours total attributed to the most senior Baker & Hostetler partner, Mr. Warshavsky. Pointing to Defendants' own lean staffing model is hardly persuasive (Def.'s Br. at 5); the Court, at the most recent IDC, noted that Defendants' apparent decision to understaff their legal team did not excuse their failure to make progress toward their discovery obligations.

In terms of billing rate, Baker & Hostetler LLP asks the Court to award $1,850 for Mr. Warshavsky, a senior partner with 27 years' experience at the firm (who only billed four hours on the Motion); $1,130 for Joelle Berle, a partner with 18 years' experience; and $1,000 for Alexis Cruz, a senior associate with 9 years' experience. (Decl. of J. Berle ¶ 5.) Mr. Tomasulo, a 30-year IP litigator from Orbit IP LLP, asks for $1,195. (Decl. of M. Tomasulo ¶ 5.) Counsel from both firms supports the rate for its partners by pointing to Major Lindsey & Africa's Partner Compensation Survey (Decl. of J. Berle ¶ 3; Decl. of M. Tomasulo ¶ 6); that survey reflects that Ms. Berle and Mr. Tomasulo's rates are close to both the average and the median rate for partners at AmLaw 200 firms, and that Mr. Warshavsky's rate is not at all an outlier. Defendants urge the Court to use other metrics, like the Real Rate Report, but do not provide any evidence of what a reasonable rate would be using those

---

[1] Neither firm on Plaintiff's side billed for any time spent in connection with meet-and-confer sessions or the informal discovery conference that were a prelude to the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-06018-MWC-BFM                    **Date:**   June 27, 2025

**Title:**   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

=====================================================================

metrics. (Def.'s Br. at 3-4.) Moreover, doing so would not change the analysis significantly; Ms. Berle and Mr. Tomasulo's rate would be between the median and third quartile for litigation partners in Los Angeles—a reasonable place for their rate to land, given their experience. *See* Real Rate Report 16 (Wolters Kluwer 2024).

Plaintiff does not provide support for the billing rate of its senior associate, nor do Defendants suggest a contrary number. Ms. Cruz's billed rate is close to the third quartile rate quoted for litigation associates with more than seven years of experience in Los Angeles. *See* Real Rate Report 62. On the current record, the Court will find that Ms. Cruz's rate is reasonable.

Applying the above hour reduction to the rates just found, the Court finds that reasonable fees incurred in bringing the Motion are:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| O. Warshavsky | 1.5 | $1,850 | $2,775 |
| J. Berle | 13.3 | $1,130 | $15,029 |
| A. Cruz | 22.5 | $1,000 | $22,500 |
| M. Tomasulo | 9.8 | $1,195 | $11,711 |
| Total | | | $52,015 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-06018-MWC-BFM            **Date:**   June 27, 2025

**Title:**   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

==================================================================

For these reasons, the Court orders Defendants to pay Plaintiff $52,105, within 30 days of this Order.

**IT IS SO ORDERED.**

cc:    Counsel of Record

Initials of Preparer:   ch

Page **6** of **6**