UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-06018-MWC-BFM | Date: August 26, 2025 |
| Title | Artist Revenue Advocates, LLC v. West *et al.* |

Present: The Honorable: Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order DENYING Defendants' Objection to and Motion for Modification of the Court's Order granting Plaintiff fees and costs in connection with Plaintiff's motion to compel (Dkt. 112)**

  Before the Court is Defendants' Ye f/k/a Kanye Omari West; Getting Out Our Dreams, Inc.; Getting Out Our Dreams II, LLC; Yeezy LLC; and Ox Paha Inc. f/k/a Mascotte Holdings, Inc. (collectively, "Ye Defendants") Objection to and Motion for Modification of the Court's Order granting Artist Revenue Advocates, LLC's ("Plaintiff") attorneys' fees and costs (the "Motion"). Dkt. # 112 ("*Mot.*"). The Court had granted fees and costs in connection with Plaintiff's motion to compel production of documents. *See* Dkt. # 111 ("*Order on Fees*"). The Ye Defendants filed the Motion on July 11, 2025. *Mot.* Plaintiff filed its Opposition to the Motion ("Opposition") on July 25, 2025. Dkt. # 113 ("*Opp.*"). The Ye Defendants filed their Reply in support of the Motion ("Reply") on August 1, 2025. Dkt. # 123 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **DENIES** the Ye Defendants' Motion.

I. Background

  This case involves the Ye Defendants' alleged copyright infringement when creating the songs *Hurricane* and *Moon* from the album *Donda*. *See generally* Dkt. # 1. The dispute presently before the Court arises out of Plaintiff's efforts to obtain discovery. On November 27, 2024, Plaintiff served 65 requests for production ("RFPs") on the Ye Defendants. *See Opp.* 2. After requesting extensions to respond and engaging in various discussions with Plaintiff, the Ye Defendants provided responses on February 3, 2025, but "did not . . . produce any documents, only objections." *See* Dkt. # 93 ("*Order to Compel*") 2. The Ye Defendants objected to each of the 65 RFPs "on multiple grounds and included a statement that they had conducted a reasonable inquiry into materials within their possession but had found no responsive documents." *Id.* After an informal discovery conference on March 5, 2025 yielded no solution, Plaintiff filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                                      Date: August 26, 2025

Title      Artist Revenue Advocates, LLC v. West *et al.*

motion to compel responses on April 14, 2025.  *See* Dkt. # 80.  Magistrate Judge Brianna Fuller Mircheff granted Plaintiff's motion as to all RFPs but one.  *See Order to Compel* 13.

Judge Mircheff also concluded that Plaintiff was entitled to attorneys' fees in connection with its motion to compel and ordered additional briefing to determine the amount of such an award.  *See Order to Compel* 13–15.  Plaintiff's counsel requested compensation for 46.2 hours for the work of Baker and Hosteler LLP attorneys, totaling $51,719, and 13.3 hours for the work of Orbit IP LLP attorneys, totaling $15,893.50.  *See* Dkt. # 96-1, 2; Dkt. # 96-2, 3.  Altogether, Plaintiff's counsel requested $67,612.50.  *See* Dkt. # 96, 2.  Judge Mircheff ultimately awarded $52,015 for 47.1 hours of work across all of Plaintiff's attorneys.  *Order on Fees* 5.

On July 11, 2025, the Ye Defendants moved for an order to modify Judge Mircheff's award of fees.  *See generally Mot.*  The Motion argues that Plaintiff's counsel's time entries were excessive, as were their rates.  *See id.* 5.  The Ye Defendants also object to the number of senior attorneys who worked on Plaintiff's motion to compel, *see id.* 6, and take special exception to the billing rate of the senior associate on the project, *see id.* 8.  The Ye Defendants' ultimate ask is that this Court modify Judge Mircheff's order awarding fees to instead provide Plaintiff only $15,209.25 as compensation for its counsel's work on the motion to compel.

II.   Discussion

   A.   Failure to Meet and Confer

As a preliminary matter, the parties disagree over the rules governing the Motion.  The Ye Defendants argue that Federal Rule of Civil Procedure ("Rule") 72—and Rule 72 alone—controls, *see Reply* 2, while Plaintiff argues that Local Rule 7-3 also applies, *see Opp.* 11–12.  Plaintiff's reasoning is that Local Rule 7-3 requires the parties to meet and confer before the filing of any motion, *see id.*, whereas the Ye Defendants believe Local Rule 72 provides no such requirement, *see Reply* 2.  The practical effect of Plaintiff's argument is that if the Ye Defendants failed to comply with Rule 7-3, the Court can deny the Motion for that alone.  *See Opp.* 12; L.R. 7-3.

The parties here are not the first to dispute whether a motion for reconsideration of a magistrate judge's discovery order is itself a discovery motion—indeed, different cases from this District reach different outcomes on that question.  *Compare Curry v. Baca*, No. CV 04-9992-VBF(JWJx), 2007 WL 9706924, at *1 (C.D. Cal. Nov. 29, 2007) ("As the instant Motion is made in connection with Plaintiff's original motion to compel discovery, it arguably falls within this category of motions [which are governed by Local Rules 37-1 through 37-4], and is therefore

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                                    Date: August 26, 2025

Title   Artist Revenue Advocates, LLC v. West *et al.*

not subject to the mandates of Local Rule 7-3."), *with White v. Moore*, No. LACV 16-06191 VAP-Ex, 2021 WL 8742143, at *1 (C.D. Cal. Mar. 26, 2021) (rejecting the argument that "Local Rule 7-3 . . . do[es] not apply to motions for review of a Magistrate Judge's ruling [on a motion to compel]"). But under both Local Rule 7-3 and Local Rules 37-1 and 37-2, there are requirements to confer and keep the Court apprised of those discussions. *See* L.R. 7-3; L.R. 37-1, 37-2.

The ever-present requirement to confer is presumably why the Ye Defendants argue that the Motion both is a discovery motion, in that it falls under the purview of Local Rule 37, but also not a discovery motion. *See Reply* 2 (arguing that Local Rule 37 does not require a conference since the Ye Defendants brought the Motion pursuant to Rule 72, not Rules 26 through 37). The Court rejects the Ye Defendants' attempt to identify a loophole and finds that the Local Rules required counsel to confer before filing the present motion—regardless of whether the controlling Local Rule is 7-3 or 37-1. However, the Court has discretion over whether to consider a motion despite counsel's lack of compliance. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."); *see also* L.R. 7-3 ("Failure to include such a declaration [chronicling a meet-and-confer] *may* result in the motion being denied" (emphasis added)). Because this Court prefers to decide issues on the merits, it will do so.

      B.    Modification of Order for Fees

            i.    *Legal Standard*

Rule 72 requires that a "district judge . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The district court reviews a magistrate judge's findings of fact under the "significantly deferential" clearly erroneous standard. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010). "[A] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted)). The district court reviews the magistrate judge's legal conclusions *de novo* under the contrary to law standard. *See China Nat'l Metal Prods. Import/Export Co. v. Apex Digital, Inc.*, 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001). The district court may not overturn the magistrate judge's order "simply because we might have weighed differently the various interests and equities." *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                                              Date: August 26, 2025

Title     Artist Revenue Advocates, LLC v. West *et al.*

        *ii.*    *Analysis*

As a preliminary matter, the Ye Defendants concede that issuing an award of attorneys' fees was not clearly erroneous or contrary to law. *See Mot.* 5.  But the Ye Defendants disagree with the Judge Mircheff's finding that nearly all of Plaintiff's counsel's hours expended were reasonable, and that Plaintiff's counsel proved that its requested rates were appropriate. *See id.* 6–12. Those two factors—the reasonable rate and the hours reasonably expended—constitute the "lodestar," or the presumptively reasonable fee amount. *See Cameron v. Sun Life Assurance Co.*, 757 F. Supp. 3d 1083, 1088.  The Ye Defendants also ask this Court to apply a 65% reduction to each of Plaintiff's counsel's time entries. *See id.* 12.  The Court will address each of these arguments in turn.

        *a.*    *Lodestar*

        *1.*    *Reasonable Rate*

Judge Mircheff's determination that Plaintiff's counsel's rate was appropriate was neither clearly erroneous nor contrary to law.

First, the Ye Defendants aim much of their ire at Judge Mircheff's conclusion related to the billing rate of Alexis Cruz, a senior associate with 9 years of experience. *See Mot.* 8; *see also Order on Fees* 4.  The Ye Defendants argue that Judge Mircheff incorrectly placed the burden on them to disprove the reasonableness of Ms. Cruz's rate, rather than requiring Plaintiff to show that Ms. Cruz's rate was reasonable. *See Mot.* 8.  Because placement of the burden of proof is a legal question, the Court will review Judge Mircheff's decision on this question *de novo*. *See United States v. Coutchavlis*, 260 F.3d 1149, 1156 (9th Cir. 2001).  The Ye Defendants are correct that the burden lies with the fee applicant to show that the requested rate is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  To do so, the party seeking fees should produce affidavits and evidence that its requested fees are reasonable. *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014) (citing *Hensley*, 461 U.S. at 433)).

The Ye Defendants are incorrect, however, as to the Court's use of extraneous evidence in determining a reasonable rate.  "When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, . . . the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of the prevailing rates in the community." *Laub v. Horbaczewski*, No. CV 17-6210-JAK (KS), 2020 WL 10817257, at *4 (C.D. Cal. Nov. 23, 2020) (citations omitted).  It is not uncommon that a district court will determine the prevailing rate by relying in part on surveys of legal rates. *See, e.g., Erickson*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                                               Date: August 26, 2025

Title   Artist Revenue Advocates, LLC v. West *et al.*

*Prods. Inc. v. Kast*, No. 5:13-cv-05472-HRL, 2017 WL 3670790, at *1 (N.D. Cal. Aug. 25, 2017) (collecting cases); *see also Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV 17-00660 JVS (JCGx), 2018 WL 6016149, at *5 (C.D. Cal. Aug. 13, 2018). Here, the Court finds that relying on the evidence offered by the parties, but also utilizing extraneous evidence, was the appropriate method for determining Ms. Cruz's reasonable rate. As such, Judge Mircheff's method was not contrary to law.

  Because the reasonableness of the rate on which Judge Mircheff relied is a factual finding, the Court reviews for clear error. *See Crispin*, 717 F. Supp. 2d at 971. Plaintiff's initial briefing provided a declaration concerning Ms. Cruz's rate. *See* Dkt. # 96-1, 2. The Ye Defendants responded by stating that Plaintiff failed to provide "any evidence tying her rate to prevailing local norms." *See* Dkt. # 100, 4. In addition to accounting for the parties' briefing, Judge Mircheff relied on the Real Rate Report to understand Ms. Cruz's billed rate as it compared to other senior associates in Los Angeles. *See Order on Fees* 5. Judge Mircheff's process for determining the reasonableness of Ms. Cruz's rate comport with this Circuit's longstanding practice, and her ultimate determination on the rate does not leave this Court "with the definite and firm conviction that a mistake has been committed." *See Hinkson*, 585 F.3d at 1260. Accordingly, the Court affirms Judge Mircheff's finding on Ms. Cruz's rate.

  The Court reaches the same conclusion with respect to partner rates. Judge Mircheff evaluated the evidence that both parties offered, determining that the rate in Plaintiff's suggested survey comported with that of the Ye Defendants. *See Order on Fees* 4. The Ye Defendants argue that because Plaintiff's survey was a national one, this Court should reject Judge Mircheff's finding, *see Mot.* 10, but this argument fails to account for Judge Mircheff's evaluation of Los Angeles-specific rates in the Real Rate Report (the survey that the Ye Defendants suggested), *see Order on Fees* 5. The Ye Defendants also argue that it was unclear whether Judge Mircheff accounted for the fact that Michael Tomasulo of Orbit IP LLP was not a partner at an AmLaw 100 firm, making Plaintiff's suggested survey inapplicable. *See Mot.* 10. However, since Judge Mircheff could also consider her own experience and knowledge of the prevailing rates in the community, *see Laub*, 2020 WL 10817257, at *4 (citations omitted), this Court finds no clear error in her determination that Mr. Tomasulo could command a rate similar to an AmLaw 100 partner despite his practicing at a boutique firm.

  Accordingly, the Court affirms all of Judge Mircheff's determinations on the reasonableness of Plaintiff's counsel's rates: $1,850 for Oren Warshavsky; $1,130 for Joelle A. Berle; $1,195 for Michael Tomasulo; and $1,000 for Alexis Cruz.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                                         Date: August 26, 2025

Title   Artist Revenue Advocates, LLC v. West *et al.*

2.   *Hours Reasonably Expended*

The Court reviews for clear error Judge Mircheff's determination as to the hours that Plaintiff's counsel reasonably expended. *See Crispin*, 717 F. Supp. 2d at 971. Judge Mircheff ultimately excluded two of Mr. Warshavsky's billing entries and determined that Plaintiff's counsel should have billed no more than 10.1 hours in filing its five-page reply in support of the motion to compel. *See Order on Fees* 3. The Ye Defendants argue that, contrary to Judge Mircheff's findings, Plaintiff's counsel inappropriately staffed the case and expended too many hours in preparing the motion to compel. *See Mot.* 6.

Beginning with the Ye Defendants' staffing argument, Judge Mircheff highlighted that "close to half of the hours billed to the motion and reply—25.9—were billed by a senior associate, with only four hours total attributed to the most senior Baker & Hostetler partner, Mr. Warshavsky." *Order on Fees* 4. The Ye Defendants contend that despite such a distribution of labor, Plaintiff's counsel should have utilized more junior associates to prepare the motion to compel. *See Mot.* 11. Plaintiff responds by contending that it had no obligation to staff the case with junior associates and other staff members who could keep costs low, and that although those individuals assisted with the case, it chose not to request compensation for their time in association with the motion to compel. *See Opp.* 8.

The Ye Defendants' authority—*Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31 (S.D.N.Y. 2015)—does not persuade the Court that Judge Mircheff committed clear error here. In *Beastie Boys*, Judge Engelmayer took issue with the fee applicant billing "nearly 2.5 times as many partner hours as associate hours." *Id.* at 51. Here, by contrast, Judge Mircheff highlighted that associate hours accounted for nearly half of the hours billed for the motion to compel and reply. *Order on Fees* 4. The Ye Defendants' other source of authority—*Shayler v. 1310 PCH, LLC*, 51 F.4th 1015 (9th Cir. 2022)—likewise falls short. There, the panel found the district court's explanation related to the simplicity of the case and the tasks that partners performed justified its approach to the fee award. *Id.* at 1022. Here, Judge Mircheff has overseen the parties' discovery disputes—of which there were many—since the case's inception; she has also reviewed the tasks for which Plaintiff's counsel sought compensation. *See Order on Fees* 2–3. This Court's analysis of Plaintiff's counsel's billing records, *see* Dkts. # 96-1, 96-2, along with its deference to Judge Mircheff's understanding of the complexities of the discovery at issue, warrants affirming her findings on Plaintiff's counsel's staffing.

The Court turns now to the Ye Defendants' remaining arguments regarding the hours reasonably expended. They first argue that because Judge Mircheff deemed it unreasonable that Plaintiff's counsel billed more than 20 hours for its five-page reply (and reduced the hours accordingly), *see Order on Fees* 3, the same must be true for billing 39.2 hours for Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:24-cv-06018-MWC-BFM | Date: August 26, 2025 |
| Title   Artist Revenue Advocates, LLC v. West *et al.* | |

principal motion to compel, *see Mot.* 6.  As Plaintiff correctly points out, however, Judge Mircheff based her reduction of the hours spent on reply on the fact that the brief "pointed the Court back to arguments made and caselaw cited in the [principal] Motion."  *Order on Fees* 3.  Additionally, Judge Mircheff noted that she admonished the Ye Defendants to choose their battles and avoid offering "kitchen-sink objections" to all 65 RFPs, though they did so nonetheless.  *Id.* at 2.  Because there were so many objections to which Plaintiff had to respond, this Court likewise understands that the motion to compel would require more hours than usual.

The Ye Defendants also contend that Plaintiff's counsel's work was straightforward since they had described Defendants' objections as "blanket" and "boilerplate," and repeated many of the same arguments throughout.  *Mot.* 7.  But to pare down responses to such a broad range of objections and across 65 RFPs would likely take significant time, especially when the principal brief spanned only ten pages.  *See Maloney v. T3Media, Inc.*, No. CV 14-05048-AB (VBKx), 2015 WL 3879634, at *7 (C.D. Cal. May 27, 2015) (noting that "shorter briefs often take longer to write").  Judge Mircheff was well-versed in the nature of the dispute before her and, appropriately deferring to her findings of fact, this Court sees no clear error in her conclusions as to the reasonableness of Plaintiff's counsel's hours.

### b.   Requested Downward Multiplier

"Generally, a court will not consider arguments raised for the first time on reply."  *Gaina v. Northridge Hosp. Med. Ctr.*, No. CV 18-177-DMG (RAOx), 2019 WL 1751825, at *5 (C.D. Cal. Feb. 25, 2019) (citing *In re America West Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000)).  The Ye Defendants never cite *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) in their Motion, but they devote several pages to discussing the *Kerr* factors in their Reply.  *See Reply* 6–9.  To be sure, some of the *Kerr* factors touch on subjects that the Ye Defendants discussed initially.  *See Kerr*, 526 F.2d at 69–70 (referring to the time required to perform a task; the novelty of the questions involved; the skill required; the customary fee; the experience, reputation, and ability of attorneys; and awards in similar circumstances).  But the Court has already addressed those subjects here and will decline to address the remainder since Plaintiff lacked an opportunity to discuss them in their Opposition.

Nonetheless, the Ye Defendants referenced a 65% downward departure several times in their Motion.  *See generally Mot.*  But the Motion provides almost no support for their request.  To the extent that there is any support, the Ye Defendants rely on Judge Mircheff's reduction of Plaintiff's counsel's reply hours by 50%.  *See Mot.* 6.  The Ye Defendants fail to provide an indication as to where they identified the additional 15%, and they would need to produce at least *some* authority to convince the Court that such a substantial reduction is warranted.  For the reasons stated above, the Court does not have a "definite and firm conviction that a mistake has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-06018-MWC-BFM                                   Date: August 26, 2025

Title   Artist Revenue Advocates, LLC v. West *et al.*

been committed" with respect to Judge Mircheff's 50% reduction in the reply hours and her decision not to apply a broad, downward departure to the rest of Plaintiff's counsel's hours. *See Hinkson*, 585 F.3d at 1260.

III.   Conclusion

For the foregoing reasons, the Court **DENIES** the Ye Defendants' Objection to and Motion for Modification of the Court's Order granting Artist Revenue Advocates, LLC's attorneys' fees and costs in connection with Plaintiff's Motion to Compel. The Court affirms Judge Mircheff's finding of $52,015 to be the appropriate award.

**IT IS SO ORDERED.**

:

**Initials of Preparer**   TJ