UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


**Case No.:**    2:24-cv-06018-MWC-BFM                **Date:**  December 4, 2025


**Title:**    *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

========================================================================


Present:  The Honorable Brianna Fuller Mircheff, United States Magistrate Judge


Christianna Howard                                    N/A
Deputy Clerk                              Court Reporter / Recorder

Attorneys Present for Plaintiff:              Attorneys Present for Defendants:
N/A                                              N/A

**Proceedings:**    **(In Chambers) Order Denying Defendants' Motion to Compel Further Responses to Written Discovery (ECF 200)**

This Order concerns Defendants' motion to compel further responses to Defendants' written discovery. (ECF 200 (Mot.).)[1] For the reasons set out in this Order, Defendants' motion to compel is **denied**.

**Background**

This is a copyright case. Plaintiff Artist Revenue Advocates alleges that its copyrighted work was used without its permission in the songs Hurricane

---

[1] For ease of reference, the Court uses the page numbers that appear in the ECF generated header of filed documents, except as noted. All references to "Defendants" are to those Defendants associated with Kanye West: Kanye West (a.k.a. Ye), Getting Out Our Dreams, Getting Out Our Dreams II, Yeezy, LLC, Yeezy Supply LLC, and OX Paha, Inc. The other Defendants, specifically UMG Recordings, Inc. and its affiliated entities, are not at issue in this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**    2:24-cv-06018-MWC-BFM                    **Date:**    December 4, 2025

**Title:**    *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

==================================================================

and Moon, leading tracks from Defendant Ye's album *Donda*. (ECF 1 ¶ 44.) It sues Ye and entities related to him and seeks to recover damages attributable to Defendant Ye's allegedly infringing use of its tracks.

Defendants served discovery requests in late August and early September 2025. (ECF 200-2 ¶¶ 2-3, ECF 200-7; ECF 200-8; ECF 200-9.) Plaintiff responded to Defendants' Requests for Admission in late September, and served responses to Defendants' other requests in late October. (ECF 200-2 ¶¶ 4- 9)

After several meet-and-confer efforts, the parties narrowed their disputes regarding Defendants' requests, and Plaintiff supplemented its responses twice. (ECF 200-2 ¶¶ 14, 19; ECF 200-3, ECF 200-4, ECF 200-5.) Plaintiff maintained, however, its refusal to produce documents or responses related to Plaintiff's source of litigation funding, which Defendants claim is relevant Defendants' RFP Nos. 1, 15, 34, 52 and Interrogatories Nos. 1 and 3. (ECF 201 (Opp'n) at 5.[2]) Defendants filed the instant motion to compel

---

[2] Specifically, Defendants' requests were as follows: RFP No. 1 ("All DOCUMENTS and COMMUNICATIONS involving any ARTISTS on the one hand and any DEFENDANTS on the other hand"); RFP No. 15 ("All agreements concerning the WORK."); RFP No. 34 ("All documents related to ARA's source of revenue in the last two years, including any documents related to financing the instant litigation."); RFP No. 52 ("All DOCUMENTS and COMMUNICATIONS RELATED TO the transfer of any rights in the WORK

(cont'd . . .)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**    2:24-cv-06018-MWC-BFM               **Date:**  December 4, 2025

**Title:**    *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

========================================================================

Plaintiff's further responses to its discovery requests, and the parties have fully briefed the matter. (ECF 200, 201, 202 (Reply).)

**Discussion**

As an initial matter, Defendants contend that Plaintiff waived its objections by failing to respond to their discovery requests in a timely manner. (Mot. at 5-6, Reply at 3-4.) But courts may find that there was good cause for delayed discovery responses and have "broad discretion" to grant relief from waiver even in the absence of good cause. *Cordova v. Lake Cnty.*, No. 18-cv-00367-JSW (TSH), 2023 WL 7336586, at \*2 (N.D. Cal. Nov. 6, 2023) (citing *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999)). Here, good cause exists for Plaintiff's delayed responses: Plaintiff retained new counsel around the time Defendants served their discovery requests. (*See* ECF 200-2 ¶¶ 2-3 (Defendants served Plaintiff with two sets of discovery requests on August 27, 2025, and September 9, 2025); ECF 171-2 ¶¶ 18-21 (Plaintiff and former outside counsel determined that new counsel was needed given breakdown of attorney-client relationship on September 20, 2025, and new counsel was engaged on October 6, 2025).) Considering that new counsel needed to get up to speed on the matter (ECF 171-2 ¶ 21), and that former counsel could not be expected to respond to discovery requests on behalf of a party with whom it

---

to ARA."); Interrogatory No. 1 ("Identify all non-parties that have funded any expenses related to this litigation."); and Interrogatory No. 3 ("Identify all agreements RELATED TO the WORK."). (ECF 200-7 at 5, 9, 15; ECF 200-8 at 5; ECF 200-9 at 5-7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**    2:24-cv-06018-MWC-BFM          **Date:**  December 4, 2025

**Title:**    *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

==================================================================

had a frayed attorney-client relationship, the Court excuses Plaintiff's delay in responding and concludes its objections are not waived.

Plaintiff raised relevance and proportionality objections with respect to Defendants' requests for information concerning sources of litigation funding.[3] Under Rule 26, parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although relevance for discovery purposes is defined broadly, it is not without boundaries. *See, e.g., Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in fishing expedition[s].")； *Gutierrez v. Mora*, No. CV 18-781-KS, 2019 WL 8953125, at *5 (C.D. Cal. Dec. 18, 2019) (relevance is "based on the actual clams and defenses at issue in the action."). District courts have broad discretion to determine relevance when considering motions to compel. *Mfg. Automation & Software Sys., Inc. v. Hughes*, CV 16-8962-CAS (KSx), 2017 WL 5641120, at *3 (C.D. Cal. Sept. 21, 2017) (citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)).

Information concerning litigation funding is relevant only if it is tied to specific claims or defenses. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 311-12

---

[3] Defendants suggest that there remain issues for the Court to decide other than this dispute about litigation funding (Reply at 2-3), but as the Court rejects Defendants' argument concerning waiver and as Plaintiff represents that the only objection on which it is withholding documents relates to the litigation funding (Opp'n at 3, 5, 7), this appears to be the sole issue left for this Court's adjudication.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-06018-MWC-BFM        **Date:**   December 4, 2025

**Title:**   *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

================================================================

n.5 (D. Nev. 2019) (Outside of "special litigation contexts" such as patent standing and class counsel adequacy issues, courts generally find litigation funding information irrelevant to proving claims and defenses), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.*, No. 2:17-CV-2349-KJD-NJK, 2020 WL 1042515 (D. Nev. Mar. 3, 2020). Courts have thus declined to compel production where the alleged relevance is overly speculative. *See, e.g., Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, No. 8:20-cv-00847-DOC (JDEx), 2021 WL 10425630, at *4 (C.D. Cal. Mar. 26, 2021) (collecting cases and noting that, "[i]mportantly, courts have declined to order production of litigation funding documents where, as in this instance, the moving party's justifications are based on speculation."); *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2025 WL 2201056, at *1 (N.D. Cal. Aug. 1, 2025) (granting motion to quash where there was "no indication that discovery into the source or nature of litigation funding could lead in any way, directly or indirectly, to evidence that would be relevant or admissible at the trials on the merits of these cases.").

In a copyright case similar to this one, a defendant sought the identity of plaintiff's litigation funder, arguing that the information would be relevant to standing or that the litigation funders may be co-conspirators, counter-defendants, or witnesses. *VHT, Inc. v. Zillow Grp., Inc*, No. C15-1096JLR, 2016 WL 7077235, at *1 (W.D. Wash. Sept. 8, 2016) The court rejected those arguments, noting that "[w]ithout some objective evidence that any of [defendant's] theories of relevance apply in this case, the court will not order [plaintiff] to respond to" interrogatories or requests for production. *Id.* ("Although [defendant] poses several imaginable hypotheticals in which [plaintiff's] litigation funding scenario becomes relevant, the dearth of evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**    2:24-cv-06018-MWC-BFM          **Date:**  December 4, 2025

**Title:**    *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

====================================================================

on the record supporting [defendant's] position renders that information negligibly relevant, minimally important in resolving the issues, and unduly burdensome.")

Here, Defendants have not articulated non-speculative reasons for seeking this information, and their motion to compel must therefore be denied. Defendants suggest that the responses sought are crucial to issues of standing, implied licensing, infringement, and damages, but do not articulate how litigation funding information would be relevant to any of these things. *See* 17 U.S.C.A. § 504(a) (copyright infringer is liable for either the "copyright owner's actual damages and any additional profits of the infringer" or statutory damages); *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 754–55 (9th Cir. 2008) ("[A]n implied license is granted when (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work.") (internal quotation marks and footnote omitted). As Defendants provide only speculation regarding the relevance of the litigation funding, they are not entitled to that information. *Colibri*, 2021 WL 10425630, at *4; *VHT*, 2016 WL 7077235, at *1.

Moreover, while Defendants raise questions concerning the transfer of copyrights between the artists and Plaintiff ARA (Def. Mot. at 4, 8; Reply at 2), they offer no reason to think that discovery concerning the identity of any individuals funding this litigation would shed light on that question—the transfer was either proper or it wasn't, but information about the entity funding this litigation would not illuminate that question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**    2:24-cv-06018-MWC-BFM          **Date:**  December 4, 2025

**Title:**    *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

====================================================================

The same goes for their arguments concerning "witness bias, financial interest, or control": Courts have declined to order discovery when there was no "specific, articulated reason to suspect bias or conflicts of interest," *see MLC Intell. Prop., LLC v. Micron Tech., Inc.,* No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019), and Defendant does not provide a nonspeculative theory about why litigation funding is relevant to any of these points. (Mot. at 8.)

Nor is this copyright action one of the "special litigation contexts" in which litigation funding discovery would be relevant. *See V5 Techs.*, 334 F.R.D. 306, 312 n.5 ("courts have been more receptive to allowing such discovery in the context of patent cases given their unique standing requirements. . . Courts have also been more receptive to allowing such discovery in the context of class actions when concerns have arisen regarding the adequacy of class counsel.") (citations omitted). While Defendant cites several cases in which courts found that litigation funding was relevant, they are patent cases in which litigation funder information impacted patent valuation, damages, or trial themes. *See Taction Tech., Inc. v. Apple Inc.*, No. 21-CV-00812-TWR-JLB, 2022 WL 18781396 (S.D. Cal. Mar. 16, 2022) (finding litigation funder information relevant in patent litigation where valuation was at issue); *Samesurf, Inc. v. Intuit, Inc.*, No. 22-CV-412-RSH-DDL, 2024 WL 4994338, at *1 (S.D. Cal. Dec. 4, 2024) (litigation funding relevant to patent valuation); *Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1019 (D. Ariz. 2020) (finding information relevant in patent case where party clearly articulated potential trial themes).

Defendants also suggest that they are entitled to litigation funding information, as Plaintiff sought and was granted broad discovery. (Mot. at 7.) That's not how discovery works. Defendants are required to explain how the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

**Case No.:**    2:24-cv-06018-MWC-BFM                **Date:**  December 4, 2025

**Title:**     *Artist Revenue Advocates, LLC v. Kanye Omari West, et al*

==================================================================

information sought is relevant to their claims or defenses. Fed. R. Civ. P.
26(b)(1); *Gutierrez*, 2019 WL 8953125, at \*5. As they have not articulated why
the litigation funding information is relevant, their "what's good for the goose
is good for the gander" argument is unavailing.

Finally, Defendants seek monetary sanctions in the form of attorneys'
fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A). (Mot. at 11.) As such
sanctions are only awarded when motions are granted or discovery is provided
after a discovery motion is filed, Defendants are not entitled to such sanctions
here.

Accordingly, Defendants' motion to compel further responses to written
discovery (ECF 200) is **denied**.

**IT IS SO ORDERED.**

cc:    Counsel of Record

Initials of Preparer:      ch

Page **8** of **8**