RUSS, AUGUST & KABAT
Irene Y. Lee, State Bar No. 213625
ilee@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
Sarah Wang (*admitted pro hac vice*)
swang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile:   (310) 979-8268

Attorneys for Plaintiff
ARTIST REVENUE ADVOCATES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| ARTIST REVENUE ADVOCATES, LLC,<br><br>                  Plaintiff,<br><br>vs.<br><br>KANYE OMARI WEST a/k/a "YE;" GETTING OUT OUR DREAMS, INC. a/k/a G.O.O.D. MUSIC, a California corporation; GETTING OUT OUR DREAMS II, LLC, a Delaware limited liability company; YEEZY LLC, a Delaware limited liability company; YEEZY SUPPLY LLC, a Delaware limited liability company; OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a Delaware corporation; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; KANO COMPUTING LIMITED, a United Kingdom private limited company; ALEXANDER NELSON KLEIN, an | Case No. 2:24-CV-06018-MWC-BFMx<br><br>[Assigned to The Honorable Michelle W. Court, Courtroom 6A]<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE STRIKING JURORS BASED ON RACE, RELIGION OR CREED**<br><br>*[Notice of Motion; Omnibus Declaration of Nathan D. Meyer concurrently filed]*<br><br>**<u>Hearing</u>**<br>Date: April 3, 2026<br>Time: 1:30 p.m.<br>Courtroom:  6A<br><br>Trial: April 20, 2026<br>Final Pretrial Conf: April 3, 2026<br><br>Original Complaint Filed:<br>       July 17, 2024 |

1

individual; ASHDUST LLP, a Delaware limited liability partnership; STEMPLAYER LTD, a United Kingdom private limited company; and DOES 1 through 10,

Defendants.

MEMORANDUM IN SUPPORT OF PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S MOTION *IN LIMINE* NO. 4

I. **THE PARTIES SHOULD BE BARRED FROM STRIKING JURORS BASED ON THEIR RELIGIOUS OR ETHNIC AFFILIATION**

The artist Ye has, on several occasions during his career, made numerous statements commenting very negatively on the Jewish community.[1] Yeezy's primary corporate representative, Milo Yiannopoulos has made similar public comments.[2] Although Plaintiff has no plans to raise this conduct at trial, Ye is sufficiently well known (and Mr. Yiannopoulos has significant fame in his own right) that defense counsel may seek to strike jurors they believe are of the Jewish faith, and strike them solely based on their religious or ethnic affiliation.

Under 28 U.S.C. 1862, "[n]o citizen shall be excluded from service as a grand or petit juror in the district courts of the United States … on account of race, color, religion, sex, national origin, or economic status." Courts have also held that excluding jurors based on religious or ethnic affiliation is improper. *See, United States v. Brown*, 352 F.3d 654, 657, 669–70 (2d Cir. 2003) (holding that Batson and its progeny prohibit strikes on the basis of religious affiliation or belief following a challenge to the removal of a Black juror who was active in a predominantly Black Christian denomination; a party could not constitutionally strike "a juror because she was Muslim, or Catholic, or evangelical."), *United States v. Stafford*, 136 F.3d 1109, 1114 (7th Cir.1998) ("[i]t would be improper and perhaps unconstitutional to strike

[1]    https://www.nytimes.com/2026/01/26/arts/music/ye-kanye-west-apology-antisemitism.html,    https://www.adl.org/resources/article/unpacking-kanye-wests-antisemitic-remarks, https://en.wikipedia.org/wiki/Views_of_Kanye_West#Antisemitism    (collecting sources)

[2] https://www.newyorker.com/news/ryan-lizza/how-alt-right-fellow-traveller-milo-yiannopoulos-cracked-up-the-right, https://www.splcenter.org/resources/hatewatch/milo-yiannopoulos-tried-troll-jewish-journalist-nazi-symbols-it-backfired-him/

Russ, August & Kabat

3

a juror on the basis of his being a Catholic, a Jew, a Muslim, etc.").[3] As such, Plaintiff seeks an order barring striking jurors based on race or religious affiliation.

Briefly, Plaintiff seeks the following limited instruction to both sides' counsel during jury selection, that both sides counsel (and their consultants, etc.) shall not attempt to research the religious faith of jurors in the juror pool.

DATED: March 6, 2026                    RUSS, AUGUST & KABAT

By: _____
Irene Y. Lee
Attorneys for Plaintiff Artist
Revenue Advocates, LLC

---

[3] Courts in these cases (*e.g.*, *Brown*, *Stafford*) have held religious *beliefs* may be a proper basis for a peremptory challenge, but that is not an issue in this case.

4

RUSS, AUGUST & KABAT

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on March 6, 2026, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/     *Irene Y. Lee*

5