**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Evan Miller, State Bar No. 336473
EMiller@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendants Ye f/k/a KANYE OMARI WEST; GETTING OUT OUR DREAMS, INC.; GETTING OUT OUR DREAMS II, LLC; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIST REVENUE ADVOCATES, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>KANYE OMARI WEST a/k/a "YE;" *et al.*,<br><br>              Defendants. | Case No.: 2:24-cv-06018 MWC (BFMx)<br><br>Hon. Michelle Williams Court<br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY, OPINIONS, REPORT, AND ARGUMENT OF PLAINTIFF'S REBUTTAL EXPERT JUDITH FINELL ("MIL No. 4")**<br><br>FPTC Date:     April 3, 2026<br>Time:          1:30 p.m.<br>Courtroom:     6A<br><br>Action Filed:  July 17, 2024<br>Disc. Cutoff:  December 15, 2025<br>Trial:         April 20, 2026 |

MARTORELL LAW APC
Litigation & Trial Counsel

---

**DEFENDANTS' MOTION IN LIMINE NO. 4**

## MOTION IN LIMINE NO. 4

Defendants KANYE OMARI WEST a/k/a YE, GETTING OUT OUR DREAMS, INC. a/k/a G.O.O.D. MUSIC, GETTING OUT OUR DREAMS II, LLC, YEEZY LLC, YEEZY SUPPLY LLC, and OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC. ("Defendants") respectfully submit this Motion in Limine for an order excluding from trial all testimony, opinions, argument, and exhibits relating to Plaintiff's rebuttal expert Judith Finell.

## I.    INTRODUCTION

Plaintiff chose to inject a rebuttal musicologist into this case late in expert discovery. Having done so, Plaintiff was obligated to make that witness available for deposition. It did not.

Plaintiff disclosed Judith Finell as a rebuttal expert and served her signed rebuttal report dated January 16, 2026. After she was unavailable for an earlier deposition dated that Defendants had properly noticed, and after Plaintiff represented she would be available, for which Defendants agreed to stipulate, Defendants then served a First Amended Notice of Deposition setting Finell's deposition for February 9, 2026, at 11:00 a.m. by Zoom. The notice also sought the core materials underlying her opinions, including materials considered, materials relied upon, prior-testimony information, demonstratives, and compensation-related records. Service of that notice was made on Plaintiff's counsel on January 28, 2026.

On February 9, 2026, defense counsel and the court reporter appeared for Finell's deposition. Finell did not appear. Nor did Plaintiff's counsel. A certified record of non-appearance was taken at 11:21 a.m.

That failure is fatal. A party may not disclose a retained expert, preserve the tactical benefit of the expert's report, and then deny the opposing party the deposition that Rule 26 expressly authorizes. The prejudice is obvious and incurable: Finell's report advances technical opinions concerning musical similarity, digital sampling, and spectrogram analysis, yet Defendants were denied any opportunity to examine her

MARTORELL LAW APC
Litigation & Trial Counsel

on her methodology, qualifications, compensation, prior testimony, materials considered, or the factual predicates for her opinions.

Rule 37(c)(1) exists to prevent precisely this kind of trial-by-ambush. The appropriate remedy is exclusion of Finell's testimony, report, and any argument or exhibit derived from her opinions.

Defendants satisfied their meet-and-confer obligations before bringing this motion. Defense counsel met and conferred in good faith regarding the relief sought herein, but the parties were unable to resolve the issue informally. Miller Dec., ¶ 2.

## II.    RELEVANT BACKGROUND

Plaintiff disclosed Judith Finell as a rebuttal expert on January 16, 2026. Miller Dec., Ex. D at 2. Finell's rebuttal report is dated January 16, 2026 and signed by Finell. *Id.*, Ex. A at 9. In that report, Finell offers substantive technical opinions regarding alleged musical similarity, purported digital sampling, and spectrogram analysis, and criticizes the methodology and conclusions of defense expert Nathaniel Sloan. *Id.* at 1-9.

On January 20, 2026, Defendants noticed Judith Finell's deposition for January 26, 2026. Miller Dec., Ex. E. She did not appear for this deposition. *Id.*, ¶ 7. On the representation of Plaintiff's counsel that Ms. Finell would be available on February 9, and Defendants' counsel's stipulation thereto, Defendants served a First Amended Notice of Deposition of Judith Finell, setting her deposition for February 9, 2026, at 11:00 a.m. by Zoom. *Id.*, ¶ 7, Ex. B at 1-2. The notice stated that the deposition would cover Finell's qualifications, opinions, bases, facts considered, exhibits prepared, and all discoverable matters related to her expert testimony. *Id.* at 2. The notice further requested production of the materials underlying Finell's opinions, including documents and communications relied upon, publications cited, demonstratives, prior testimony information, compensation records, and retention documents. *Id.* at 8-9.

The January 28, 2026 certificate of service reflects electronic service of the

MARTORELL LAW APC
Litigation & Trial Counsel

First Amended Notice of Deposition and related deposition materials on Plaintiff's counsel. *Id.*, Ex. C at 2-4.

On February 9, 2026, a certified court reporter appeared via Zoom to take Finell's deposition. *Id.*, Ex. D at 1. Defense counsel also appeared. *Id.* The reporter's certified record reflects that "there was no appearance made by the witness named in the Notice, Judith Finell, nor counsel for the Plaintiff." *Id.* The record of non-appearance was taken at 11:21 a.m. *Id.* at 1-4.

As a result, Defendants never obtained Finell's deposition despite Plaintiff's disclosure of her as a rebuttal expert whose opinions Plaintiff presumably intends to use at trial.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). That rule exists because expert reports are not a substitute for deposition; they are intended to facilitate, not eliminate, meaningful expert discovery.

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As noted by the Ninth Circuit, the advisory committee notes to the rule describe it as "self-executing" and an "automatic" sanction. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The burden is on the noncompliant party to establish substantial justification or harmlessness. *Id.*; *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213-14 (9th Cir. 2008). Where a discovery violation would require disturbing a court's schedule or forcing the opposing party to litigate under compressed conditions, that prejudice is not harmless. *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir.

MARTORELL LAW APC
Litigation & Trial Counsel

3
**DEFENDANTS' MOTION IN LIMINE NO. 4**

2005).

The Ninth Circuit has also made clear that a party cannot evade responsibility for producing its retained nonparty expert. A district court may direct a party to use its best efforts to produce its expert for deposition, and may sanction the party when it fails to do so. *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224-25 (9th Cir. 2018).

## IV.    ARGUMENT

### A. Plaintiff's Disclosure of Finell Triggered Defendants' Right to Depose Her

Once Plaintiff identified Finell as a rebuttal expert whose opinions may be presented at trial, Defendants had an express right to depose her. Fed. R. Civ. P. 26(b)(4)(A). That right was not optional, technical, or marginal. It was central to Defendants' ability to test whether Finell's opinions satisfy Rule 702, whether her methodology is reliable, what materials she considered, what assumptions she adopted, what compensation arrangement exists, and whether her prior testimony or prior writings undercut her positions here.

Those issues are especially acute on this record. Finell's report advances technical opinions concerning musical similarity, digital sampling, and spectrogram analysis. Miller Dec., Ex. A at 3, 7-8. These are technical opinions that demand deposition scrutiny.

Plaintiff cannot fairly preserve the benefit of those opinions while withholding the deposition necessary to test them.

### B. Plaintiff Failed to Make Finell Available for Deposition

The record is straightforward. Plaintiff disclosed Finell. Miller Dec., Ex. D at 2; Ex. A at 9. Defendants served a deposition notice setting Finell's deposition for February 9, 2026. *Id.*, Ex. B at 1-2; Ex. C at 2-4. Defense counsel and the court reporter appeared on the record for that deposition. *Id.*, Ex. D at 1-4. Finell did not appear. *Id.* Nor did Plaintiff's counsel. *Id.*

MARTORELL LAW APC
Litigation & Trial Counsel

4

**DEFENDANTS' MOTION IN LIMINE NO. 4**

That is not a minor scheduling defect.  It is a complete failure to produce a disclosed expert for examination.

Nor can Plaintiff avoid responsibility by pointing to Finell's nonparty status.  In *Sali*, the Ninth Circuit rejected the notion that a party may disclose a retained expert and then disclaim responsibility for producing that witness.  *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224–25 (9th Cir. 2018).  The obligation runs to the party that elected to offer the expert.

This motion is therefore properly directed to Plaintiff's attempted use of Finell at trial, not to contempt sanctions against Finell as a nonparty.

### C.  Plaintiff Cannot Show That Its Failure Was Substantially Justified or Harmless

On this record, Plaintiff bears the burden to show that its failure to make Finell available was substantially justified or harmless.  *Yeti by Molly, Ltd.*, 259 F.3d at 1107; *Torres*, 548 F.3d at 1213-14.  Plaintiff cannot make that showing.

First, the prejudice to Defendants is obvious. Defendants were denied any deposition of a rebuttal expert who opines on technical musicological issues.  That prevented Defendants from probing Finell's methodology, bases, assumptions, compensation, prior testimony, and qualifications, and from developing impeachment for trial.

Second, the failure is not harmless simply because the report exists.  An expert report is not a substitute for deposition.  Rule 26 expressly provides for both.  Fed. R. Civ. P. 26(a)(2), (b)(4)(A).  Without the deposition, Defendants were left with untested, one-sided expert assertions on issues Plaintiff intends to place before the jury.

Third, the prejudice cannot be cured without disrupting the case schedule.  The trial is set for April 20, 2026.  Reopening expert discovery or resetting expert deadlines to accommodate a witness Plaintiff failed to produce would reward noncompliance and alter the schedule of both the Court and the parties. Under Ninth

MARTORELL LAW APC
Litigation & Trial Counsel

**DEFENDANTS' MOTION IN LIMINE NO. 4**

Circuit law, that is not harmless. *Wong*, 410 F.3d at 1062.

Fourth, exclusion here is not remotely disproportionate. Finell is a rebuttal expert. Excluding one rebuttal expert does not terminate Plaintiff's action. It merely prevents Plaintiff from using an expert witness whom it did not make available for the discovery the Federal Rules guarantee.

### D. Exclusion Is the Proper Remedy

Rule 37(c)(1) bars the use of both the "witness" and the "information" that were not properly disclosed or supplemented. Fed. R. Civ. P. 37(c)(1). The remedy should therefore extend not only to Finell's live testimony, but also to her report and any argument, demonstratives, or other evidence derived from her opinions.

Anything less would defeat the rule. Plaintiff could still obtain the benefit of Finell's undisclosed or untested opinions indirectly even though Defendants never received the deposition to which they were entitled.

A motion in limine is the proper vehicle for this relief. Defendants are not asking the Court to compel a deposition or to hold a nonparty in contempt. The remaining issue is trial use. Rule 37(c)(1) specifically addresses whether a noncompliant party may use a witness or information "at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Ninth Circuit precedent recognizes trial-use preclusion under Rule 37(c)(1) through motions in limine. *See Torres*, 548 F.3d at 1213-14.

Accordingly, the Court should preclude Plaintiff from offering any testimony, report, demonstrative, or argument from or concerning Judith Finell.

///
///
///
///
///
///
///

MARTORELL LAW APC

Litigation & Trial Counsel

6

**DEFENDANTS' MOTION IN LIMINE NO. 4**

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order: (1) excluding Judith Finell from testifying at trial in any capacity as an expert witness; (2) excluding Finell's January 16, 2026 rebuttal report from evidence; (3) precluding Plaintiff, its counsel, and its witnesses from referring to, summarizing, characterizing, or otherwise presenting Finell's opinions, analyses, or conclusions at trial; and (4) Granting such other and further relief as the Court deems just and proper.

Dated:  March 6, 2026                                  **MARTORELL LAW APC**


By:   /s/ Evan Miller
        Eduardo Martorell
        Christopher A. Rosario
        Evan Miller
        *Attorneys for Defendants*

MARTORELL LAW APC
Litigation & Trial Counsel

**DEFENDANTS' MOTION IN LIMINE NO. 4**