RUSS, AUGUST & KABAT
Irene Y. Lee, State Bar No. 213625
ilee@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
Sarah Wang (*admitted pro hac vice*)
swang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile:    (310) 979-8268

Attorneys for Plaintiff
ARTIST REVENUE ADVOCATES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| ARTIST REVENUE ADVOCATES, LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>KANYE OMARI WEST a/k/a "YE;" GETTING OUT OUR DREAMS, INC. a/k/a G.O.O.D. MUSIC, a California corporation; GETTING OUT OUR DREAMS II, LLC, a Delaware limited liability company; YEEZY LLC, a Delaware limited liability company; YEEZY SUPPLY LLC, a Delaware limited liability company; OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a Delaware corporation; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; KANO COMPUTING LIMITED, a United Kingdom private limited company; ALEXANDER NELSON KLEIN, an individual; ASHDUST LLP, a Delaware limited liability partnership; STEMPLAYER LTD, a United Kingdom private limited company; and DOES 1 through 10,<br><br>            Defendants. | Case No. 2:24-CV-06018-MWC-BFMx<br><br>[Assigned to The Honorable Michelle W. Court, Courtroom 6A]<br><br>**REPLY IN SUPPORT OF PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT [DKT. 232]**<br><br>**Hearing**<br>Date: April 3, 2026<br>Time: 1:30 p.m.<br>Courtroom:  6A<br><br>Trial: April 20, 2026<br>Final Pretrial Conf: April 3, 2026<br><br>Original Complaint Filed:<br>         July 17, 2024 |

1

## Table of Contents

Page

I.    INTRODUCTION ...................................................................................... 5

II.   DEFENDANTS CANNOT RESPOND ON THE MERITS ......................... 5

III.  DEFENDANTS DO NOT AND CANNOT CHALLENGE MR. MEASE'S TRANSFER OF HIS ENTIRE RIGHT IN MSD PT2 TO PLAINTIFF THROUGH THE ONLY WRITTEN INSTRUMENT HE EVER EXECUTED ......................................................................................... 8

IV.   THE AUTHORITY CITED IN OPPOSITION DOES NOT SUPPORT DEFENDANTS' WAIVER ARGUMENT ..................................................... 10

V.    PLAINTIFF WAIVED NO RIGHTS; THE ORDER WAS BASED ON ARGUMENTS MADE ON REPLY ............................................................ 11

VI.   THERE IS NO PREJUDICE FROM CORRECTING AN INCORRECT ORDER .............................................................................. 12

VII.  DEFENDANTS' NON-SEQUITURS DO NOT AFFECT THE ANALYSIS ............................................................................................... 12

VIII. CONCLUSION ........................................................................................ 14

RUSS, AUGUST & KABAT

REPLY IN SUPPORT OF PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT [DKT. 232]

## **Table of Authorities**

**Page**

**Cases**

*August Image v. Line Financial, PBC*
    2025 WL 699619 (C.D. Cal. Feb. 10, 2025)..........................................11, 12

*Balla v. Idaho State Bd. of Corrections*
    869 F.2d 461 (9th Cir. 1989) ............................................................11

*Dong v. Carson*
    775 F. App'x 843 (9th Cir. 2019) .....................................................11

*Dredge Corp. v. Penny*
    338 F.2d 456 (9th Cir. 1964) ...........................................................11

*DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*
    870 F.3d 978 (9th Cir. 2017) ..............................................5, 6, 7, 8

*In re Behnam*
    2013 WL 3872185 (C.D. Cal. May 29, 2013) ..................................11

*Jenkins v. Cty of Riverside*
    398 F.3d 1093 (9th Cir. 2005) ..........................................................11

*Jitrade, Inc. v. Charlotte Russe, Inc.*
    2018 WL 2718049 (C.D. Cal. Jan. 4, 2018) .....................................9

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*
    617 F.3d 1146 (9th Cir. 2010) ...............................................*passim*

*Konigsberg Int'l Inc. v. Rice*
    16 F.3d 355 (9th Cir. 1994) ..............................................................8

*Marroquin v. City of Los Angeles*
    112 F.4th 1204 (9th Cir. 2024)........................................................11

*McGruder v. Metropolitan Gov't of Nashville and Davidson Cty.*
    2020 WL 4586171 (M.D. Tenn. Aug. 10, 2020) ...........................12

*Pacific Dawn LLC v. Pritzker*
    831 F.3d 1166 (9th Cir. 2016) ........................................................11

*Radio Television Espanola S.A. v. New World Ent. Ltd.*
    183 F.3d 922 (9th Cir. 1999) ............................................................8

RUSS, AUGUST & KABAT

3

## Table of Authorities

**Page**

*Samson v. Nama Holdings, LLC*
        2009 WL 106743565 (C.D. Cal. May 13, 2009) ...........................................11

*teamLab Inc. v. Museum of Dream Space LLC*
        2022 WL 17345905 (C.D. Cal. Nov. 16, 2022)............................................12

*Volumecocomo Apparel, Inc. v. Guess?, Inc.*
        2012 WL 13009117 (C.D. Cal. July 27, 2012)................................................9

*White v. Lee*
        227 F.3d 1214 (9th Cir. 2000) .......................................................................11

*Yellowcake, Inc. v. Morena Music, Inc.*
        522 F.Supp.3d 747 (E.D. Cal. 2021)................................................................8

**Statutes**

17 U.S.C. §204 ..............................................................................................*passim*

Fed. R. Civ. Proc. 60 ........................................................................................11

L.R. 59..............................................................................................................15

L.R. 60..............................................................................................................15

L.R. 7-18 .............................................................................................10, 11, 15

Russ, August & Kabat

4

RUSS, AUGUST & KABAT

## I.    INTRODUCTION

Nothing in Defendants' opposition can refute the reality that there is a need to correct manifest errors of law and injustice, on two separate grounds. One, Defendants do not and cannot dispute that binding precedent precludes third parties from invoking §204(a)'s writing requirement when none of the parties to the transfer dispute that the copyright was transferred to Plaintiff. Two, that in the alternative, §204(a) is satisfied because Mr. Mease transferred his *entire* interest in MSD PT2 to Plaintiff via the only written instrument he ever signed in connection with MSD PT2.

With no substantive response, Defendants instead focus on procedure. Their arguments here fail as well. First, Defendants' recitation of law and fact on "waiver" is wrong, as the record reflects and as explained below. Second, this Court has full authority to reconsider "*any* motion" on grounds of manifest errors of law or fact. Third, waiting to fix errors until a "final judgment," as Defendants suggest, would be an undue waste of the Court's and parties' resources.

As was the case in their motion for summary judgment, Defendants' recitation of purported facts here is misleading, irrelevant, and prejudicial to Plaintiff. Infringement in this case cannot be clearer. Defendants admitted having access to the Artists' work, using the sound recording wholesale, and removing the sound recording only to replace it with their own replay when they learned they had no permission. Defendants stonewalled the Artists by ignoring the Artists' requests for fair compensation, failing to appear, failing to produce discovery, and hiding behind excuses to their wrongdoing. They now demand that the Court should proceed without addressing the known manifest error of law and injustice, so to preclude the Artists from seeking fair compensation for their work, from which Defendants have profited vastly. Plaintiff's request for reconsideration should be granted.

## II.    DEFENDANTS CANNOT RESPOND ON THE MERITS

Defendants have little response on the underlying merits of the motion, burying their discussion of *DRK, Jules Jordan*, and the issue involving Mr. Mease;

REPLY IN SUPPORT OF PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT [DKT. 232]

not even citing them until page 20 of their opposition. None of their arguments rebut the simple point that Defendants, as third party infringers, were categorically barred under Ninth Circuit law from invoking the §204(a) writing requirement.

First, the motion does not rely upon an incomplete quotation of *DRK*. It specifically noted that Defendants had the ability to challenge standing *generally* (Dkt. 241-1 at 11:14-19), as they did in their summary judgment opening brief. There, Defendants argued that there was no actual authorization from PEN Music, whether oral or written, which Plaintiff showed was factually untrue. What *Jules Jordan*, *DRK*, and their progeny prohibit, however, is Defendants' invocation, in reply, of the writing requirement where, as here, there is no dispute among the copyright owners and transferors that the copyrights were in fact transferred to Plaintiff. Defendants' opposition conflates these two principles: challenging standing *generally* v. relying on the writing requirement. Plaintiff's opening brief, by contrast, cites the full quotation and explains the difference between these two principles, and the clear error in Defendants' reliance on the writing requirement to dismiss a claim. *See* Dkt. 241-1 at 11:16-17.

*DRK* and *Jules Jordan* illustrate the clear error here. In *Jules Jordan*, as here, there was oral testimony from all relevant individuals that the transfer was consented to, and on that basis the Ninth Circuit held that the plaintiff had standing, despite the absence of a written transfer. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010). The facts of *Jules Jordan* are thus squarely on point to the instant case, in which there was no written transfer, but there is oral testimony from all relevant individuals that the transfer was consented to. The same result should follow the *Jules Jordan* holding: the case cannot be dismissed based on the §204(a) writing requirement. *DRK* supports Plaintiff's position by reaffirming that "a third party may not raise noncompliance with 17 U.S.C. §204(a)'s writing requirement as a defense to a copyright transfer where the parties to the transfer do not dispute its existence…" *DRK Photo, Inc. v. McGraw-Hill Global Educ.*

6

RUSS, AUGUST & KABAT

*Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017). *DRK* then further emphasizes there is a separate and distinct standing inquiry, namely, that "a third party is not foreclosed from challenging a plaintiff's ownership for purposes of standing." *Id.* And *DRK* found, in that particular case, that the transfer of rights was insufficient to confer standing because it involved the transfer of a bare right to sue only. *Id.* Where, as here, there is evidence from all plausible stakeholders that they contemporaneously authorized the relevant transfer, it is clear error to allow third-party infringers to rely upon §204(a) to avoid a claim of copyright infringement.

None of the cases cited in Defendants' opposition on this point can defeat this analysis. As discussed in the moving papers, *Yellowcake* noted the "general rule against third parties raising §204(a)" and held it did not apply because "[t]his is not a case in which there is no dispute between the copyright holder and the transferee." *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F.Supp.3d 747, 761 (E.D. Cal. 2021). The two Ninth Circuit cases Defendants cite, *Konigsberg* and *Radio Television Espanola*, both of which pre-date *Jules Johnson*, actually demonstrate that Plaintiff has correctly identified the law. These cases involved disputes between the alleged transferor and transferee, which are precisely the type of disputes, unlike here, where §204(a) may be raised as a defense. *See Konigsberg Int'l Inc. v. Rice*, 16 F.3d 355, 356-57 (9th Cir. 1994); *Radio Television Espanola S.A. v. New World Ent. Ltd.*, 183 F.3d 922, 927 (9th Cir. 1999). Unlike *Jules Jordan*, neither case dealt with third parties outside the chain of ownership.[1]

Moreover, Defendants make no meaningful effort to distinguish other cases cited in Plaintiff's opening brief that are highly analogous to the present case both factually and legally. They establish the consistent practice among district courts of following *Jules Jordan* and *DRK* and refusing to dismiss cases in favor of alleged

[1] Defendants offer the idea that the standard is different with a "well funded party" but cites no law for that proposition. Before ARA became involved, Ye had outsized negotiating position due to his wealth and influence. Ye may not be happy that ARA is leveling the playing field, but it does not alter any legal standards.

RUSS, AUGUST & KABAT

7

infringers based on §204(a). *See* Dkt. 241-1 at 9; *Jitrade, Inc. v. Charlotte Russe, Inc.*, No. CV-16-5536-DMG, 2018 WL 2718049, at *3 (C.D. Cal. Jan. 4, 2018); *see also Volumecocomo Apparel, Inc. v. Guess?, Inc.*, No. CV-11-06694-RGK, 2012 WL 13009117 n.1 (C.D. Cal. July 27, 2012); *Jules Jordan*, 617 F.3d at 1157. For example, in *Jitrade*, like here, Plaintiff had "standing to maintain the suit" because "Defendants may not raise the lack of a written agreement as a defense to the instant copyright infringement suit." *Jitrade*, at *3.

The law is clear. Where, as here, there is admissible evidence that all relevant parties agreed contemporaneously to a transfer, a third-party infringer cannot invoke §204(a) to avoid a claim of copyright infringement. This is a material difference in law from the Court's summary judgment order (Dkt. 232), constituting clear error. Reconsideration should be granted to correct it.

## III. DEFENDANTS DO NOT AND CANNOT CHALLENGE MR. MEASE'S TRANSFER OF HIS ENTIRE RIGHT IN MSD PT2 TO PLAINTIFF THROUGH THE ONLY WRITTEN INSTRUMENT HE EVER EXECUTED

Even if the Court were to accept that Defendants can utilize §204(a)'s writing requirement to attack standing, which they cannot, that argument necessarily fails with respect to Mr. Mease, who never transferred any rights to PEN Music through a signed writing. Applying the Court's reasoning in its order requiring a written instrument (Dkt. 232 at 9) to transfer copyright, Mr. Mease therefore retained, and must be deemed to have retained, all rights and could not have orally transferred *any* copyright interest to PEN Music. Because Mr. Mease's copyright assignment to Plaintiff is the only written instrument that Mr. Mease ever signed with respect to MSD PT2, he transferred his entire interest in MSD PT2 to Plaintiff.

The Court's order (Dkt. 232) errs in heeding Defendants' argument that (1) relies on Mr. Mease's oral transfer of rights to PEN Music; and (2) discounts PEN Music's oral consent to the transfer to Plaintiff. Instead of the alleged oral transfers

8

RUSS, AUGUST & KABAT

rising or falling together, the order is internally inconsistent when applying the law to these facts. It manifestly shows a failure to consider material facts under L.R. 7-18(c), an independent ground to overturn the order (Dkt. 232), even if the Court declines to correct the error of allowing the third-party infringers to invoke §204(a)'s writing requirement.

Defendants offer no substantive suggestion that the order was correct on this point. They simply handwave and assert that the argument was raised and rejected by the Court and L.R. 7-18 is the wrong vehicle to raise the issue. They ignore that the Local Rules are designed to address the factual reality that the Central District of California is one of the busiest dockets and there are rare occasions that courts may be misled and fail to consider material facts presented to them before issuing an order. When there is clear error, as here, L.R. 7-18 is the efficient and proper vehicle through which the error is corrected. Defendants' disregard for judicial resources and authority is telling as it would be wasteful and nonsensical to wait and present this error to the Ninth Circuit for it to reverse the Court's order (Dkt. 232) on the ground that it does not require a writing to amend an oral agreement.

Defendants also state that the *nunc pro tunc* assignment of PEN Music is too late and should not be considered. But this is beside the point, because no subsequent writing is required. The opening brief stated the assignment was made only out of an abundance of caution and to guard against other misleading arguments that Defendants may make at trial. The subsequent writing merely reinforces the record here: all parties in the chain of title agreed to the copyright assignment to Plaintiff. Defendants cannot point to anything to the contrary. And while joinder of PEN Music is not necessary, its ability to join only reinforces that there is no dispute among the stakeholders of MSD PT2 as to the transfer to Plaintiff.

The ruling as to Mr. Mease was manifest error, a point Defendants cannot and do not actually attempt to rebut. If the Court declines to correct the error of permitting Defendants to invoke §204(a), reconsideration should be granted on this

RUSS, AUGUST & KABAT

9

ground in the alternative as Mr. Mease's written copyright assignment transferred his entire copyright to Plaintiff.

## IV. THE AUTHORITY CITED IN OPPOSITION DOES NOT SUPPORT DEFENDANTS' WAIVER ARGUMENT

Defendants spend the bulk of their opposition arguing that the *Jules Jordan* issue was waived in opposition to summary judgment. But, *none* of their cases deal with motions for reconsideration. Two note waiver on appeal in short footnotes. *Pacific Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016); *Jenkins v. Cty of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting waiver of *claims*, not arguments). One addressed whether oral argument is required. *Dredge Corp. v. Penny*, 338 F.2d 456 n.14 (9th Cir. 1964). Two more address that the ruling was a partial summary judgment order, but there is nothing prohibiting reconsideration of nonfinal judgments. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466-467 (9th Cir. 1989); *White v. Lee*, 227 F.3d 1214, 1240 (9th Cir. 2000); *August Image v. Line Financial, PBC*, No. 2:23-05492 MWC (ASx), 2025 WL 699619, *3 (C.D. Cal. Feb. 10, 2025) (reconsideration of partial motion for summary judgment).[2] *Dong* addresses relief from failing to file an opposition, and *Marroquin* introducing previously undisclosed evidence under FRCP 60(b)(2). *Dong v. Carson*, 775 F. App'x 843, 844 (9th Cir. 2019); *Marroquin v. City of Los* Angeles, 112 F.4th 1204, 1205 (9th Cir. 2024). Finally, *Samson* addresses sur-replies, which is not at issue here. *Samson v. Nama Holdings, LLC*, No. CV 09-01433 MMM (PJWx), 2009 WL 106743565, *3 n.4 (C.D. Cal. May 13, 2009).

As discussed in the moving papers, where, as here, the grant is based on reply arguments, reconsideration is proper. *See teamLab Inc. v. Museum of Dream Space LLC*, No. CV 19-6906 PSG (GJSx), 2022 WL 17345905, *2 (C.D. Cal. Nov. 16,

---

[2] *See also* L.R. 7-18 ("A motion for reconsideration of an Order on **any** motion or application may be made…") (emphasis added); *In re Behnam*, No. CV13-00205-VBF, 2013 WL 3872185, *2 (C.D. Cal. May 29, 2013) (holding that L.R. 7-18 applies to "the decision on any motion" including nonfinal judgments).

RUSS, AUGUST & KABAT

2022); *McGruder v. Metropolitan Gov't of Nashville and Davidson Cty.*, No. 3:17-cv-01547, 2020 WL 4586171 (M.D. Tenn. Aug. 10, 2020). *See also August Image,* 2025 WL 699519, at *2 (granting reconsideration on copyright standing issues).

As set forth above, in the moving papers, and in the very limited substantive opposition, the rulings on both §204(a) and on Mr. Mease were clear error. In that context, reconsideration is proper. Defendants offer no examples of denials where the error was this clear. The motion should be granted.

## V.    PLAINTIFF WAIVED NO RIGHTS; THE ORDER WAS BASED ON ARGUMENTS MADE ON REPLY

The core of Defendants' opposition is the idea that regardless of how incorrect the ruling is on the issue of §204(a), Plaintiff should have *anticipated* Defendants' argument on reply because §204(a) was mentioned in passing in a short section of their opening brief where *different* arguments were raised and no case law was cited *at all* to support those arguments. On this basis, Defendants argue that the clear point of law is waived forever. As to Plaintiff's alternative argument on Mr. Mease, Defendants' argument appears to be that the Court and parties should just wait on the Ninth Circuit to reverse, even though this Court has full discretion to reconsider *any* motion and not just a final judgment as Defendants erroneously assert.

Defendants' arguments fail on the facts as well. Here, Defendants asserted that there was no standing, but only *in general*. In their moving papers, Defendants elected to omit the highly relevant testimony by the principal of PEN Music that directly contradicts their argument: PEN Music's oral authorization to the Artists' transfer of all their rights in MSD PT2 to Plaintiff. Dkt. 219-1 at 16. Defendants rewrite history by asserting that they raised the "written requirement" of §204(a) substantively to apply to the transfer of copyright from the Artists to Plaintiff. While "204(a)" was cited, the argument was not made. In fact, any citation to 204(a) was made in reference to the publishing administrative agreement between PEN Music and certain of the Artists and not, as Defendants now claim, regarding the copyright

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

transfer between the Artists and Plaintiff. Dkt. 219-1 at 16.

In summary judgment opposition, Plaintiff addressed that the oral modification of the administrative agreement between PEN Music and certain of the Artists was proper, raising California law. Dkt. 228 at 7. Plaintiff also raised the fact that Mr. Mease had not signed any written instrument with PEN Music. *Id.* at 12.

Only on reply did Defendants cite §204(a) and cases to support the "written requirement" argument. But they elected to omit the binding Ninth Circuit precedent foreclosing their new argument. *See, e.g.*, Dkt. 231 at 10-11; citing §204 and describing as a "transfer requiring writing." Given the factual reality, nothing was waived. Further, Defendants were unable to present a single example or authority supporting waiver where the underlying order contained a clear error. The core issue—to which Defendants have no response—is that the order (Dkt. 232) contravenes Ninth Circuit law and the policy behind it. Plaintiff respectfully requests this Court follow it by correcting the error in the order (Dkt. 232).

## VI. THERE IS NO PREJUDICE FROM CORRECTING AN INCORRECT ORDER

Plaintiff agrees that revision of the order will require addressing points relating to musicology. As to prejudice, however, following binding Ninth Circuit law and correcting clear error cannot prejudice Defendants. The alternative is to try this case twice, which would undoubtedly waste judicial resources and engender inefficiency, and potentially even inconsistency. While Plaintiff is ready, willing, and able to try this case on April 20, 2026, as ordered by the Court, it also understands that addressing the other issues in Defendants' summary judgment motion may take the Court time. Plaintiff will bring its calendar to the hearing.

## VII. DEFENDANTS' NON-SEQUITURS DO NOT AFFECT THE ANALYSIS

Defendants spend a significant portion of their opposition addressing and mischaracterizing facts that have no bearing whatsoever on this case. First,

12

Defendants unequivocally admit they had access to the Artists' work, MSD PT2, and used its sound recording over and over again as versions of *80 Degrees* and early versions of *Hurricane*. Dkt. 228-1 at SOF 127, 131. Those versions were leaked online from 2018 until 2021, making *Hurricane* the most anticipated and streamed track. Defendant Ye admitted that he used the sound recording of MSD PT2 in the version of *Hurricane* played at the first listening party in Atlanta, and that he removed the sound recording because he did not have clearance. Dkt. 228-1 at SOF 134; *see also* Ye Dep. Tr. at 95:14-25. Defendants instead interpolated the composition. Dkt. 228-1 at SOF 135.

Despite the Artists' urging beginning in 2020, Defendants refused to make a fair offer that would reflect the value of MSD PT2. The Artists continued to negotiate through their counsel and representatives. Contrary to the Defendants' claim that the Artists only started negotiations post-album release (Dkt. 253 at 13), the facts show otherwise. The parties never reached agreement and Defendants effectively disappeared after profiting vastly from their use of the Artists' work and collecting accolades and awards. The Artists were running out of time and options. So, they *transferred* their copyrights to ARA so that they could seek some justice. Defendants' attempt to paint the Artists or Plaintiff as "well-funded" is irrelevant, prejudicial, and further violates the Court's order precluding Defendants from compelling information about funding. *See* Dkt. 205 at 7 ("Nor is this copyright action one of the 'special litigation contexts' in which litigation funding discovery would be relevant."). In addition to being irrelevant, information about funding is highly prejudicial, misleading, and one-sided, particularly because Defendant Ye has made several public statements, including claiming that he has a $2 billion net worth.

In addition, Defendants' attempt to raise Defendant Ye's mental health issues to excuse Defendants' failure to fairly compensate the Artists is irrelevant and unfairly prejudicial. When Plaintiff brought suit to finally seek justice, Defendants continued to ignore their claim, requiring Plaintiff to bring motion-after-motion, and

13

RUSS, AUGUST & KABAT

resulting in motions for defaults (which were stipulated to be set aside) (Dkts. 34-35, 48), a motion to compel (Dkt. 93) and two sanctions motions granted against them (Dkts. 108, 166). Defendants continued to engage in various discovery misconduct—including dumping over 42,000 pages of documents on Plaintiff on the last day when the parties were ordered to complete fact discovery. They include documents that Plaintiff sought for months and was deprived of reviewing, analyzing, and using at fact depositions. Further, it is clear that Defendants have a number of individuals aside from Ye, including Milo Yiannopoulos and Joseph Karre, who are corporate representatives, testified at depositions, represented to having full settlement authority, and worked with Defendants' experts. Therefore, to the extent that Defendants raise Ye's mental health issues to try and excuse infringement and/or discovery abuses, they should be precluded from doing so.

## VIII. CONCLUSION

There is no way to reconcile the Court's order (Dkt. 232) with *Jules Jordan.* Defendants did not even attempt to do so. Even assuming *arguendo* §204(a) somehow applied here, it makes no sense to apply it to Mr. Mease. The only writing he ever signed was the copyright assignment through which he transferred all of his rights in MSD PT2 to Plaintiff, which is all that is needed to effectuate transfer even under the Court's reasoning in the order (Dkt. 232). These legal errors must be corrected, either on reconsideration or on appeal. This Court has the authority and discretion under L.R. 7-18 and Rules 59 and 60 to amend the order to follow binding Ninth Circuit case law that was omitted from Defendants' reply and its order.

DATED: March 20, 2026

RUSS, AUGUST & KABAT

By: */s/ Irene Y. Lee*
Irene Y. Lee
Nathan D. Meyer
Sarah Wang
Attorneys for Plaintiff
Artist Revenue Advocates, LLC

14

## **CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on March 20, 2026, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/    *Irene Y. Lee*

RUSS, AUGUST & KABAT

REPLY IN SUPPORT OF PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT [DKT. 232]