# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| ARTIST REVENUE ADVOCATES, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>KANYE OMARI WEST a/k/a "YE;" *et al.*,<br><br>          Defendants. | Case No.: 2:24-cv-06018 MWC (BFMx)<br><br>Hon. Michelle Williams Court<br><br>**[PROPOSED] DISPUTED VERDICT FORMS**<br><br>FPTC Date:    April 3, 2026<br>Time:         1:30 p.m.<br>Courtroom:   6A<br><br>Action Filed:   July 17, 2024<br>Disc. Cutoff:  December 15, 2025<br>Trial:       April 20, 2026 |

260320 Disputed Verdict Forms.docx

1

**DISPUTED VERDICT FORMS**

The parties dispute the jury verdict forms.  Plaintiff has attached a general verdict form below, followed by Defendants' proposed special verdict form, followed by the parties' arguments.

## GENERAL VERDICT FORM

In answering these questions, you are to follow the instructions I have given.

Do you find that Plaintiff, Artist Revenue Advocates, LLC, proved its claim of copyright infringement against the Defendants listed below?

**Answer "Yes" or "no" for each Defendant. If the Answer is "Yes," include a dollar amount for damages:**

| Defendant | Infringed? | $ Amount |
|---|---|---|
| Kanye Omari West a/k/a "Ye" | | |
| Getting Out Our Dreams, Inc. | | |
| Getting Out Our Dreams II, LLC | | |
| Yeezy LLC | | |
| Yeezy Supply LLC | | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | | |

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should sign and date the verdict form below and notify the Bailiff that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

## SPECIAL VERDICT FORM

As you have heard during this trial, Plaintiff alleges that Defendants infringed the sound recording MSD PT2 through various recordings and performances of *80 Degrees* and *Hurricane*.

"Defendants" refers to Ye f/k/a Kanye Omari West; Yeezy LLC; Yeezy Supply LLC; Getting Out Our Dreams, Inc.; Getting Out Our Dreams II, LLC; and Ox Paha Inc. f/k/a Mascotte Holdings, Inc.

"Plaintiff" refers to Artists Revenue Advocates, LLC.

"Artists" refers to Khalil Abdul Rahman, Dan Seeff, Sam Barsh, and Josh Mease

In answering these questions, you are to follow the instructions I have given.

### I.  The Sound Recording MSD PT2

1. Did Plaintiff prove by a preponderance of the evidence that, on July 17, 2024, it owned the sound recording MSD PT2?

   Answer Yes or No: _____

   *(If you answered "Yes," answer Question 2; otherwise, sign and return this verdict form)*

2. Did Plaintiff prove by a preponderance of the evidence that the sound recording MSD PT2 contains protectable original expression?

   Answer Yes or No: _____

   *(If you answered "Yes," answer Question 3; otherwise, sign and return this verdict form)*

3. Did Defendants prove by a preponderance of the evidence that the sound recording MSD PT2 is comprised of unprotectable scenes-a-faire?

   Answer Yes or No: _____

4

*(If you answered "No," answer Question 4; otherwise, sign and return this verdict form)*

4.  Did Defendants prove by a preponderance of the evidence that the Artists or Plaintiff abandoned the sound recording MSD PT2.
    Answer Yes or No: _____
    *(If you answered "No,"skip to Section II; otherwise, sign and return this verdict form)*

II.  **Miscellaneous Factual Findings**

1.  Did Defendants prove by a preponderance of the evidence inequitable conduct by the Plaintiff or the Artists?
    Answer Yes or No: _____
    *(If you answered "Yes," answer Question 2; otherwise, skip to Question 4)*

2.  Did Defendants prove by a preponderance of the evidence that the inequitable conduct of Plaintiff or the Artists directly relates to the claims that have been asserted against the Defendants?
    Answer Yes or No: _____
    *(If you answered "Yes," answer Question 3; otherwise, skip to Question 4)*

3.  Did Defendants prove by a preponderance of the evidence that the inequitable conduct of Plaintiff or the Artists injured Defendants?
    Answer Yes or No: _____
    *(Answer Question 4)*

4.  Did Defendants prove by a preponderance of the evidence that the Artists knew of Defendants' allegedly infringing conduct?
    Answer Yes or No: _____

*(If you answered "Yes," answer Question 5; otherwise, skip to Section
III (80DEG18))*

5. Did Defendants prove by a preponderance of the evidence that the
Artists intended, or acted in such a way that Defendants had a right to
believe that the Artists intended, that Defendants would rely on the
Artists conduct?

   Answer Yes or No:

   *(If you answered "Yes," answer Question 6; otherwise, skip to
   Question 8)*

6. Did Defendants prove by a preponderance of the evidence that
Defendants were ignorant of the true facts (i.e. that the use of MSD
PT2 was not permitted)?

   Answer Yes or No:

   *(If you answered "Yes," answer Question 7; otherwise, skip to
   Question 8)*

7. Did Defendants prove by a preponderance of the evidence that
Defendants relied to their detriment on the conduct of Plaintiff or the
Artists?

   Answer Yes or No:

   *(Answer Question 8)*

8. Did Defendants prove by a preponderance of the evidence that
Plaintiff or the Artists collected royalties related to *Hurricane*?

   Answer Yes or No:

   *(If you answered "Yes," answer Question 9; otherwise, skip to Section
   III (80DEG18))*

6

9. Did Plaintiff prove by a preponderance of the evidence that Plaintiff or the Artists objected to the allegedly infringing uses of the sound recording MSD PT2?

Answer Yes or No:

When was the earliest objection made by Plaintiff or the Artists to Defendants? _____ [day, month, year]

*(Skip to Section III (80DEG18))*

### III.   *80 Degrees* **Demo (80DEG18)**

1. Did Plaintiff prove by a preponderance of the evidence that Defendants created, performed, or distributed 80DEG18?

Answer Yes or No:

Which Defendants created, performed, or distributed 80DEG18?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(If you answered "Yes" to any part, answer Question 2; otherwise, skip to Section IV (80DEG18V))*

7

2. Did the Plaintiff prove by a preponderance of the evidence that the actual sounds fixed in the sound recording MSD PT2 were copied and used in 80DEG18?

Answer Yes or No:

*(If you answered "Yes," answer Question 3; otherwise, skip to Section IV (80DEG18V))*

3. Did the Plaintiff prove by a preponderance of the evidence that the portion of the sound recording MSD PT2 copied and used in 80DEG18 were original and protectable sounds?

Answer Yes or No:

*(If you answered "Yes," answer Question 4; otherwise, skip to Section IV (80DEG18V))*

4. Did Defendants prove that the use of MSD PT2 in 80DEG18 was minimal or trivial?

Answer Yes or No:

*(If you answered "No," answer Question 5; otherwise, skip to Section IV (80DEG18V))*

5. Did Defendants prove by a preponderance of the evidence that 80DEG18 was not created, performed, or distributed by Defendants on or after July 17, 2021?

Answer Yes or No:

*(If you answered "Yes," answer Question 6; otherwise, skip to Section IV (80DEG18V))*

6. Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed 80DEG18, Defendants held an express license to use the sound recording MSD PT2?

8

Answer Yes or No:

*(If you answered "No," answer Question 7; otherwise, skip to Section IV (80DEG18V))*

7. Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed 80DEG18, Defendants held an implied license to use the sound recording MSD PT2?

Answer Yes or No:

*(If you answered "No," answer Question 8; otherwise, skip to Section IV (80DEG18V))*

8. Did Plaintiff prove by a preponderance of the evidence that Defendants received revenue from the creation, performance, or distribution of 80DEG18?

Answer Yes or No:

Write amount of revenue proved:

*(If you answered "Yes," answer Question 9; otherwise, skip to Section IV (80DEG18V))*

9. Did Defendants prove by a preponderance of the evidence that Defendants incurred any costs related to the creation, performance, or distribution of 80DEG18?

Answer Yes or No:

Write amount of costs proved:

*(Answer Question 10)*

10. Did Defendants prove by a preponderance of the evidence that 80DEG18 was successful at least in part due to any factors other than the protected expression in MSD PT2?

Answer Yes or No:

Write percent of success that you apportion to the protectable elements of MSD PT2: _____%

Write the percentage success that you apportion to any other factors: _____%

*(Answer Question 11)*

11. Did Plaintiff prove that any Defendants benefited from any other Defendants' creation, performance, or distribution of 80DEG18? Answer Yes or No:

Which Defendants benefited from another Defendants' creation, performance, or distribution 80DEG18?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(Skip to Section IV (80DEG18V))*

## IV.   YouTube Video Leak (80DEG18V)

1.   Did Plaintiff prove by a preponderance of the evidence that Defendants created, performed, or distributed 80DEG18V? Answer Yes or No:

Which Defendants created, performed, or distributed 80DEG18V?

10

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(If you answered "Yes" to any part, answer Question 2; otherwise, skip to Section V (any other version of 80 Degrees))*

2. Did the Plaintiff prove by a preponderance of the evidence that the actual sounds fixed in the sound recording MSD PT2 were copied and used in 80DEG18V?

Answer Yes or No:

*(If you answered "Yes," answer Question 3; otherwise, skip to Section V (any other version of 80 Degrees))*

3. Did the Plaintiff prove by a preponderance of the evidence that the portion of the sound recording MSD PT2 copied and used in 80DEG18V were original and protectable sounds?

Answer Yes or No:

*(If you answered "Yes," answer Question 4; otherwise, skip to Section V (any other version of 80 Degrees))*

4. Did Defendants prove that the use of MSD PT2 in 80DEG18V was minimal or trivial?

11

Answer Yes or No:

*(If you answered "No," answer Question 5; otherwise, skip to Section V (any other version of 80 Degrees))*

5. Did Defendants prove by a preponderance of the evidence that 80DEG18V was not created, performed, or distributed by Defendants on or after July 17, 2021?

Answer Yes or No:

*(If you answered "Yes," answer Question 6; otherwise, skip to Section V (any other version of 80 Degrees))*

*6.* Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed 80DEG18V, Defendants held an express license to use the sound recording MSD PT2?

Answer Yes or No:

*(If you answered "No," answer Question 7; otherwise, skip to Section V (any other version of 80 Degrees))*

7. Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed 80DEG18V, Defendants held an implied license to use the sound recording MSD PT2?

Answer Yes or No:

*(If you answered "No," answer Question 8; otherwise, skip to Section V (any other version of 80 Degrees))*

8. Did Plaintiff prove by a preponderance of the evidence that Defendants received revenue from the creation, performance, or distribution of 80DEG18V?

Answer Yes or No:

Write amount of revenue proved:

*(If you answered "Yes," answer Question 9; otherwise, skip to Section V (any other version of 80 Degrees))*

9. Did Defendants prove by a preponderance of the evidence that Defendants incurred any costs related to the creation, performance, or distribution of 80DEG18V?

   Answer Yes or No:

   Write amount of costs proved:

   *(Answer Question 10)*

10. Did Defendants prove by a preponderance of the evidence that 80DEG18V was successful at least in part due to any factors other than the protected expression in MSD PT2?

    Answer Yes or No:

    Write percent of success that you apportion to the protectable elements of MSD PT2: _____%

    Write the percentage success that you apportion to any other factors: _____%

    *(Answer Question 11)*

11. Did Plaintiff prove that any Defendants benefited from any other Defendants' creation, performance, or distribution of 80DEG18V?

    Answer Yes or No:

    Which Defendants benefited from another Defendants' creation, performance, or distribution 80DEG18V?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |

| | |
|---|---|
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(Skip to Section V (any other version of 80 Degrees))*

**V.** **Any Other Version of *80 Degrees***

1.  Did Plaintiff prove by a preponderance of the evidence that Defendants created, performed, or distributed any other versions of *80 Degrees*?

    Answer Yes or No:

    Which Defendants created, performed, or distributed any other versions of *80 Degrees*?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

14

|  |  |
|---|---|
|  |  |

*(If you answered "Yes" to any part, answer Question 2; otherwise, skip to Section VI (HURRICANEV1))*

2. Did the Plaintiff prove by a preponderance of the evidence that the actual sounds fixed in the sound recording MSD PT2 were copied and used in 80DEG18?

   Answer Yes or No:

   *(If you answered "Yes," answer Question 3; otherwise, skip to Section VI (HURRICANEV1))*

3. Did the Plaintiff prove by a preponderance of the evidence that the portion of the sound recording MSD PT2 copied and used in 80DEG18 were original and protectable sounds?

   Answer Yes or No:

   *(If you answered "Yes," answer Question 4; otherwise, skip to Section VI (HURRICANEV1))*

4. Did Defendants prove that the use of MSD PT2 in any other versions of *80 Degrees* was minimal or trivial?

   Answer Yes or No:

   *(If you answered "No," answer Question 5; otherwise, skip to Section VI (HURRICANEV1))*

5. Did Defendants prove by a preponderance of the evidence that any other versions of *80 Degrees* was not created, performed, or distributed by Defendants on or after July 17, 2021?

   Answer Yes or No:

   *(If you answered "Yes," answer Question 6; otherwise, skip to Section VI (HURRICANEV1))*

15

6. Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed any other versions of *80 Degrees*, Defendants held an express license to use the sound recording MSD PT2?

Answer Yes or No: ___

*(If you answered "No," answer Question 7; otherwise, skip to Section VI (HURRICANEV1))*

7. Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed any other versions of *80 Degrees*, Defendants held an implied license to use the sound recording MSD PT2?

Answer Yes or No: ___

*(If you answered "No," answer Question 8; otherwise, skip to Section VI (HURRICANEV1))*

8. Did Plaintiff prove by a preponderance of the evidence that Defendants received revenue from the creation, performance, or distribution of any other versions of *80 Degrees*?

Answer Yes or No: ___

Write amount of revenue proved: ___

*(If you answered "Yes," answer Question 9; otherwise, skip to Section VI (HURRICANEV1))*

9. Did Defendants prove by a preponderance of the evidence that Defendants incurred any costs related to the creation, performance, or distribution of any other versions of *80 Degrees*?

Answer Yes or No: ___

Write amount of costs proved: ___

*(Answer Question 10)*

16

10. Did Defendants prove by a preponderance of the evidence that any other versions of *80 Degrees* was successful at least in part due to any factors other than the protected expression in MSD PT2?

Answer Yes or No:

Write percent of success that you apportion to the protectable elements of MSD PT2: _____%

Write the percentage success that you apportion to any other factors: _____%

*(Answer Question 11)*

11. Did Plaintiff prove that any Defendants benefited from any other Defendants' creation, performance, or distribution of any other versions of *80 Degrees*?

Answer Yes or No:

Which Defendants benefited from another Defendants' creation, performance, or distribution any other versions of *80 Degrees*?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(Skip to Section VI (HURRICANEV1))*

17

**VI.    Early Demo of Hurricane (HURRICANEV1)**

1.  Did Plaintiff prove by a preponderance of the evidence that Defendants created, performed, or distributed HURRICANEV1?

Answer Yes or No:

Which Defendants created, performed, or distributed HURRICANEV1?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(If you answered "Yes" to any part, answer Question 2; otherwise, skip to Section VI (Listening Party 1 & HURRICANELP1))*

2.  Did the Plaintiff prove by a preponderance of the evidence that the actual sounds fixed in the sound recording MSD PT2 were copied and used in HURRICANEV1?

Answer Yes or No:

*(If you answered "Yes," answer Question 3; otherwise, skip to Section VI (Listening Party 1 & HURRICANELP1))*

18

3. Did the Plaintiff prove by a preponderance of the evidence that the portion of the sound recording MSD PT2 copied and used in HURRICANEV1were original and protectable sounds?

   Answer Yes or No:

   *(If you answered "Yes," answer Question 4; otherwise, skip to S Section VI (Listening Party 1 & HURRICANELP1))*

4. Did Defendants prove that the use of MSD PT2 in HURRICANEV1was minimal or trivial?

   Answer Yes or No:

   *(If you answered "No," answer Question 5; otherwise, skip to Section VI (Listening Party 1 & HURRICANELP1))*

5. Did Defendants prove by a preponderance of the evidence that HURRICANEV1was not created, performed, or distributed by Defendants on or after July 17, 2021?

   Answer Yes or No:

   *(If you answered "Yes," answer Question 6; otherwise, skip to Section VI (Listening Party 1 & HURRICANELP1))*

6. Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed HURRICANEV1, Defendants held an express license to use the sound recording MSD PT2?

   Answer Yes or No:

   *(If you answered "No," answer Question 7; otherwise, skip to Section VI (Listening Party 1 & HURRICANELP1))*

7. Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed

19

HURRICANEV1, Defendants held an implied license to use the sound recording MSD PT2?

Answer Yes or No:

*(If you answered "No," answer Question 8; otherwise, skip to Section VI (Listening Party 1 & HURRICANELP1))*

8.  Did Plaintiff prove by a preponderance of the evidence that Defendants received revenue from the creation, performance, or distribution of HURRICANEV1?

    Answer Yes or No:

    Write amount of revenue proved:

    *(If you answered "Yes," answer Question 9; otherwise, skip to Section VI (Listening Party 1 & HURRICANELP1))*

9.  Did Defendants prove by a preponderance of the evidence that Defendants incurred any costs related to the creation, performance, or distribution of HURRICANEV1?

    Answer Yes or No:

    Write amount of costs proved:

    *(Answer Question 10)*

10. Did Defendants prove by a preponderance of the evidence that HURRICANEV1was successful at least in part due to any factors other than the protected expression in MSD PT2?

    Answer Yes or No:

    Write percent of success that you apportion to the protectable elements of MSD PT2: _____%

    Write the percentage success that you apportion to any other factors: _____%

    *(Answer Question 11)*

20

11. Did Plaintiff prove that any Defendants benefited from any other Defendants' creation, performance, or distribution of HURRICANEV1?

Answer Yes or No:

Which Defendants benefited from another Defendants' creation, performance, or distribution HURRICANEV1?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(Skip to Section VI (Listening Party 1 & HURRICANELP1))*

**VII. July 22, 2021, Listening Party at Mercedes-Benz Stadium in Atlanta, Georgia (Listening Party 1 & HURRICANEPL1)**

1. Did Plaintiff prove by a preponderance of the evidence that HURRICANELP1 is audio ripped from the video Listening Party 1?

   Answer Yes or No:

   *(Answer Question 2)*

2. Did Plaintiff prove by a preponderance of the evidence that Defendants created, performed, or distributed Listening Party 1 or HURRICANELP1?

21

Answer Yes or No:

Which Defendants created, performed, or distributed Listening Party 1 or HURRICANELP1?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(If you answered "Yes" to any part, answer Question 3; otherwise, sign and return this verdict form)*

3. Did the Plaintiff prove by a preponderance of the evidence that the actual sounds fixed in the sound recording MSD PT2 were copied and used in Listening Party 1 or HURRICANELP1?
   Answer Yes or No:
   *(If you answered "Yes," answer Question 4; otherwise, sign and return this verdict form)*

4. Did the Plaintiff prove by a preponderance of the evidence that the portion of the sound recording MSD PT2 copied and used in Listening Party 1 or HURRICANELP1were original and protectable sounds?
   Answer Yes or No:

22

*(If you answered "Yes," answer Question 5; otherwise, sign and return this verdict form)*

5.  Did Defendants prove that the use of MSD PT2 in Listening Party 1 or HURRICANELP1 was minimal or trivial?

    Answer Yes or No:

    *(If you answered "No," answer Question 6; otherwise, sign and return this verdict form)*

6.  Did Defendants prove by a preponderance of the evidence that Listening Party 1 or HURRICANELP1not created, performed, or distributed by Defendants on or after July 17, 2021?

    Answer Yes or No:

    *(If you answered "Yes," answer Question 7; otherwise, sign and return this verdict form)*

7.  Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed Listening Party 1 or HURRICANELP1, Defendants held an express license to use the sound recording MSD PT2?

    Answer Yes or No:

    *(If you answered "No," answer Question 8; otherwise, sign and return this verdict form)*

8.  Did Defendants prove by a preponderance of the evidence that, during the time Defendants created, performed, or distributed Listening Party 1 or HURRICANELP1, Defendants held an implied license to use the sound recording MSD PT2?

    Answer Yes or No:

    *(If you answered "No," answer Question 9; otherwise, sign and return this verdict form)*

23

9. Did Plaintiff prove by a preponderance of the evidence that Defendants received revenue from the creation, performance, or distribution of Listening Party 1 or HURRICANELP1?

Answer Yes or No:

Write amount of revenue proved:

*(If you answered "Yes," answer Question 10; otherwise, sign and return this verdict form)*

10. Did Defendants prove by a preponderance of the evidence that Defendants incurred any costs related to the creation, performance, or distribution of Listening Party 1 or HURRICANELP1?

Answer Yes or No:

Write amount of costs proved:

*(Answer Question 11)*

11. Did Defendants prove by a preponderance of the evidence that Listening Party 1 or HURRICANELP1 was successful at least in part due to any factors other than the protected expression in MSD PT2?

Answer Yes or No:

Taking the listening party as a whole, write the percent of success you apportion to *Hurricane*: _____%

Taking the listening party as a whole, write the percent of success you apportion to any other factors: _____%

Limited to the song *Hurricane*, write the percent of success that you apportion to the protectable elements of MSD PT2: _____%

Limited to the song *Hurricane*, write the percentage success that you apportion to any other factors: _____%

*(Answer Question 12)*

24

12. Did Plaintiff prove by a preponderance of the evidence that any Defendants benefited from any other Defendants' creation, performance, or distribution of HURRICANEV1?

Answer Yes or No:

Which Defendants benefited from another Defendants' creation, performance, or distribution HURRICANEV1?

| Defendant | Mark Yes or No |
|---|---|
| Ye f/k/a Kanye Omari West | |
| Getting Out Our Dreams, Inc. | |
| Getting Out Our Dreams II, LLC | |
| Yeezy LLC | |
| Yeezy Supply LLC | |
| Ox Paha Inc. f/k/a Mascotte Holdings, Inc. | |

*(Sign and return this verdict form)*

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should sign and date the verdict form below and notify the Bailiff that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

**Defendants' Argument**

25

On February 26, 2026, the Court issued the Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF 232, "Order"). The Order found that Plaintiff lacked standing concerning the musical composition. (*Id.* at 8.)  The Order denied Defendants' Motion for Summary Judgment only as to the following alleged uses of the sound recording MSD PT2: 80DEG18, 80DEG18V,  any other versions of *80 Degrees*, HURRICANEV1, Listening Party 1, and HURRICANELP1.  (*See id.* at 13.)

Plaintiff's general verdict form is too simplistic and vague given there are still multiple alleged infringements to be tried.  Indeed, although the Complaint alleged a single cause of action for copyright infringement, it also alleged the infringement of both the sound recording and musical composition MSD PT2, *see* ECF 1 ¶ 1; in both the songs *Hurricane* and *Moon*, *see id.*; as allegedly performed and distributed in at least four listening parties, the album versions of the songs, and the Donda Stem Player, *see id.* ¶¶ 46-49, 51, 72—totaling at least 24 distinct infringement claims (124 if you apply each to the 6 remaining Defendants). Following the Court's Order, the vast majority of these alleged infringements have been resolved in Defendants' favor.  However, Plaintiff's proposed general verdict form (1) does not clearly exclude the uses related to the musical composition and (2) does not differentiate between the alleged sound recording infringements remaining for trial.

Even a general verdict form should differentiate between each separate claim,  *see Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) ("A jury may return multiple general verdicts as to each claim, and each party, in a lawsuit, without undermining the general nature of its verdicts."), which would identify the copyright at issue, the alleged instance of infringement, by the particular defendant.

A special verdict is allowed under Fed. R. Civ. P. 49(a) and a general verdict with answers to written questions is allowed under Fed. R. Civ. P. 49(b). Here, such a verdict form is necessary to (1) clearly and separately address each of the remaining infringements and (2) provide the Court with factual findings that it may rely upon in determining equitable affirmative defenses.

Therefore, the Parties should use Defendants proposed Special Verdict Form. Plaintiff's proposed Jury Instruction 46 is a sufficient instruction concerning the Special Verdict Form, which itself includes instructions following each proposed question.

### Plaintiff's Argument

Defendants' proposed Special Verdict Form is unnecessarily long and granular, creating a significant risk of jury confusion and procedural error. The proposed form spans dozens of pages and includes repetitive, highly confusing inquiries for each of the six defendants across multiple alleged versions of the work, such as 80DEG18, 80DEG18V, and HURRICANEV1. By Defendants' own admission, Defendants ask the jurors to make at least 124 decisions with respect to each version of the work, on each alleged revenue stream, and with respect to each Defendant entity. By requiring the jury to navigate complex "skip" instructions and provide specific percentage apportionments for both the song "Hurricane" as a whole and the individual elements of the MSD PT2 recording, the form transforms a straightforward infringement analysis into an exhaustive and bewildering accounting exercise. Furthermore, the sheer volume of interlocking questions spanning legal and equitable issues drastically increases the likelihood of inconsistent findings.

A general verdict form is appropriate here where the infringement is straightforward. Plaintiff has already agreed to present the case based on the Court's

27

summary judgment order—*i.e.*, whether the case is limited to the sound recording of MSD PT2 or would include both the sound recording and composition. The jury does not and should not be asked to determine, for example, whether sound recording or the composition applies, as the parties should present the case in an orderly fashion that follows the Court's ruling as to what is at issue in the case. There is no risk of an inconsistent ruling, because the jury will either hear a case limited to the sound recording or on both the sound recording and composition. In either case, the jury will either find infringement or not.

Further, the damages will also be tailored to either a situation in which only the sound recording is at issue, or a situation where both the sound recording and composition are at issue, and the damages number presented will differ depending on the situation. Thus, the jury's damages number will again be tailored to the evidence they are permitted by this Court's orders to hear. Further, special verdicts are generally recognized as "in the form of a special written finding upon each issue of fact." Fed. R. Civ. P. 49(a); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003). "If [the jury] returns only factual findings, leaving the court to determine the ultimate legal result, it returns a special verdict." *Zhang*, 339 F.3d at 1031. As discussed in Plaintiff's opposition to Defendants' motion for summary judgment on the extrinsic test, infringement in the Ninth Circuit is determined under a two-step process. Dkt. 228 at 18-19 (citing *Swirsky v. Carey*, 376 F.3d 841, 848 (9th Cir. 2004)). It is settled law that the jury decides infringement under the intrinsic test. *Id.* Asking the Court to answer a confusing and irrelevant maze of factual determinations robs the jury of their role in determining infringement.

28

DATED: March 20, 2026                    RUSS, AUGUST & KABAT


                                         By:  */s/ Irene Y. Lee*
                                              Irene Y. Lee
                                              Attorneys for Plaintiff Artist
                                              Revenue Advocates, LLC

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on March 20, 2026, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ Irene Y. Lee
Irene Y. Lee