# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIST REVENUE ADVOCATES, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>KANYE OMARI WEST a/k/a "YE;" *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-06018 MWC (BFMx)<br><br>Hon. Michelle Williams Court<br><br>**[PROPOSED] STATEMENT OF THE CASE**<br><br>FPTC Date:        April 3, 2026<br>Time:             1:30 p.m.<br>Courtroom:        6A<br><br>Action Filed:     July 17, 2024<br>Disc. Cutoff:     December 15, 2025<br>Trial:            April 20, 2026 |

1

Plaintiff Artist Revenue Advocates, LLC ("Plaintiff" or "ARA"), and Defendants Kanye Omari West a/k/a "Ye," Getting Out Our Dreams, Inc. a/k/a G.O.O.D. Music, Getting Out Our Dreams II, LLC, Yeezy LLC, Yeezy Supply LLC, and Ox Paha Inc. f/k/a Mascotte Holdings, Inc. (collectively, "Defendants"), respectfully submit this Joint Statement of the Case.

The parties dispute which issues remain in the case due to the pending motion for reconsideration. The statement of the case is written assuming, *arguendo*, that the pending motion for reconsideration is denied. If the pending motion for reconsideration is granted, there will need to be a revised statement of the case.

2

[PROPOSED] STATEMENT OF THE CASE

## Proposed Statement of the Case

Plaintiff ARA claims to be the owner of the sound recording copyright in "MSD PT2" (the "Work"). The Work was created in 2018 by four artists: Khalil Abdul-Rahman (p/k/a DJ Khalil), Sam Barsh, Dan Seeff, and Josh Mease (collectively, the "Artists"). DJ Khalil recorded and mixed the sound recording and claims to be the original owner of the sound recording.

In 2018, DJ Khalil provided the Work to a producer, who in turn provided the Work to Defendants. That same year, the producer provided DJ Khalil a demo that Defendants created that incorporated the Work. The demo and other early demos were given the title "*80 Degrees*." Versions of *80 Degrees* were leaked multiple times between 2018 and 2021. Eventually, newer iterations were re-titled *Hurricane*.

On July 22, 2021, Defendants held a pre-album-release event referred to as a listening party. During the listening party, Defendants performed several songs from the upcoming album *Donda*, including *Hurricane*. The version of *Hurricane* played at the listening party incorporated the Work.

ARA claims that Defendants have infringed Plaintiff's copyright in and to the Work in various ways, including by substantially copying, creating derivative works without license, and publicly performing, the Work, and otherwise.

Defendants deny ARA's claim of copyright infringement. Instead, Defendants claim they had either express permission to use the Work via either an express oral license, or, at a minimum, implied permission to use the Work via an implied license. Defendants also assert several other defenses.

ARA has claimed that it is entitled to damages pursuant to applicable law. ARA seeks disgorgement of Defendants' profits attributable to Defendants' infringement of Plaintiff's copyright in and to the Work. Defendants contend the four Artists have already been compensated because they have received royalties and already received songwriting credit, and because any infringement did not create profit due to significant costs.

3

DATED: March 20, 2026                    RUSS, AUGUST & KABAT


By:  */s/ Irene Y. Lee*
Irene Y. Lee
Attorneys for Plaintiff Artist
Revenue Advocates, LLC

**[PROPOSED] STATEMENT OF THE CASE**

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on March 20, 2026, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Irene Y. Lee*
Irene Y. Lee