UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                              Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

|  |  |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION (DKT. [241])**

Before the Court is Plaintiff Artist Revenue Advocates, LLC's ("Plaintiff") motion for partial reconsideration of the Court's summary judgment order.  *See* Dkt. # 241 ("*Mot.*").  Defendants Kanye Omari West a/k/a Ye, Getting Out Our Dreams, Inc. a/k/a G.O.O.D. Music, Getting Out Our Dreams II, LLC, Yeezy LLC, Yeezy Supply LLC, and Ox Paha Inc f/k/a Mascotte Holdings, Inc.'s (collectively, "Defendants") opposed, *see* Dkt. # 253 ("*Opp.*"),  and Plaintiff replied, *see* Dkt. # 255 ("*Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers, the Court **DENIES** Plaintiff's motion.

I.      Background

On February 26, 2026, the Court granted in part and denied in part Defendants' motion for summary judgment.  *See* Dkt. # 232 ("*MSJ Order*").  The Court granted Defendants' motion for summary judgment with respect to Plaintiff's claims for copyright infringement as to the musical composition of "MSD PT2," finding that Plaintiff lacked standing to sue since there was no writing showing that Plaintiff received the copyrights for the musical composition.  *See id.* at 9.  Regarding Plaintiff's rights in the relevant sound recordings, the Court granted summary judgment "[t]o the extent *Moon* and the album version of *Hurricane* form[ed] the basis of Plaintiff's copyright infringement claim . . . ."  *See id.* at 13.  The Court denied Defendants' motion for summary judgment "with respect to Plaintiff's claim of copyright infringement of the sound recording of MSD PT2 based on the following works or events (as listed in Dr. Bennett's rebuttal report, *see* Dkt. # 228-

| | | |
|---|---|---|
| CV-90 (03/15) | Civil Minutes – General | Page **1** of **6** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-06018-MWC-BFM                              Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*


20, 24–25): 80DEG18 and any other versions of *80 Degrees*, HURRICANEV1, HURRICANELP1, 80DEG18V, and Listening Party 1." *See id.*

Plaintiff now asks the Court to reconsider its determination regarding Plaintiff's standing, arguing that it was clearly erroneous under Federal Rules of Civil Procedure ("Rules") 59 and 60 and Local Rule 7-18.

II.     Legal Standard

Local Rule 7-18 provides that a motion for reconsideration must be based on one or more of the following:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.  "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Feltz v. Cox Commc'ns Cal., LLC*, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021).

Rule 59(e) explains that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of judgment.  *See* Fed. R. Civ. P. 59(e).  A court can grant a Rule 59(e) motion:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                                Date: April 1, 2026

Title:    Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*


*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Rule 60(b) details the grounds on which the court may relieve a party from final judgement, including:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Further, a motion for reconsideration may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. Whether to grant a motion for reconsideration is committed to the sound discretion of the court. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

III.    Discussion

A.    Writing Requirement Under 17 U.S.C. § 204(a)

Plaintiff first argues that the Court erred in allowing Defendants to raise noncompliance with 17 U.S.C. § 204(a)'s writing requirement because the parties to the transfer did not dispute the transfer's existence. *See Mot.* at 8. Plaintiff relies heavily on *DRK Photo v. McGraw-Hill Global Education Holdings, LLC*, 870 F.3d 978 (9th Cir.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-06018-MWC-BFM                              Date: April 1, 2026

Title:      Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*


2017).  *See Mot.* at 8.  That case notes that "[a]lthough a third party may not raise noncompliance with 17 U.S.C. § 204(a)'s writing requirement as a defense to a copyright transfer where the parties to the transfer do not dispute its existence, a third party is not foreclosed from challenging a plaintiff's ownership for purposes of standing."  *See DRK Photo*, 870 F.3d at 986 (citations omitted).  "Indeed, it is the plaintiff who has the burden of establishing a qualifying ownership interest both as a substantive element of the infringement claim and as a necessary predicate for standing to bring the claim."  *See id.* (citation omitted).  Plaintiff characterizes the relevant case law as holding "only that third parties can challenge standing *generally*," but that they "may not challenge whether the formalities of §204(a) [*sic*] are satisfied."  *See Mot.* at 11 (emphasis in original).  Plaintiff also refers to *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, which describes the design of § 204(a) as being "to resolve disputes between owners and transferees and to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses or copyright ownership."  617 F.3d 1146, 1157 (9th Cir. 2010) (citation omitted); *see also id.* (stating that "it would be unusual and unwarranted to permit a third-party infringer to invoke § 204(a) to avoid suit for copyright infringement" (internal quotation marks and citation omitted)).

In arguing that the Court should change its determination, Plaintiff repeatedly refers to Defendants raising its § 204(a) argument for the first time on reply.  *See, e.g.*, *Mot.* at 10.  But Defendants' motion for summary judgment argued that Plaintiff lacked standing to bring its claiming including by citing § 204(a) several times.  *See* Dkt. # 219-1 ("*MSJ*") at 16 (including quotation from § 204(a) that "[a] transfer of copyright ownership . . . is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing signed by the owner of the rights conveyed or such owner's duly authorized agent.").  To be sure, Defendants' reply included additional detail regarding its standing argument, but Plaintiff still had notice of the argument before drafting its opposition.  *See, e.g.*, *Hinz v. U.S. Postal Serv.*, No. CV 05-5555-RGK (PLAx), 2005 WL 8156441, at *3 (C.D. Cal. Dec. 13, 2005).  Instead of responding with the case law it now cites, Plaintiff utilized a different path in opposition.  Plaintiff contended that "[i]t is long-standing and well-settled that a written agreement may be modified by a subsequent oral agreement so long as the modification is fully performed."  *See* Dkt. # 228 ("*P's Opp. to MSJ*") at 11 (citing Cal. Civ. Code § 1698(b)).

Dissatisfaction with one's prior briefing, or the lack of success of a party's argument, are not grounds to grant reconsideration.  *See, e.g.*, *Benson v. JP Morgan Bank,*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                    Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

*N.A.*, Nos. C-09-5272 MEJ, C-09-5560 MEJ, 2010 WL 4010116, at *6 (N.D. Cal. Oct. 13, 2010) ("[I]t is unclear why Plaintiffs argue that the Court committed unintentional error by failing to consider an argument that they did not make in opposition . . . . Further, Plaintiffs provide no explanation for why this argument was not presented prior to the present motion, and it seems improper to allow Plaintiffs to use a Rule 60(b) motion as an opportunity to re-litigate Chase's motion to dismiss."); *Papadopoulos v. Fed Meyer Stores, Inc.*, No. C04-0102RSL, 2006 WL 1548825, at *1 (W.D. Wash. June 2, 2006) ("Defendant cannot show manifest error based on the Court's failure to accept arguments or consider cases that were not presented in a timely manner."); *Carter v. Pierre*, No. 1:11-cv-01135-MJS, 2013 WL 5492888, at *3 (E.D. Cal. Oct. 2, 2013) ("Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. Plaintiff's dissatisfaction with the Court's decision is not grounds for reconsideration." (citing *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) and *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989))). Beyond its erroneous reference to Defendants raising the issue for the first time in reply, Plaintiff offers no reason that it was unable to make its current arguments as part of its motion for summary judgment briefing. And "[a] motion for reconsideration is not the place to 'do-over' things that should have been done better in the original briefing." *We 3 Kings, Inc. v. Steve Harvey Show*, No. CV 14-8816 DSF (ASx), 2017 WL 10440164, at *2 (C.D. Cal. July 24, 2017); *see also Roadrunner Trans. Servs., Inc. v. Tarwater*, 2012 WL 12918346, No. SACV 10-1534 AG (MLGx), at *1 (C.D. Cal. Sept. 12, 2012) (denying motion for reconsideration under Rule 7-18 because defendant "fail[ed] to show that he could not have found these cases with reasonable diligence").

> B.      Copyright Assignment Agreement

Plaintiff's other argument is that even if the Court applies § 204(a), Mr. Mease's signed copyright assignment to Plaintiff would satisfy the writing requirement. *See Mot.* at 13. Plaintiff points out that it relied on an oral argument to transfer Mr. Mease's rights to PEN Music, meaning that the "only writing Mr. Mease signed in connection with MSD PT2 was the copyright assignment to Plaintiff." *See id.* at 14 (emphasis omitted). Again, Plaintiff attempts to re-do its briefing based on dissatisfaction with the Court's order. Instead of arguing that Mr. Mease would have assigned his rights to Plaintiff directly in the event the Court found oral assignment through PEN Music insufficient, Plaintiff argued that "Mease's transfer of his rights in MSD PT2 to [Plaintiff] was effective because PEN Music's oral agreement with HH Music was sufficient just like Mease's 'oral and implied'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                     Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

agreements with PEN Music that Defendants embrace." *See P's Opp. to MSJ* at 12; *see also id.* ("Indeed, the fact that PEN Music's agreement was not in writing does not defeat the effect of the copyright assignment Barsh and Seeff granted to ARA in the same way Mease's oral agreement with PEN Music does not defeat its effect."). Plaintiff did not argue that it received the copyright directly via writing, only that oral assignments were valid. *See generally id.*

"It is not the role of the Court to make parties' arguments for them." *Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776 F. Supp. 2d 1029, 1040 (N.D. Cal. 2011) (citation omitted); *see W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) ("[The court] will not do [a party's] work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support."). And "[t]he court considers only the arguments the parties have raised and addressed." *McGuire v. Cnty. of Stanislaus*, No. 2:23-cv-02958-KJM-AC, 2024 WL 3378272, at *2 (E.D. Cal. July 11, 2024). That is because "[o]ur adversarial system relies on the advocates to inform the discussion and raise the issues to the court." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). The Court has no doubt that Plaintiff is dissatisfied with its summary judgment briefing, but that does not provide grounds to grant the extraordinary relief of reconsideration. "There are no new facts or law to justify reconsideration, and the Court declines to do so." *Mayer v. HSBC Bank USA*, No. 25-cv-00182-NW (SVK), 2026 WL 692702, at *7 (N.D. Cal. Mar. 11, 2026).

IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for partial reconsideration.

**IT IS SO ORDERED.**

                                                                                              :

                                                        **Initials of Preparer**   TJ

---