UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                                    Date: April 1, 2026

Title:    Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* NO. 1; GRANTING PLAINTIFF'S MOTION *IN LIMINE* NO. 2; GRANTING PLAINTIFF'S MOTION *IN LIMINE* NO. 3; GRANTING PLAINTIFF'S MOTION *IN LIMINE* NO. 4; GRANTING PLAINTIFF'S MOTION *IN LIMINE* NO. 5; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION *IN LIMINE* NO. 1; DENYING DEFENDANTS' MOTION *IN LIMINE* NO. 2; DENYING DEFENDANTS' MOTION *IN LIMINE* NO. 3; DENYING DEFENDANTS' MOTION *IN LIMINE* NO. 4  (DKTS. [235], [236], [237], [238], [239], [248], [249], [250], [251])**

Before the Court are five motions *in limine* filed by Plaintiff Artist Revenue Advocates, LLC ("Plaintiff") and four motions *in limine* filed by Defendants Kanye Omari West a/k/a Ye, Getting Out Our Dreams, Inc. a/k/a G.O.O.D. Music, Getting Out Our Dreams II, LLC, Yeezy LLC, Yeezy Supply LLC, and Ox Paha Inc f/k/a Mascotte Holdings, Inc.'s (collectively, "Defendants").  *See* Dkts. # 235, 236, 237, 238, 239, 248, 249, 250, 251.  The Court finds these matters appropriate for initial decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers, the Court: **GRANTS** Plaintiff's Motion *in Limine* No. 1; **GRANTS** Plaintiff's Motion *in Limine* No. 2; **GRANTS** Plaintiff's Motion *in Limine* No. 3; **GRANTS** Plaintiff's Motion *in Limine* No. 4; **GRANTS** Plaintiff's Motion *in Limine* No. 5; **DENIES WITHOUT PREJUDICE** Defendants' Motion *in Limine* No. 1; **DENIES** Defendants' Motion *in Limine* No. 2; **DENIES** Defendants' Motion *in Limine* No. 3; and **DENIES** Defendants' Motion *in Limine* No. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                              Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

I.      Legal Standard

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984).  Motions *in limine* that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored.  *Advanced Visual Image Design, LLC v. Exist, Inc.*, No. 2:10-CV-09383J-GBA-JW, 2013 WL 12134183, at *4 (C.D. Cal. Nov. 25, 2013) (citing *Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).  Courts have recognized that they are often better situated during the actual trial to assess the value and utility of evidence.  *Id.* (citation omitted).  Rulings on motions *in limine* "are not binding on the trial judge [who] may always change [his or her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce*, 469 U.S. at 41 (identifying that *in limine* rulings are subject to change, especially if evidence unfolds in an unanticipated manner)).

II.     Plaintiff's Motions *in Limine*

A.      No. 1: Exclude Opinions of Expert Renee Howdeshell

Plaintiff first asks the Court to exclude the opinions of Defendants' expert Renee Howdeshell.  *See* Dkt. # 235-1 ("*P's MIL No. 1*").  Plaintiff argues that Defendants failed to timely disclose Ms. Howdeshell's opinion and that the opinion relies on documents Defendants previously failed to produce.  *See generally id.*  Defendants oppose, arguing that Ms. Howdeshell's report is proper rebuttal testimony and that any failure to disclose documents was not prejudicial.  *See* Dkt. # 264 ("*Ds' Opp. to P's MIL No. 1*").

Because Defendants should have provided Ms. Howdeshell's opinion under the initial expert deadline rather than the rebuttal deadline, the Court grants Plaintiff's first motion *in limine*.  Plaintiff correctly identifies that the Copyright Act places the burden of proof on Defendants with respect to deductible expenses.  *See* 17 U.S.C. § 504(b) ("In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the work.").  The Court required the parties to disclose affirmative expert opinions—that is, opinions supporting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                          Date: April 1, 2026

Title:      Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

portions of the case about which a party has the burden of proof—by December 30, 2025. *See* Dkt. # 173.  But Defendants provided Ms. Howdeshell's report on January 16, 2026, indicating that she was solely a rebuttal witness.  *See Ds' Opp. to P's MIL No. 1* at 3.

Defendants' disclosure of Ms. Howdeshell's report was untimely and prejudicial. "The advisory notes to Rule 26 explain that 'in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue.'" *Softketeers, Inc. v. Regal W. Corp.*, No. 8:19-CV-00519-JWH (JDEx), 2021 WL 10312423, at *5 (C.D. Cal. June 30, 2021) (quoting Fed. R. Civ. P. 26(a)(2) advisory committee's notes to 1993 amendment).  The plain language of the Copyright Act places the burden of proof regarding deductible expenses on the defendant; thus, an expert report regarding that information would not appropriately constitute rebuttal testimony.  *See* 17 U.S.C. § 504(b); Fed. R. Civ. P. 26(a)(2)(D).  Despite Defendants' admonition to do so, the Court will not ignore the plain language of the statute or the Federal Rules.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Defendants' untimely disclosure left Plaintiff without the opportunity to rebut Ms. Howdeshell's opinion, which is highly prejudicial to Plaintiff's case.  Accordingly, the Court **GRANTS** Plaintiff's first motion *in limine* and **EXCLUDES** the testimony of Renee Howdeshell.

B.      No. 2: Exclude Opinions of Dr. Nathaniel Sloan

Plaintiff next asks the Court to exclude Dr. Nathaniel Sloan's opinions because his apportionment opinion relies on non-musical principles and assigns percentages and ranges in an unsupportable way.  *See* Dkt. # 236-1 ("*P's MIL No. 2*").  Defendants oppose by arguing that Plaintiff's arguments should go to the weight of Dr. Sloan's testimony, not its admissibility.  *See* Dkt. # 263 ("*Ds' Opp. to P's MIL No. 2*").

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                          Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

> opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>   a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>   b) the testimony is based on sufficient facts or data;
>   c) the testimony is the product of reliable principles and methods; and
>   d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  This standard, alongside the standard that the Supreme Court articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), governs the admissibility of expert testimony.  *See Brighton Collectibles, Inc. v. RK Tex. Leather Mfg.*, 923 F. Supp. 2d 1245, 1253 (S.D. Cal. 2013).  Under *Daubert*, the Court "must assess 'whether the reasoning or methodology underlying the testimony' is valid and 'whether that reasoning or methodology properly can be applied to the facts in issue.'"  *Sw. Fair Hous. Council v. WG Chandler Villas SH LLC*, 562 F. Supp. 2d 18, 23 (D. Ariz. 2021) (quoting *Daubert*, 509 U.S. at 592–93).  Factors relevant to the reliability of expert testimony include, but are not limited to, whether the expert's theory or technique "can be (and has been) tested," whether it "has been the subject of peer review and publication," "the known or potential rate of error," and "the existence and maintenance of standards controlling the technique's operation," along with the degree of acceptance in the relevant expert community.  *Daubert*, 509 U.S. at 593–94.

Because Dr. Sloan's opinions are not the product of reliable principles and methods, the Court must exclude them.  Dr. Sloan has a Ph.D. in Historical Musicology from Stanford University and currently serves as an Assistant Professor of Musicology at the University of Southern California Thornton School of Music.  *See* Dkt. # 240-9 ("*Sloan Report*").  He has prepared two other expert witness reports previously, both for Defendants' counsel.  *See id.* at 2.  Much of Dr. Sloan's report focuses on apportioning the factors that contributed to the success of *Hurricane* and *Moon*, and Dr. Sloan ultimately apportioned success as follows: celebrity and branding (25–30%), marketing and promotion (20–25%), lyrical content (15–20%), vocal character (10–15%), production and arrangement (10–15%), and compositional elements (5–10%).  *See id.* at 21.  He offers no formula or detailed explanation as to how he decided on those figures.  *See generally id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                               Date: April 1, 2026

Title:    Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

Without more, the Court cannot deem Dr. Sloan's apportionment analysis reliable.  As Plaintiff identifies, Dr. Sloan failed to explain how he calculated those ranges, provided little by way of replicability, and offered no peer-reviewed methodology.  *See P's MIL No. 2* at 5.

Defendants' opposition is unavailing.  They argue that Dr. Sloan's identification of factors was not *ipse dixit*, but tied to facts regarding Ye's fame, the publicity surrounding *Donda*, the involvement of featured artists, "the expressive force of the lyrics and performances, and the production and arrangement choices that shape how listeners encounter the tracks."  *See Ds' Opp. to P's MIL No. 2* at 3–4.  Though "musicology is not chemistry," Defendants ignore the impact of a jury hearing—let alone relying—on testimony that is not the product of any replicable method.  *See U.S. v. Christophe*, 833 F.2d 1296, 1299 (9th Cir. 1987) ("[A] jury is misled when a theory presented as scientific truth is in fact not generally accepted."); *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230 (9th Cir. 1998) (explaining that the test for excluding expert testimony is "whether or not the reasoning is scientific and will assist the jury").  Even if Dr. Sloan's opinions are not baseless, his explanations and conclusions are far from scientific.

Despite Defendants' contention otherwise, the issue is not just that Dr. Sloan lacks a mathematical formula—it is that his conclusion that "celebrity, branding, promotion, lyrics, vocals, production, and arrangement were more significant than compositional elements in driving the songs' success," *see Ds' Opp. to P's MIL No. 2* at 5, is based on only his say-so.  An expert "cannot issue an expert opinion simply on his own ipse dixit," even if he is generally qualified.  *See Wolff v. Tomahawk Mfg.*, No. 3:21-cv-880-SI, 2025 WL 1555251, at *11 (D. Or. June 2, 2025) (citation omitted); *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) ("It is where expert opinion is 'connected to existing data only by the ipse dixit of the expert' that there may be 'too great an analytical gap between the data and the opinion preferred' to support inclusion of the testimony." (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997))).  For that reason, the court must exclude Dr. Sloan's testimony.  *See In re Apollo Grp. Inc. Secs. Litig.*, 527 F. Supp. 2d 957, 962 (D. Ariz. 2007) (citing *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001)).

Defendants also assert that the Court should not exclude Dr. Sloan's opinion entirely based on these defects.  *See Ds' Opp. to P's MIL No. 1* at 2.  But the rest of Dr. Sloan's opinion concerns compositional elements, which will not be relevant given the Court's ruling on summary judgment.  *See* Dkt. # 232 ("*MSJ Order*") at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                           Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

Accordingly, the Court **GRANTS** Plaintiff's second motion *in limine* and excludes the opinions of Dr. Nathaniel Sloan.

> C.       No. 3: Exclude Opinions of Cedar Boschan

Plaintiff next asks the Court to exclude the opinions of Cedar Boschan. *See* Dkt. # 237-1 ("*P's MIL No. 3*"). Plaintiff argues that Ms. Boschan's opinion contravenes controlling law and concerns only the composition of MSD PT2, which is no longer at issue in the case. *See id.* Defendants contend that Ms. Boschan's opinions are legally proper and still relevant despite the Court's previous ruling. *See* Dkt. # 256 ("*Ds' Opp. to P's MIL No. 3*"). The Court incorporates the legal standard applicable to experts previously articulated. *See supra* Section II.B.

Because Ms. Boschan's opinion centers on the composition of MSD PT2 rather than the sound recording, the Court must exclude her opinion. She explains that "while the complaint I cited in the 'Documents Relied Upon' section alleges infringement of a sound recording, we understand from Defendant's [*sic*] counsel that the parties and experts acknowledge that the Plaintiff's infringement claim is now solely for the alleged infringement of a musical work (the 'Work'), **not the infringement of the recordings**." *See* Dkt. # 256-1 at 23 (emphasis added). Though Defendants pluck various references to recordings from Ms. Boschan's report out of context, the Court cannot ignore her report relied on the idea that infringement of the sound recordings was not at issue. Perhaps her interpretation of Defendants' counsel's guidance was incorrect, but that does not correct the confusion that would result from a jury hearing conclusions stemming from a faulty premise. As such, the Court **GRANTS** Plaintiff's third motion *in limine* and excludes the opinions of Cedar Boschan.

> D.       No. 4: Preclude Striking Jurors Based on Race, Religion, or Creed

Plaintiff's fourth motion *in limine* is to preclude Defendants from striking jurors based on race, religion, or creed. *See* Dkt. # 238-1 ("*P's MIL No. 4*"). In support, Plaintiff cites 28 U.S.C. § 1862, which states that "[n]o citizen shall be excluded from service as a grand or petit juror in the district courts of the United States . . . on account of race, color, religion, sex, national origin, or economic status." Defendants respond that they "are aware of the statutory prohibition precluding striking jurors based on race, religion, or creed," and that they "do not oppose Plaintiff's request." *See* Dkt. # 254 ("*Ds' Response to P's*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                                    Date: April 1, 2026

Title:      Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

MIL No. 4"").   In light of a controlling statute and the parties' stipulation, the Court **GRANTS** Plaintiff's fourth motion *in limine*.

> E.        No. 5: Exclude Defendants' Expert Ray Daniels

Plaintiff's final motion *in limine* is to exclude Defendants' expert Ray Daniels.  *See* Dkt. # 239-1 ("*P's MIL No. 5*").  Plaintiff argues that Mr. Daniels never listened to MSD PT2 or reviewed any relevant reports regarding MSD PT2.  *See id.* at 3.  Defendants aver that "when Mr. Daniels actually listened to MSD PT2 is a question of credibility and not of exclusion."  *See* Dkt. # 270 ("*Ds' Opp. to P's MIL No. 5*").  The Court again incorporates the legal standard applicable to experts outlined previously.  *See supra* Section II.B.

Because Mr. Daniels' opinion lacks a sufficient basis, the Court must exclude it. The Court reiterates that Rule 702 requires that expert testimony "be based on sufficient facts or data."  *See* Fed. R. Evid. 702(b).  Plaintiff highlights that despite Mr. Daniels submitting his initial report on December 30, 2025, he had not listened to MSD PT2 until a few days before his deposition on February 25, 2026.  *See P's MIL No. 5* at 5.  Mr. Daniels' report referred to MSD PT2 as a "loop-based contribution" or "loop," implying that he was familiar with the contents of MSD PT2.  *See* Dkt. # 240-15 ("*Daniels Initial Report*").  He defines a "looper" as one who "typically supplies short, reusable sampled loops or musical fragments that are distributed broadly to multiple producers."  *See id.* at 4.  And Mr. Daniels goes on to note that "[l]oop-based contributors provide musical ideas or fragments that require substantial additional creative, technical, and financial work to become a finished record."  *See id.* at 5.  It is unclear how Mr. Daniels could confidently conclude that MSD PT2 was only a musical "fragment" when he had yet to hear the recording at all.  And the Court finds especially disconcerting that he failed to identify that he had yet to listen to MSD PT2 when outlining "materials not yet reviewed," *see id.* at 6, instead leaving to the Court's imagination that the "audiovisual materials" referenced in "materials reviewed" would include the sound recording central to the case, *see id.* at 3. Because the distinction between "producers" and "loopers" stands at the core of Mr. Daniels' report, none of his opinions are based on sufficient facts or data.  That limitation includes Mr. Daniels' rebuttal opinion, *see* Dkt. # 240-16, which claims to rebut Plaintiff's expert as to the appropriate clearance process without having reviewed the same recording at issue.

Defendants argue that because they do not offer Mr. Daniels as a "technical musicologist," his opinion remains reliable.  *See Ds' Opp. to P's MIL No. 5*.  And they

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-06018-MWC-BFM                          Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*


state that because Mr. Daniels listened to MSD PT2 before his deposition, the Court should view his previous failure to review the sample as an issue only of credibility.  *See id.*  But Defendants fail to recognize that his expert reports are untethered to the case at hand since they lack familiarity with the sample central to the dispute.  That shortcoming precludes the Court from allowing a jury to hear his testimony.  *See Daubert*, 509 U.S. at 591; *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985) (noting that expert testimony must be "tied to the facts of the case"); *see also TDN Money Sys., Inc. v. Everi Payments, Inc.*, No. 2:15-CV-2197 JCM (NJK), 2017 WL 5148359, at *11 (D. Nev. Nov. 6, 2017) ("Expert testimony must be relevant to, and fit the facts of, the instant case.  Expert testimony relying on hypothetical, unrealistic business success is often ruled inadmissible . . . .").

Accordingly, the Court **GRANTS** Plaintiff's fifth motion *in limine* and excludes the testimony of Ray Daniels.

III.     Defendants' Motions *in Limine*

A.       No. 1: Exclude Evidence of Irrelevant and Speculative Damages

Defendants first ask the Court to exclude "all purported evidence of irrelevant and speculative damages."  *See* Dkt. # 248 ("*Ds' MIL No. 1*").  They argue that the statute of limitations precludes much of Plaintiff's recovery and that Plaintiff's experts fail to draw a causal connection between MSD PT2 and damages that Plaintiff seeks.  *See generally id.*  Plaintiff disputes both of Defendants' contentions.  *See* Dkt. # 259 ("*P's Opp. to Ds' MIL No. 1*").

Defendants assert that based on the Court's summary judgment ruling, the Court "should exclude as irrelevant all evidence and argument concerning the alleged direct and 'indirect' damages attributable to the musical composition MSD PT2, *Moon*, the album version of *Hurricane*, the 'FLH Concert,' and the 'Donda 2 MIA Show.'"  *See Ds' MIL No. 1* at 6.  The Court cannot grant Defendants' motion *in limine*.  Dr. Joe Bennett—one of Plaintiff's experts—acknowledged the limitations of Plaintiff's sound recording claim.  *See* Dkt. # 265-3 ("*Bennett Report*").  To the extent that Defendants are concerned about Plaintiff's presentation of evidence or argument and the confusion that will stem from Plaintiff exceeding the scope of the sound recording dispute, the Court prefers to rule on those objections in context at trial.  *See, e.g.*, *United States v. Babichenko*, 543 F. Supp. 3d 930, 936 (D. Idaho 2021) (referencing the benefits of ruling on exclusion of statements at trial with the benefit of additional context).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                                    Date: April 1, 2026

Title:      Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

Nor can the Court grant Defendants' motion *in limine* under their statute of limitations argument.  Defendants' ask the Court to place the cart before the horse.  "[I]t is well-settled that statutes of limitations are affirmative defenses." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 913 (E.D. Cal. 2017) (internal quotation marks and citation omitted).  And a "defendant bears the burden of proving an affirmative defense." *Speaks v. Mazda Motor Corp.* 118 F. Supp. 3d 1212, 1224 (D. Mont. 2015) (citation omitted).  Since a defendant "may not use a motion in limine to seek adjudication of a claim or defense," *Cardona v. Cnty. of L.A.*, No. 2:23-cv-06225-MWC-AGR, 2025 WL 4227217, at *6 (C.D. Cal. Dec. 16, 2025) (citation omitted), Defendants' statute of limitations argument is improper at this juncture.

Lastly, Defendants' argument related to causation is best left to objections and argument at trial.  Defendants contend that "[t]here is no actual consumer data, interviews or polls, and there is no experimental data," "no indication consumers expected *Hurricane* . . . would be performed before they purchased tickets," "no indication purchases were made during or shortly following *Hurricane*," "no indication that any of the merchandise features the lyrics or notes of *Hurricane*, and "no consideration of what role" Ye's previous success "played in spurring sales." *See Ds' MIL No. 1* at 9–10.  To be sure, these arguments may be persuasive, but they are best left for jurors to decide if they agree.  *See, e.g.*, *Gutzalenko v. City of Richmond*, No. 22-cv-02130-EMC, 2026 WL 102608, at *4 (N.D. Cal. Jan. 14, 2026).  Plaintiff's evidence regarding causation has created at least a genuine dispute, rendering this issue inappropriate for determination on a motion *in limine*. *See Feiman v. City of Santa Monica*, No. CV 12-03549 JGB (JCx), 2013 WL 12209909, at *2 (C.D. Cal. Nov. 8, 2013) ("Further, 'a motion in limine should not be used to resolve factual disputes or weigh evidence.'" (quoting *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008))).

For these reasons, the Court must deny Defendants' first motion *in limine*.  Still, the Court acknowledges that Defendants believe some of this information to be so prejudicial or misleading as to preclude the jury from hearing the evidence at all.  Since the Court requires additional context to make such a determination, it **DENIES WITHOUT PREJUDICE** Defendants' first motion *in limine* to Defendants objecting at trial.

B.      No. 2: Exclude Testimony of Plaintiff's Expert Joe Bennett

Defendants next seek to exclude some of Dr. Joe Bennett's opinions.  *See* Dkt. # 249 ("*Ds' MIL No. 2*").   They assert that Dr. Bennett provides composition-based opinions,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-06018-MWC-BFM                                    Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*


legal conclusions masquerading as expert opinions, and opinions that are unreliable or irrelevant, and that some of Dr. Bennett's opinions were untimely.  *See generally id.*  Plaintiff opposes, arguing that the opinions are both reliable and relevant.  *See* Dkt. # 260 ("*P's Opp. to Ds' MIL No. 2*").  The Court incorporates the standards for admissibility of expert testimony outlined above.  *See supra* Section II.B.

At this stage, the Court will not exclude Dr. Bennett's opinions.  Regarding Defendants' first argument, Plaintiff "agrees . . . that Dr. Bennett's opinion will be limited to the sound recording of MSD PT2 . . . ."  *See id.* at 4.  Thus, those opinions are not at issue.  To the extent that Defendants believe that Plaintiff will still attempt to raise Dr. Bennett's opinions regarding the composition of MSD PT2, they may raise those objections in context at trial.  The same is true of Defendants' second argument regarding Dr. Bennett's opinions being legal conclusions.  The Court, having reviewed the relevant portions of Dr. Bennett's report regarding the MSD PT2 sound recording, finds no basis to exclude his opinions.

Defendants also contend that Dr. Bennett's apportionment and settlement opinions are inadmissible.  Regarding relevance, the Court reiterates that it will not allow any party or expert to confuse the jury by conflating compositional issues with sound recording issues.  But Defendants go further, contesting Dr. Bennett's methodology.  *See Ds' MIL No. 2* at 6–7.  Despite Defendants' assertions otherwise, Dr. Bennett's reports include detailed methodology regarding his apportionment calculations.  *See Bennett Initial Report* at 23–27; Dkt. # 249-3 ("*Bennett Rebuttal Report*") at 15–22.  He utilized two different methods to calculate apportionment to "cross-check" his determinations, and his analysis is readily replicable.  *See Bennett Initial Report* at 23–27; *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, No. CV 07-8298 ABC (MANx), 2010 WL 11505684, at *6 (C.D. Cal. Jan. 25, 2010).  His references to other cases in his rebuttal report buttress the foundation on which his opinions rely, and the jury will understand that those songs are not at issue in this case, but merely the basis for Dr. Bennett's conclusions.

Lastly, Dr. Bennett's declaration was neither untimely nor prejudicial.  The declaration that Dr. Bennett submitted in support of Plaintiff's opposition to summary judgment responded to the declaration of Dr. Sloan that Defendants submitted in support of their motion for summary judgment.  *See* Dkt. # 228-2 ("*Bennett Decl.*"); Dkt. # 219-3 ("*Sloan Decl.*").  It is unclear what Defendants expected when they submitted Dr. Sloan's declaration, especially given that Dr. Sloan noted that his declaration was distinct from his rebuttal report.  *See Sloan Decl.* ¶ 7.  Nor did Dr. Bennett's declaration deviate from the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                          Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*

contents of his initial and rebuttal expert reports, and Rule 26 remains in force to limit Dr. Bennett's testimony at trial to the scope of those reports.

Accordingly, the Court **DENIES** Defendants' second motion *in limine*.

C.      No. 3: Require Plaintiff to Post Security Bond

Defendants' third motion *in limine* asks the Court to require Plaintiff to post a security bond to cover Defendants' costs. *See* Dkt. # 251 ("*Ds' MIL No. 3*"). Defendants' request is improper as a motion *in limine*. The Court reminds Defendants that "a motion *in limine* is a pretrial procedural device designed to address the admissibility of evidence." *City of Lincoln v. Cnty. of Placer*, 668 F. Supp. 3d 1079, 1106 (E.D. Cal. 2023). Instead of addressing the admissibility of evidence, Defendants ask the Court to mandate a $1.9 million bond just weeks before trial. *See generally Ds' MIL No. 3*. Beyond procedural inapplicability, not unlike the district court in *Simulnet*—the leading Ninth Circuit case on pretrial security bond requirements—it would be an abuse of discretion for the Court to require bond so late in the litigation and potentially preclude Plaintiff's access to trial. *See Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 576 (9th Cir. 1994).

For these reasons, the Court **DENIES** Defendants' third motion *in limine*.

D.      No. 4: Exclude Plaintiff's Rebuttal Expert Judith Finell

Defendants' final motion *in limine* is to exclude Plaintiff's rebuttal expert Judith Finell. *See* Dkt. # 250 ("*Ds' MIL No. 4*"). They argue that Plaintiff failed to make Ms. Finell available for a deposition, creating incurable prejudice to Defendants. *See id.*

The parties submit very different accounts of relevant facts. Defendants detail that on January 28, 2026, they served Ms. Finell with a First Amended Notice of Deposition setting her testimony for February 9, 2026. *See id.* at 1. Though Defendants' counsel and a court reporter appeared for the deposition, neither Plaintiff's counsel nor Ms. Finell appeared. *See id.* Plaintiff explains that it contacted Ms. Finell on January 28, 2026, but learned that she was no longer available for February 9. *See* Dkt. # 262 ("*P's Opp. to Ds' MIL No. 4*") at 4. Plaintiff informed Defendants of the need to reschedule Ms. Finell to February 13, but Defendants never responded. *See id.*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-06018-MWC-BFM                           Date: April 1, 2026

Title:     Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" *et al.*


Only Plaintiff submits evidence of the parties' correspondence.  That evidence shows that Plaintiff's counsel emailed Defendants' counsel on January 30, 2026, stating that Ms. Finell was available only on February 13.  *See* Dkt. # 265-18.  Plaintiff's counsel followed up later that day, identifying that Ms. Finell was holding February 13 open for her deposition.  *See id.*  On February 2, 2026, Plaintiff's counsel followed up again stating that Ms. Finell was not available on February 9.  *See id.*  Based on this evidence, it is unclear why Defendants expected Ms. Finell to appear on February 9.  Nor can the Court say that Plaintiff withheld Ms. Finell from providing deposition testimony.  The inability to take Ms. Finell's deposition highlights a breakdown in the meet-and-confer activities of counsel, about which the Court has already admonished Defendants.  *See MSJ Order* at 6–7.  Defendants' counsel is reaping what they have sown.

Accordingly, the Court **DENIES** Defendants' fourth motion *in limine*.

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion *in Limine* No. 1; **GRANTS** Plaintiff's Motion *in Limine* No. 2; **GRANTS** Plaintiff's Motion *in Limine* No. 3; **GRANTS** Plaintiff's Motion *in Limine* No. 4; **GRANTS** Plaintiff's Motion *in Limine* No. 5; **DENIES WITHOUT PREJUDICE** Defendants' Motion *in Limine* No. 1; **DENIES** Defendants' Motion *in Limine* No. 2; **DENIES** Defendants' Motion *in Limine* No. 3; and **DENIES** Defendants' Motion *in Limine* No. 4.

The Court also reiterates Judge Mircheff's September 16, 2025, ruling on Plaintiff's motion for sanctions: "the Defendants associated with Kanye West may not use at trial any document, communication, or other item (1) that is reasonably responsive to an RFP for which production was ordered by this Court in Docket 93; (2) that is in Defendants' possession or control as of the date of this Order; and (3) that has not been produced to Plaintiff (either by West Defendants, another Defendant, or a third party) as of September 19, 2025, by midnight."  *See* Dkt. # 166 at 13.


**IT IS SO ORDERED.**



|                          |     : |
|--------------------------|-------|
| **Initials of Preparer** | TJ    |


---