UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:24-cv-06018-MWC-BFM                                   Date: April 27, 2026

Title:      Artist Revenue Advocates, LLC v. Kanye Omari West a/k/a Ye *et al.*


Present:  The Honorable Michelle Williams Court, United States District Judge


| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |


**Proceedings:   (IN CHAMBERS) ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION FOR TRIAL CONTINUANCE (DKT. 295)**

Before the Court is Defendants Kanye Omari West a/k/a Ye, Getting Out Our Dreams, Inc., Getting Out Our Dreams II, LLC, Yeezy LLC, Yeezy Supply LLC, and Ox Paha Inc. f/k/a Mascotte Holdings, Inc.'s (collectively, "Defendants") *ex parte* application (the "Application") asking the Court to continue the May 4, 2026, trial to at least August 31, 2026.   *See* Dkt. # 295-1 ("*Appl.*").   Plaintiff Artist Revenue Advocates, LLC ("Plaintiff") opposed, *see* Dkt. # 296 ("*Opp'n*"), and Defendants replied, *see* Dkt. # 297 ("*Reply*").   After considering the papers, the Court **DENIES** Defendants' *ex parte* application.

I.      Background

On April 3, 2026, the Court held a final pretrial conference with the parties.   *See* Dkt. # 286.   At the time of that hearing, the trial was set to begin on April 20, 2026.   *See id.*   On April 16, 2026, the Court *sua sponte* continued the trial to May 4, 2026.   *See* Dkt. # 294.

Defendants now ask the Court to continue the trial to "anytime between August 31 and October 5, 2026."   *See Appl.* at 3.   They provide four reasons that the Court should postpone the trial.   *See generally id.*   First, "Defendant Ye is in the midst of a worldwide tour and has a tentative concert planned for dates that actively conflict with this trial, which . . . would involve tens of thousands of persons and would create a large amount of revenue for Defendants."   *See id.* at 5.   Second, Defendants' counsel is moving its offices

---

CV-90 (03/15)                                  Civil Minutes – General                                  Page 1 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06018-MWC-BFM                                Date: April 27, 2026

Title:   Artist Revenue Advocates, LLC v. Kanye Omari West a/k/a Ye *et al.*

beginning on April 30, 2026, and "there is no guarantee that counsel's server and computer systems will be operational during that time." *See id.* Third, "Defendants' lead trial counsel . . . has a prepaid trip" the weekend prior to the trial, and "Defendants' counsel will be irreparably harmed by not being able to attend a reunion of six of his best high school friends" if the Court does not move the trial. *See id.* at 6. Lastly, Defendants' counsel has "obligations in other cases," including a demurrer hearing in a state court matter and several depositions that "need to be scheduled before May 14, 2026 . . . ." *See id.*

Plaintiff opposes Defendants' request. *See generally Opp'n.* Plaintiff notes that it "has worked to prepare this case for trial and, after the Court reset the matter, cleared the new May 4 date and confirmed witness availability within 24 hours." *See id.* at 5. Plaintiff also identifies that the case has been pending since July 2024, making a multi-month continuance especially prejudicial. *See generally id.*

II.     Legal Standard

A.     *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

B.     Modification of Scheduling Order

Federal Rule of Civil Procedure ("Rule") 16 governs any modification to the court's deadlines. Fed. R. Civ. P. 16(b). District courts must enter scheduling orders and deadlines in actions to "limit the time to join other parties, amend the pleadings, complete discovery,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                              Date: April 27, 2026

Title:     Artist Revenue Advocates, LLC v. Kanye Omari West a/k/a Ye *et al.*

and file motions." Fed. R. Civ. P. 16(b)(3).  Once entered by the court, the court's schedule "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  As such, the court's schedule is "the heart of case management." *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3d Cir. 1986).

Under Rule 16(b)(4), the Court's schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  In the Ninth Circuit, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the party seeking the extension could not comply with the schedule despite diligent efforts, modification may be appropriate.  *See id.*  If the party was not diligent, however, the inquiry ends.  *See id*.

III.    Discussion

Even if the Court assumes *arguendo* that *ex parte* consideration of the Application is appropriate, Defendants have not shown that the Court must move the trial date.  As to Defendants' diligence, since the Court moved the April 20 trial date on April 16, Defendants should have already prepared for trial.  A two-week continuance would provide time for greater preparation, not justify an additional four-month delay.

None of Defendants' reasons for moving the trial are persuasive.  The reference to Defendant Ye's concert as both "tentative" but also "involv[ing] tens of thousands of persons" is perplexing.  *See Appl.* at 5.  But even if the Court assumes that this concert exists, the potential for the concert to "create a large amount of revenue for Defendants," *see id.*, does not justify delaying Plaintiff's opportunity to try the case.

Second, though Defendants' counsel contends otherwise, its concerns about moving offices are hypothetical.  Counsel's certainty that its servers will fail suggests a level of technical fragility uncharacteristic of attorneys representing a "global superstar with 75+ Grammy nominations and 24 Grammy Awards . . . ."  *See id.*  To be sure, moving is a hassle, but Defendants' counsel intended to move forward with its other case obligations shortly after moving.  *See id.* at 6.  If Defendants' counsel had confidence that it could participate in those cases despite its move, Defendants' counsel can participate in this one.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-06018-MWC-BFM                          Date: April 27, 2026

Title:    Artist Revenue Advocates, LLC v. Kanye Omari West a/k/a Ye *et al.*


Third, though the Court understands counsel's desire to attend his annual reunion trip, the Court cannot contort its schedule to every attorney's travel plans.  Nor is this trip a one-time life event, like a wedding or funeral, but instead a recurring one.  Plaintiff notes that the trip is to Indio, California.  *See Opp'n* at 6.  Assuming that Defendants' counsel diligently prepared for the April 20 trial date, his trip and the current trial date may not be mutually exclusive.

Lastly, Defendants' counsel's other deadlines have no bearing on this case.  Even if they did, counsel suggests that he must schedule three depositions before a May 14, 2026, discovery cutoff, *see Appl.* at 6, indicating that he has not been diligent in managing competing case deadlines.  The Court cannot alter its schedule because Defendants' counsel overcommitted.

IV.    Conclusion

For these reasons, the Court **DENIES** Defendants' *ex parte* application.  The May 4, 2026, trial will proceed as scheduled.


**IT IS SO ORDERED.**


                                                                      :

                                    **Initials of Preparer**    TJ