

RUSS, AUGUST & KABAT
Irene Y. Lee, State Bar No. 213625
ilee@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
Sarah Wang (*admitted pro hac vice*)
swang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile:    (310) 979-8268

Attorneys for Plaintiff
ARTIST REVENUE ADVOCATES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| ARTIST REVENUE ADVOCATES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KANYE OMARI WEST a/k/a "YE;" GETTING OUT OUR DREAMS, INC. a/k/a G.O.O.D. MUSIC, a California corporation; GETTING OUT OUR DREAMS II, LLC, a Delaware limited liability company; YEEZY LLC, a Delaware limited liability company; YEEZY SUPPLY LLC, a Delaware limited liability company; OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a Delaware corporation; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; KANO COMPUTING LIMITED, a United Kingdom private limited company; ALEXANDER NELSON KLEIN, an | Case No. 2:24-CV-06018-MWC-BFMx<br><br>[Assigned to The Honorable Michelle W. Court, Courtroom 6A]<br><br>**PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S REQUEST FOR DISMISSAL OF CERTAIN DEFENDANTS**<br><br>Trial: May 4, 2026<br>Final Pretrial Conf: April 3, 2026<br><br>Original Complaint Filed:<br>    July 17, 2024 |

RUSS, AUGUST & KABAT

1

individual; ASHDUST LLP, a Delaware limited liability partnership; STEMPLAYER LTD, a United Kingdom private limited company; and DOES 1 through 10,

Defendants.

RUSS, AUGUST & KABAT

PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S REQUEST FOR DISMISSAL OF CERTAIN DEFENDANTS

## I. INTRODUCTION

After careful consideration, Plaintiff moves to voluntarily dismiss its copyright claim against certain Defendants Getting Out Our Dreams, Inc. a/k/a G.O.O.D. Music and, Getting Out Our Dreams II, LLC (the "Composition Defendants") in order to appeal the Court's summary judgment ruling on standing, which stands in direct opposition to Ninth Circuit precedent. For avoidance of confusion, Defendants Kanye Omari West a/k/a "Ye;" Yeezy LLC; Yeezy Supply LLC; and Ox Paha Inc. f/k/a Mascotte Holdings will remain in the case scheduled for a jury trial on May 4, 2026 regarding the sound recording claims. Plaintiff has already filed a motion for reconsideration under Local Rule 7-18. The Court denied that motion. As a result of the Court's rulings, Plaintiff has been stripped of its claims relating to composition and must move forward only on claims related to the sound recording.

Based on review of documents relating to damages, the Composition Defendants benefited from Defendants' infringement of the composition MSD PT2 through, *inter alia*, agreements with UMG and Sony. However, they do not appear to have benefited directly from the infringement of the sound recording in MSD PT2 that is at issue in the upcoming jury trial.

Therefore, in order to appeal the Court's ruling as to the Composition Defendants, Plaintiff respectfully requests the dismissal of the case as against the Composition Defendants only, making the Court's ruling a final, appealable decision with respect to the Composition Defendants. On appeal, the Ninth Circuit will either reverse and remand for trial on the composition claims only, or affirm the Court's summary judgment order which disposes of Plaintiff's claims as to the Composition Defendants.

Plaintiff has met and conferred with Defendants, who take no position on dismissal, but oppose a dismissal that prevents them from being able to seek

3

attorney's fees and costs should they prevail. They also oppose any dismissal that would create an immediately appealable order.

## II.    PROCEDURAL BACKGROUND

Plaintiff filed its complaint on July 17, 2024, accusing Defendants of copyright infringement of Plaintiff's sound recording and composition in its music MSD PT2. Defendants answered and did not deny that they had access to MSD PT2. On February 26, 2026, the Court granted partial summary judgment for Defendants on standing as to the composition copyright, finding that the Artists' prior written transfer of composition rights to ARA was improper without written consent from PEN Music Group under 17 U.S.C. 204(a). The Court's Order eliminated the composition claims, the claims relating to Moon, and the claims relating to the released album version of Hurricane. Only the sound recording claims survived, limiting the damages recoverable to the version of Hurricane played at Listening Party 1 on July 22, 2021.

Plaintiff moved for reconsideration on March 6, 2026, respectfully submitting that the composition ruling was legal error. The Ninth Circuit has squarely held that a third-party infringer may not invoke 17 U.S.C. §204(a)'s writing requirement to defeat standing where the parties to the transfer do not dispute its existence. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010); *DRK Photo v. McGraw-Hill*, 870 F.3d 978, 986 (9th Cir. 2017). The motion was based upon, among other things, the undisputed facts that all stakeholders in the chain of ownership, including PEN Music Group, agree that the transfer occurred, the Artists executed written copyright assignments to transfer their rights to ARA, and the copyright assignment to ARA was the only written document Josh Mease ever signed to transfer his copyright. The Court denied reconsideration on April 1, 2026. The Court held a pretrial conference on April 3, 2026, and trial on the remaining sound recording claims is scheduled for May 4, 2026.

Since the pretrial conference, and after further consideration, Plaintiff has

4

RUSS, AUGUST & KABAT

made the difficult decision of forgoing its claims on the sound recording as to the Composition Defendants only.

## III.     ARGUMENT

### A.     This Court Should Grant Voluntary Dismissal with Prejudice.

Where a defendant has filed its answer or motion for summary judgment to a plaintiff's claims, a plaintiff can dismiss the action only by stipulation or by court order. Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2). Defendants did not agree to a stipulation to dismissal, thereby necessitating this motion to obtain the court's order under Rule 41(a)(2).

A request for voluntary dismissal "should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result." *Westland Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Plaintiff has found no case in which a court in this Circuit declined to grant a voluntary dismissal *with prejudice*. Indeed, the Ninth Circuit has even granted dismissals without prejudice. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002).

This is because a voluntary dismissal with prejudice guarantees that there is a final judgment that eliminates the possibility that Plaintiff will be able to revive its claims (in this case, related to the sound recording) at a later time as against the Composition Defendants. Plaintiff is dismissing its claims against the Composition Defendants for the sole purpose of appealing the Court's decision on standing as to the composition. Plaintiff's request should be granted.

### B.     Plaintiff's Voluntary Dismissal Creates a Final, Appealable Judgment.

The dismissal with prejudice will resolve all remaining claims in this action as against the Composition Defendants. The Court's prior summary judgment order already dismissed Plaintiff's claims relating to the composition. Plaintiff's voluntary dismissal with prejudice will dispose of any remaining claims relating to the sound

RUSS, AUGUST & KABAT

recording. Thus, there will be a final judgment reviewable on appeal under 28 U.S.C. §1291.

The Ninth Circuit has held that it has jurisdiction to review such final judgments where the Plaintiff voluntarily dismisses with prejudice all claims to facilitate appellate review of a prior adverse interlocutory ruling. *Concha v. London*, 62 F.3d 1493, 1507-09 (9th Cir. 1995); *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1131-33 (9th Cir. 2022). In *Trendsettah*, the district court granted Plaintiff's dismissal of the entire case with prejudice following a Rule 60 order vacating a jury verdict and ordering a new trial. The Ninth Circuit held it had jurisdiction to review the final judgment on appeal, and reversed in part on the merits. *Id.* at 1128.

Like in *Trendsettah*, Plaintiff here is voluntarily giving up with prejudice the portion of its claims related to the sound recording as against the Composition Defendants only, so that it may appeal the Court's summary judgment ruling that eliminated Plaintiff's claims on the composition, and avoid the cost to the court, jury, and parties of having to effectively try the case twice as to those parties.

### C. *Microsoft Corp. v. Baker* Does Not Preclude Plaintiff's Approach.

In addition, the Ninth Circuit has expressly dealt with whether *Microsoft v. Baker*, 582 U.S. 23 (2017) would preclude Plaintiff's voluntary dismissal with prejudice for purposes of appeal. It does not. *Baker* is limited to "an attempt to use the voluntary dismissal mechanism to obtain an appeal as of right in order to review an earlier denial of class certification," which is governed by a "carefully calibrated" statutory provision under Fed. R. Civ. P. 23. *Trendsettah*, 31 F.4th at 1131 (quoting *Rodriguez v. Taco Bell Corp.*, 896 F.3d 952, 955 (9th Cir. 2018) (cleaned up)). Because the appeal in *Trendsettah* is "in the non-class action context" and did not "implicate any … statutory restriction that would be adversely affected by permitting voluntary dismissal of claims with prejudice," the Ninth Circuit had jurisdiction over

RUSS, AUGUST & KABAT

6

the appeal. *Trendsettah*, 31 F.4th at 1132. Likewise here, the case is outside the context of *Baker*, and moreover, there is no specific statutory restriction governing review of partial summary judgment on copyright standing. To the contrary, the legal issue on copyright standing following *Jules Jordan* and *DRK* is exactly the type of issue that is appealable and should be heard by the Ninth Circuit.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff proposes the following terms for dismissal:

1.    That Getting Out Our Dreams, Inc. a/k/a Good Music and Getting Out Our Dreams II, LLC be dismissed with prejudice.

2.    That Plaintiff expressly reserves its right to appeal the Court's February 26, 2026 Order granting partial summary judgment on standing as to the composition (and concomitant issues that were not decided as a result), as well as the Court's April 1, 2026 Order denying reconsideration, as to all Defendants, including the Composition Defendants.

3.    That Plaintiff consents to dismissal solely for the purpose of creating a final, judgment as against the Composition Defendants, and which does not constitute an admission that any of Plaintiff's claims lack merit.

4.    That Defendants may submit a proposed form of final judgment within ten (10) days of the Court's order granting this Request.

5.    That each party shall bear its own costs and fees incurred to date.

Plaintiff thereby respectfully requests that the Court grants its Request under Rule 41(a)(2) and enter an order dismissing the Composition Defendants with prejudice on the terms set forth above.

RUSS, AUGUST & KABAT

7

PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S REQUEST FOR DISMISSAL OF CERTAIN DEFENDANTS

DATED: April 30, 2026          RUSS, AUGUST & KABAT

By:   /s/ *Nathan D. Meyer*
        Nathan D. Meyer
        Attorneys for Plaintiff
        Artist Revenue Advocates, LLC

RUSS, AUGUST & KABAT

8

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on April 30, 2026, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/    *Nathan D. Meyer*

RUSS, AUGUST & KABAT

9

**PLAINTIFF ARTIST REVENUE ADVOCATES, LLC'S REQUEST FOR DISMISSAL OF CERTAIN DEFENDANTS**