**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Evan Miller, State Bar No. 336473
EMiller@Martorell-Law.com
Pacific Coast Towers
222 N. Pacific Coast Highway, Suite 1300
El Segundo, CA 90245
Telephone: (323) 840-1200; Facsimile: (323) 840-1300

Attorneys for Defendants Ye f/k/a KANYE OMARI WEST; GETTING OUT OUR DREAMS, INC.; GETTING OUT OUR DREAMS II, LLC; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC.

MARTORELL LAW APC
Litigation & Trial Counsel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ARTIST REVENUE ADVOCATES, LLC,

Plaintiff,

vs.

KANYE OMARI WEST a/k/a "YE;" *et al.*,

Defendants.

Case No.: 2:24-cv-06018 MWC (BFMx)

Hon. Michelle Williams Court

**DEFENDANTS YE f/k/a KANYE OMARI WEST; YEEZY LLC; YEEZY SUPPLY LLC; and OX PAHA INC.'s OBJECTION TO PLAINTIFF'S [PROPOSED] JUDGMENT**

Action Filed: July 17, 2024

Defendants KANYE OMARI WEST a/k/a YE, YEEZY LLC, YEEZY SUPPLY LLC, and OX PAHA INC. f/k/a MASCOTTE HOLDINGS, INC. ("Defendants") respectfully submit this Objection to the [Proposed] Judgment ("Proposed Order," ECF 370-1) of Plaintiff ARTIST REVENUE ADVOCATES, LLC ("Plaintiff").

**OBJECTION 1**

Defendants object to Plaintiff's purported recitation of the pleadings and prior proceedings in this matter. *See* Fed. R. Civ. P. 54(a) ("A judgment should not include recitals of pleadings, a mater's report, or a record of prior proceedings.") The following improper matters should be removed or stricken from Plaintiff's Proposed Judgment:

- the purported recitation of prior pleadings and proceedings in this matter at page 2, lines 2 through 18, of Plaintiff's Proposed Order;
- the purported recitation of prior pleadings and proceedings in this matter concerning defendants GETTING OUT OUR DREAMS, INC. and GETTING OUT OUR DREAMS II, LLC at page 2, footnote 1, lines 21 to 24 of Plaintiff's Proposed Order, ending at "*See* Dkt. 318, 350;"
- the purported recitation of prior pleadings and proceedings in this matter concerning defendants UMG RECORDINGS, INC.; UNIVERSAL MUSIC CORP.; and, UNIVERSAL MUSIC GROUP, INC. at page 2, footnote 1, line 24, ending at "*See* Dkt. 217;" and,
- Plaintiff's recitation of prior pleadings and proceedings, and intentions of future actions in this matter concerning defendants ASHDUST LLP, KANO COMPUTING LIMITED, ALEXANDER NELSON KLEIN, and STEMPLAYER LTD, at page 2, footnote 1, lines 25 to 26 of Plaintiff's Proposed Order, ending at "Dkt. 34, 73, 78."

**OBJECTION 2**

Defendants object to the characterization of damages as "compensatory

damages" because the jury verdict simply asked "What are plaintiff's damages as against" each defendant. *See* ECF 343 (Jury Verdict) at ¶¶ 1.b, 2.b, 3.b, 4.b; ECF 370-1 ¶¶ 6-9. The jury returned a dollar amount against each Defendant without identifying the award as "compensatory damages," "actual damages," "net profits," or any other category of copyright relief. The Court also rejected Defendants' challenge to the general verdict form explaining that there is "no requirement that a jury show each step in its damages calculation." ECF 368 at 14. Plaintiff should not be permitted to add potentially substantive characterizations at the judgment stage.

**OBJECTION 3**

Defendants object to the inclusion of matters not adjudicated by this Court, including those paragraphs concerning: (1) preservation and future adjudication of prejudgment interest; (2) an affirmative entitlement to taxable costs; (3) finality and appealability under 28 U.S.C. § 1291; (4) a specific reservation of Plaintiff's appellate rights; and (5) the timing of future post-judgment motions. *See* ECF 370-1 ¶¶ 10, 12-14; *id.* at 4:19-21.

The prejudgment interest issues have not been determined according to applicable law and Rules. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 ("a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)"); *cf.* ECF 370-1 ¶ 10.

The prevailing party and entitlement to taxable costs have not been determined pursuant to Federal Rules of Civil Procedure rule 54, Local Rule 54-1, or 28 U.S.C. § 1920. *Cf.* ECF 370-1 ¶ 12. Moreover, the Proposed Order ignores the Court's holdings in favor of Defendants and against Plaintiff in the Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("Summary Judgment," ECF No. 232). Any language regarding the determination of the prevailing party and entitlement of costs should be stated neutrally. For example, a statement might include: "Any award of taxable costs shall be determined pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54, 28 U.S.C. § 1920, and other applicable law."



MARTORELL LAW APC
Litigation & Trial Counsel

MARTORELL LAW APC
Litigation & Trial Counsel

Defendants specifically reserved their rights under Federal Rule of Civil Procedure 68 concerning the determination of taxable costs.

The finality and appealability of the Proposed Judgment has not been determined according to 28 U.S.C. § 1291. *Cf.* ECF 370-1 ¶ 13. Indeed, Plaintiff's Proposed Order intimates an intention to file post-judgment motions, which will affect the timeline for appealability and the finality of the Proposed Judgment.

The scope of Plaintiff's appellate rights have not and cannot be determined by this Court. *Cf.* ECF 370-1 ¶ 14. The judgment need not and should not purport to confer, define, expand, or certify Plaintiff's appellate rights. Any language regarding appellate rights should be neutrally stated and refrain from purporting to determine rights available on appeal. For example, a statement might include: "Nothing in this Judgment shall be construed to waive, expand, restrict, determine, or otherwise affect any party's appellate rights, all of which shall be governed by applicable law."

Finally, the Court has not adjudicated the timing of any motions that may be filed under Federal Rules of Civil Procedure rules 50, 52, 59, or 60. *Cf.* ECF 370-1 at 4:19-21. Any post-judgment motion not already filed, should be determined according to the applicable Federal Rules of Civil Procedure.

Thus, the entirety of paragraphs 10 and 12-14, and the paragraph at page 4, lines 19 to 21, should be removed and/or stricken from the Proposed Order.

**OBJECTION 4**

Defendants Object to Defendants' Proposed Order to the extent it fails to incorporate the holdings in the Court's Summary Judgment (ECF No. 232) concerning the musical composition MSD PT2. The Court should add to the following paragraphs to the Proposed Judgment:

- Since there is no writing showing that Plaintiff received the copyrights to the musical composition of MSD PT2, Plaintiff has no ownership of that musical composition and lacks standing to sue.
- Plaintiff failed to prove that Defendant Kanye Omari West a/k/a "Ye"

MARTORELL LAW APC
Litigation & Trial Counsel

infringed Plaintiff's copyright in the MSD PT2 musical composition.

- Plaintiff failed to prove that Defendant Yeezy LLC infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant Yeezy Supply LLC infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant Ox Paha Inc. f/k/a Mascotte Holdings, Inc. infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant Getting Out Our Dreams, Inc. a/k/a G.O.O.D Music infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant Getting Out Our Dreams IIC, LLC infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant UMG Recordings, Inc. infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant Universal Music Corp. infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant Universal Music Group, Inc. infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant Kano Computing Limited infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant Alexander Nelson Klein infringed Plaintiff's copyright in the MSD PT2 musical composition.
- Plaintiff failed to prove that Defendant StemPlayer LTD infringed Plaintiff's copyright in the MSD PT2 musical composition.

**OBJECTION 5**

Defendants object to the entry of Plaintiff's Proposed Judgment, and any judgment, at this time because the Court has not yet entered an order dismissing

MARTORELL LAW APC
Litigation & Trial Counsel

defendants ALEXANDER NELSON KLEIN, ASHDUST LLP, STEMPLAYER LTD, KANO COMPUTING LIMITED, and DOES 1 through 10. "When an action presents more than one claim for relief. . . or where multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). The Court has not expressly determined that there is no just reason for delay as required by Federal Rule of Procedure 54.

**OBJECTION 6**

Defendants object to the inclusion of the phrase, "This Judgment resolves Plaintiff's claims related solely to the sound recording against defendants Kanye Omari West a/k/a "Ye," Yeezy LLC, Yeezy Supply LLC, and Ox Paha Inc. f/k/a Mascotte Holdings, Inc. No other claims remain pending in this action other than those reserved for appeal as described above," because the Court has not yet entered an order dismissing defendants ALEXANDER NELSON KLEIN, ASHDUST LLP, STEMPLAYER LTD, KANO COMPUTING LIMITED, and DOES 1 through 10. *See* ECF 370-1 at 2, n.1; Fed. R. Civ. P. 54(b).

Dated: August 19, 2026

**MARTORELL LAW APC**

By: /s/ Christopher A. Rosario
Eduardo Martorell
Christopher A. Rosario
Evan Miller
*Attorneys for Defendants*
Defendants Ye f/k/a Kanye Omari West; Getting Out Our Dreams, Inc.; Getting Out Our Dreams II, LLC; Yeezy LLC; Yeezy Supply LLC; Ox Paha Inc.